**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| RANDALL KING, SCOTT BUTTERFIELD, ROBERT KOEHLER, MICHAEL MERX, AND BRUCE WALDMAN, *on behalf of themselves and others similarly situated*,<br><br>**Plaintiffs,**<br><br>**v.**<br><br>MONSANTO COMPANY,<br><br>**Defendant.** | Case No. 4:26-cv-813<br><br>**JURY TRIAL DEMANDED** |

**OBJECTOR DEFENDANTS' NOTICE OF REMOVAL**

Pursuant to 28 U.S.C. §§ 1332(d), 1441, 1446, and 1453, objectors to the proposed class settlement ("Objector Defendants"),[1] remove this action from the Circuit Court of the City of St. Louis, Missouri to the United States District Court for the Eastern District of Missouri. Objector Defendants provide the following grounds for removal. *See* 28 U.S.C. § 1446(a).

**INTRODUCTION**

1. There is no question that there is federal jurisdiction over this case. This is a putative nationwide class action where it is undisputed that there is minimal diversity and well over $5,000,000 in controversy. Under 28 U.S.C. § 1332(d), this case could (and should) have been originally filed in federal court. Objector Defendants here are properly realigned as the true defendants—because they are the only ones who *oppose* the relief that the other parties—the

---

[1] The Objector Defendants are: Craig Boylan, David Childress, Zavier Estrada, Lori Ann Fain, Donna Mason, Frederick O'Neill, Edward Rankin, William Robbins, William Szabo, and Patricia Veal.

named Plaintiffs and Monsanto—jointly *want*. So Objector Defendants now exercise their right to remove.

2.      In an ordinary lawsuit, the parties come to court adverse to each other. Indeed, adversity is hardwired into the "case" or "controversy" requirements of Article III. A plaintiff requests relief through a judgment against a defendant. A defendant opposes that relief. Adversity is the whole point. Not here. The Named Plaintiffs and Monsanto (the "Settling Parties") walked into court arm in arm, asking for *precisely* the same thing: judicial approval of a deal that *both* sides want. Indeed, in a turn of litigation events one does not see every day, the Named Plaintiffs and Monsanto are filing *joint briefs together*, precisely because they are in effect parties to a joint-prosecution arrangement and are joined on the same side of the "v." *See* **Ex. 1**, *In re Roundup Prods. Liability Litig.*, No. 3:16-md-02741-VC, Dkt. 21985 at 1 n.1 (N.D. Cal. Apr. 21, 2026) ("this brief is submitted jointly on behalf of Monsanto and Class Counsel"). The only ones opposing the deal are the Objector Defendants.

3.      And no wonder. This class action was filed not to litigate active claims, but to launder a liability-management scheme through the courts. The Settling Parties ask the Court to bless what the district-court judge presiding over the related MDL described as "problematic," "bizarre," "inappropriate," "difficult," riddled with "major problems," "mind boggling," and indeed "filthy."[2] That bargain is engineered to wipe away Monsanto's Roundup exposure for pennies on the dollar, extinguish Objector Defendants' rights, and fence injured claimants (and future claimants) into a regime designed to block them from exercising the opt-out rights that are supposed to protect against this kind of abuse.

---

[2] **Ex. 2**, Transcript of Remote Zoom Videoconference Proceedings at 31:20-32:15, *In re Roundup Products Liability Litigation*, No. 16-MD-02741-VC (N.D. Cal. Apr. 30, 2026) ("Chhabria Transcript").

4. The interests of Monsanto and the Named Plaintiffs are *entirely* aligned. Together, the Settling Parties finalized the 690-page Proposed Settlement agreement before the class petition was even filed. Class counsel admitted in open court that they colluded with Monsanto to set up a prearranged private meeting (not a public hearing) with the Missouri trial court to "file the agreement."[3] The meeting lasted thirty minutes and the Settling Parties arranged for it to occur *off the record*.[4] Just two weeks later, the Missouri trial court gave the Named Plaintiffs, Class Counsel, and Monsanto precisely what they *all* asked for when it preliminarily approved the settlement.

5. This massive, nationwide class action was preliminarily approved in half the time it typically takes a true defendant to even answer a complaint. That is only possible due to the utter lack of adversity between Monsanto and the Named Plaintiffs: there is no "collision of interests" between the Settling Parties on the "primary and controlling matter in dispute." *City of Indianapolis v. Chase Nat. Bank of City of New York*, 314 U.S. 63, 69 (1941). The Named Plaintiffs and Monsanto are, and always have been, perfectly aligned on the *only* judicial relief the class petition seeks: approval of the proposed settlement. They are "colloquially speaking, partners in litigation." *Id.* at 74.

6. The only parties who oppose the relief the Settling Parties seek are the Objector Defendants. Each developed Non-Hodgkin Lymphoma after using Roundup for years. And each has a right to pursue their claims against Monsanto in court. But the Proposed Settlement, if approved, will bind them to unconscionably low compensation for their injuries unless they (and

[3] *Id.* at 29:5-32-33:12.
[4] *Id.* at 31:22-32:15 ("I'm not pushing back on any suggestions by you about how this was done. It was not transcribed, as far as I know, and nobody knew about it. Having said that -- THE COURT: In other words, it was filthy.").

thousands of similarly situated Roundup victims) successfully navigate the outrageous opt-out procedures the Settling Parties have asked the Missouri trial court to bless.

7.    Consistent with its "duty . . . to look beyond the pleadings and arrange the parties according to their sides in the dispute," *City of Indianapolis,* 314 U.S. at 69 (cleaned up), the Court must realign Objector Defendants as true defendants. After all, they're the *only* parties who oppose approval of the proposed settlement, which is the *only* relief the other parties to this case jointly seek. If the Objector Defendants aren't defendants, then this case is the Named Plaintiffs and Monsanto versus nobody.

8.    As defendants, Objector Defendants have a statutory right to remove under 28 U.S.C. §§ 1441(a) and 1453(b). They timely exercised that right, having received the initial pleadings less than 30 days ago.

9.    And this case is unquestionably removable. Even without realignment, there is federal jurisdiction under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d).  In other words, there is no question that this case *could have* been filed in federal court in the first instance. The only reason this case was not in federal court to begin with is that the Settling Parties believed their perverse and collusive deal would be dead on arrival under Rule 23. *See Amchem Prods., Inc. v. Windsor*, 521 U.S. 591 (1997).

### BACKGROUND

10.    For more than a decade, thousands of Roundup users have sued Monsanto for causing their cancer. Courts across the country have awarded some of those plaintiffs billions of dollars in damages. Tens of thousands of plaintiffs have filed their cases and await their day in court. And many more Roundup users will learn that they have cancer or will develop cancer in the years to come.

11.     The Settling Parties' Proposed Settlement attempts to sweep in all those injured victims (and future victims), forcing them into a deal that extinguishes their claims in exchange for pennies on the dollar. Monsanto, for its part, will pay $7 billion to relieve itself of tens of billions in liability. A nice deal for a corporation that has been hit with multiple billion-dollar verdicts in *single-plaintiff* trials and which set aside more than *$15 billion* for Roundup liability five years ago.[5] And Class Counsel will (if they have their way) collect $675 million in attorneys' fees for their role in secretly ushering a collusive deal that is *designed* to trample on the rights of victims whose interests they purport to serve. *See* **Ex. 3** (Fee Petition).

12.     The Settling Parties hashed out that "filthy" deal in private and before this case was even filed. While Monsanto and Class Counsel were drafting the agreement, they informed the Missouri trial court of their intent to file it and to immediately seek preliminary approval. **Ex. 2** (Chhabria Transcript) at 29:5-33:12. The Named Plaintiffs filed the Class Action Petition (naming Monsanto as the putative defendant) on February 17, 2026. *See* **Ex. 4** (Class Action Petition). At literally the same time, they also filed an *unopposed* motion for preliminary approval of the proposed settlement. **Ex. 5** (Unopposed Motion for Entry of the Preliminary Approval Order); **Ex. 6** (Proposed Class Action Settlement Agreement).

13.     Immediately after filing, Class Counsel, Monsanto, and the Missouri trial court judge held a pre-arranged meeting without providing notice to a single interested party. As Judge Chhabria noted, "[i]t was a private meeting . . . between Bayer's counsel and the plaintiffs' counsel and the Judge to . . . tee this up really quickly." **Ex. 2** (Chhabria Transcript) at 33:6-9. Class Counsel and Monsanto "went in to file the agreement" and the trial court "asked a couple questions," which

---

[5] *See* Wall Street Journal, *Bayer Plans for Roundup Litigation Claims Rising by $4.5 Billion* (July 29, 2021), available at https://www.wsj.com/us-news/law/bayer-plans-for-roundup-litigation-claims-rising-by-4-5-billion-11627579574.

Class Counsel and Monsanto "answered . . . and then moved on." *Id.* at 33:10-12. "The whole thing was 30 minutes." *Id.* at 33:12. "Nobody was aware that this was happening." *Id.* at 31:22-25. And there was no transcript created. *Id.* at 28:15-24 (" Q. Was [the hearing] transcribed? A. I don't -- I don't know. I don't know. I don't -- I don't know. I really just don't know the answer to that. A. Okay. A. I don't think so. I haven't seen the transcript from that day."). *Id.* at 28:15-24. Even for a "settlement of this magnitude," everything was done in less than an hour and entirely off-the-record. *Id.* at 33:10-14.

14.     Just fifteen days later, the trial court granted preliminary approval of the 690-page settlement agreement. **Ex. 7** (Preliminary Approval Order).

15.     The Settlement Agreement is "mind boggling." **Ex. 2** (Chhabria Transcript) at 15:4-13. It sweeps into the class anyone who developed (or later develops) cancer from Roundup products. That includes plaintiffs in active litigation throughout the country, people with a cancer diagnosis who have not yet discovered that it was caused by Roundup, those who have cancer but have not yet been diagnosed, and even those who have not yet developed cancer.

16.     And the settlement imposes unconscionable hurdles to limit or extinguish class members' opt-out rights.[6] Anyone who does not opt out by June 4, 2026, is bound by the settlement. *See* **Ex. 7** (Preliminary Approval Order) at ¶ 60. Incredibly, that includes "class members" who do not yet know that they have cancer, and those who do not even *have* cancer yet.

17.     Objector Defendants developed Non-Hodgkin lymphoma after using Roundup for years.[7] Under the Proposed Settlement Agreement, each would be a class member bound by Settling Parties' deal.

---

[6] *See* **Ex. 8** (Objections).
[7] **Ex. 9** (Boylan Affidavit) ¶ 5; **Ex. 10** (Childress Affidavit) ¶ 5; **Ex. 11** (Estrada Affidavit) ¶ 5; **Ex. 12** (Fain Affidavit) ¶ 5; **Ex. 13** (Mason Affidavit) ¶ 5; **Ex. 14** (O'Neill Affidavit) ¶ 5; **Ex. 15**

18.    Objector Defendants received copies of the Class Action Petition and Proposed Settlement on or after May 12, 2026.[8] They were never formally served.

19.    Objector Defendants filed their objections in the Missouri trial court on May 22, 2026. **Ex. 8** (Objections).

20.    Objector Defendants timely removed on May 22, 2026, ten days after receiving copies of the initial pleading. *See* **Ex. 8** (Objections).

**BASIS FOR REMOVAL – CAFA JURISDICTION**

21.    This Court has original jurisdiction of this case under CAFA, 28 U.S.C. § 1332(d). "Under CAFA, federal courts have jurisdiction over class actions in which the amount in controversy exceeds $5,000,000 in the aggregate; there is minimal (as opposed to complete) diversity among the parties . . . and there are at least 100 members in the class." *Westerfeld Indep. Processing, LLC,* 621 F.3d 819, 822 (8th Cir. 2010) (citing 28 U.S.C. § 1332(d)).

22.    The Settling Parties seek approval of a more than $7 billion settlement. **Ex. 6** (Proposed Settlement) § 4.1; *see* 28 U.S.C. §§ 1332(d)(2) ($5,000,000 amount-in-controversy requirement); 1332(d)(6) (aggregating claims for amount-in-controversy purposes). The proposed class includes "tens of thousands of members." **Ex. 4** (Class Action Petition) at ¶ 172; *See* 28 U.S.C. § 1332(d)(5)(2) (100 class-member minimum). And there is minimal diversity because at

---

(Rankin Affidavit) ¶ 5; **Ex. 16** (Robbins Affidavit) ¶ 5; **Ex. 17** (Szabo Affidavit) ¶ 5; **Ex. 18** (Veal Affidavit) ¶ 5.

[8] *See* **Ex. 9** (Boylan Affidavit) at ¶ 2 (received notice on May 12, 2026); **Ex. 10** (Childress Affidavit) at ¶ 2 (received notice on May 12, 2026); **Ex. 11** (Estrada Affidavit) at ¶ 2 (received notice on May 13, 2026); **Ex. 12** (Fain Affidavit) at ¶ 2 (received notice on May 14, 2026); **Ex. 13** (Mason Affidavit) at ¶ 2 (received notice on May 12, 2026); **Ex. 14** (O'Neill Affidavit) at ¶ 2 (received notice on May 13, 2026); **Ex. 15** (Rankin Affidavit) at ¶ 2 (received notice on May 12, 2026); **Ex. 16** (Robbins Affidavit) at ¶ 2 (received notice on May 12, 2026); **Ex. 17** (Szabo Affidavit) at ¶ 2 (received notice on May 12, 2026); **Ex. 18** (Veal Affidavit) at ¶ 2 (received notice on May 12, 2026).

least one of Objector Defendants is a citizen of a state different from Monsanto (a Delaware and Missouri citizen) and Named Plaintiffs. **Ex. 4** (Class Action Petition) at ¶¶ 11 (Florida Named Plaintiff), 12 (California Named Plaintiff), 13 (Florida Named Plaintiff), 14 (Missouri Named Plaintiff), 15 (Missouri Named Plaintiff), 17 (Monsanto is a Delaware company with its headquarters and principal place of business is in Missouri); **Ex. 9** (Boylan Affidavit) at ¶ 1.b (Iowa resident); **Ex. 10** (Childress Affidavit) at ¶ 1.b (Indiana resident); **Ex. 11** (Estrada Affidavit) at ¶ 1.b (Washington resident); **Ex. 12** (Fain Affidavit) at ¶ 1.b (Indiana resident); **Ex. 13** (Mason Affidavit) at ¶ 1.b (Massachusetts resident); **Ex. 14** (O'Neill Affidavit) at ¶ 1.b (Vermont resident); **Ex. 15** (Rankin Affidavit) at ¶ 1.b (Wisconsin resident); **Ex. 16** (Robbins Affidavit) at ¶ 1.b (Massachusetts resident); **Ex. 17** (Szabo Affidavit) at ¶ 1.b (New Hampshire resident); **Ex. 18** (Veal Affidavit) at ¶ 1.b (Georgia resident).

<div align="center">

**REALIGNMENT OF THE PARTIES**

</div>

23.     The Class Petition identifies the Named Plaintiffs as the putative plaintiffs and Monsanto as the putative defendant. But the Named Plaintiffs' and Monsanto's interests are *perfectly* aligned. The Class Petition was filed for a singular purpose: to obtain approval of Proposed Settlement. On information and belief, Monsanto was as much a master of the Class Petition as the Named Plaintiffs, and played a substantial role in drafting it and approving its contents. If a plaintiff is supposed to be the master of the complaint, *Winfrey v. City of Forrest City, Arkansas*, 882 F.3d 757, 758 (8th Cir. 2018), Monsanto is every bit as much a plaintiff as the Named Plaintiffs. Both Monsanto and the Named Plaintiffs seek approval of the settlement they agreed upon before they came into court. The only parties who oppose approval of the settlement are the Objector Defendants. Objector Defendants are therefore properly situated as defendants.

24.     Federal courts are not bound by the nominal designations of the parties in the pleadings. Indeed, they have a "duty . . . to look beyond the pleadings and arrange the parties

according to their sides in the dispute." *City of Indianapolis,* 314 U.S. at 69 (cleaned up). If there is no "collision of interest[s]" between the plaintiff and a nominal defendant on the "primary and controlling matter in dispute," then courts must realign the parties such that the case caption matches the parties' *actual* interests. *Id.* at 74.

25.     Here, the *only* question in dispute is whether the proposed settlement should be approved. Both Monsanto and the Named Plaintiffs argue that the Court should answer "yes" to that question. They "are, colloquially speaking, [acting as] partners in litigation." *Id.*  Indeed they are *literally* acting as partners in litigation.  In defending the settlement before the MDL court, they submitted one brief "jointly on behalf of Monsanto and class counsel" who supposedly represent interests directly opposed to Monsanto's. *See* **Ex. 1**. This chicanery was done for obvious reasons. The Named Plaintiffs[9] (and their Class Counsel[10]) and Monsanto[11] stand to benefit immensely from the Proposed Settlement—Class Counsel to the tune of hundreds of millions of dollars, Monsanto to the tune of billions.

26.     The Objector Defendants, on the other hand, oppose the relief sought in the Class Petition. The Proposed Settlement is specifically designed to resolve, limit, and extinguish their claims against Monsanto. If approved, it would bind Objectors (and many thousands of other Monsanto victims) to unconscionable release provisions, covenants not to sue, and opt-out requirements. *See* **Ex. 8** (Objections).

27.     The only "collision of interests" in this case is between the Settling Parties and the Objector Defendants. "What [the Named Plaintiffs] want[] [Monsanto] wants and [Objector

---

[9] *See* **Ex. 3** (Fee Petition) at 17 (seeking service awards "in amounts of $10,000 or greater" to each of the Named Plaintiffs).
[10] *Id.* at 3 (seeking $675,000,000 in attorneys' fees for Class Counsel).
[11] Under the Proposed Settlement, Monsanto will pay $7 billion to resolve tens of billions worth of liability.

Defendants] do[] not want." *City of Indianapolis,* 314 U.S. at 74. Because this action seeks to bind the Removing Parties, adjudicate their rights, and extinguish their claims without their participation as named parties, they are properly characterized as defendants here.

## PROCEDURAL REQUIREMENTS FOR REMOVAL

28.     Because Objector Defendants are in fact the defendants here, they have a statutory right to remove. *See* 28 U.S.C. §§ 1453(b) (class actions may be removed "in accordance with section 1446," except that Section 1446's one-year bar and unanimous consent requirement do not apply); 28 U.S.C. § 1446(a) (allowing defendants to remove).

29.     This Notice of Removal is timely under 28 U.S.C. §§ 1446(b)(1) because it is "filed within 30 days after the receipt by [the Objectors] . . . of a copy of the initial pleading." *See supra,* n.8 (identifying dates each Objector received copies of the class petition and proposed settlement).

30.     Pursuant to 28 U.S.C. § 1446(a), true and correct copies of all process, pleadings, and orders served in the state court action are being filed with this Notice of Removal.

31.     The written notice required by 28 U.S.C. § 1446(d) will be promptly filed in the Circuit Court of the City of St. Louis, Missouri and promptly served on all adverse parties.

## CONCLUSION

For these reasons, Objectors remove this lawsuit to this Court pursuant to 28 U.S.C. §§ 1332(d), 1441, 1446, and 1453.

Dated: May 22, 2026                                    Respectfully submitted,

                                                       */s/ R. Prescott Sifton, Jr.*
                                                       R. Prescott Sifton, Jr., #50550
                                                       **FRAZER PLC**
                                                       30 Burton Hills Blvd., Ste. 450
                                                       Nashville, TN 37215
                                                       Ph: (615)647-6464
                                                       scott@frazer.law

10

Ashley Keller (*Pro hac vice forthcoming*)
**KELLER POSTMAN LLC**
150 N. Riverside Plaza, Suite 4100
Chicago, Illinois 60606
Ph: 312-741-5220
ack@kellerpostman.com

*Counsel for Objector Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on May 22, 2026, I caused a true and complete copy of the foregoing to be electronically filed via the Court's ECF system, which will cause a copy to be served upon all counsel of record.

/s/ R. Prescott Sifton, Jr.
R. Prescott Sifton, Jr.