# **Exhibit 7**

**IN THE CIRCUIT COURT OF THE CITY OF ST. LOUIS
STATE OF MISSOURI**

FILED

MAR 04 2026

22ND JUDICIAL CIRCUIT
CIRCUIT CLERK'S OFFICE
BY _____ DEPUTY

RANDALL KING, SCOTT
BUTTERFIELD, ROBERT KOEHLER,
MICHAEL MERX AND BRUCE
WALDMAN, individually, and on behalf of
all others similarly situated,

      Plaintiffs,

v.

MONSANTO COMPANY,

      Defendant.

)
)
)
)
)
)
)
)
)
)
)
)
)
)

Case No. 2622-CC00325

Div. 8

**PRELIMINARY APPROVAL ORDER**

Before the Court is a motion by Plaintiffs for an order preliminarily approving the Settlement Agreement.

WHEREAS, a proposed Settlement Agreement has been reached by and among defendant Monsanto Company ("Defendant"), by and through its attorneys, and the Class Representatives and Subclass Representatives, by and through Class Counsel and Subclass Counsel, individually and on behalf of a defined proposed Settlement Class and Subclasses;

WHEREAS, the Court, for the purposes of this Preliminary Approval Order, adopts all defined terms as set forth in the Settlement Agreement, which is attached as Exhibit 1 to the Preliminary Approval Motion, filed on February 17, 2026;

WHEREAS, this matter has come before the Court pursuant to the Preliminary Approval Motion;

ENTERED

MAR 04 2026

PAC

WHEREAS, the Defendant does not oppose the Court's entry of this Preliminary Approval Order;

WHEREAS, the Court has considered all of the presentations and submissions related to the Preliminary Approval Motion and, having presided over and managed the proceedings in hundreds of lawsuits alleging injuries caused by exposure to Defendant's glyphosate over the past decade, is familiar with the facts, contentions, claims, and defenses as they have developed in these proceedings, and is otherwise fully advised of all relevant facts in connection therewith;

**IT IS HEREBY ORDERED AS FOLLOWS:**

## I.    PRELIMINARY APPROVAL OF SETTLEMENT AGREEMENT

1.    The Court finds that it has jurisdiction over the action and each of the Parties for purposes of settlement.

2.    The Court finds that the requirements of Missouri Rules 52.08(a), 52.08(b)(3), and 52.08(e) have been satisfied for purposes of preliminary approval of the Settlement Agreement, such that notice of the Settlement Agreement should be directed to Settlement Class Members and a Fairness Hearing should be set.

3.    The Settlement Agreement, including all Exhibits attached thereto, are preliminarily approved by the Court.

## II.    FINDINGS REGARDING THE SETTLEMENT CLASS AND SUBCLASSES

### A.    *Preliminary Class Certification*

4.    Under Rule 52.08(e), in order to direct notice, the Court must find that it is likely to be able to certify the class for purposes of judgment on the proposed Settlement Agreement. To do so, the Court must find it likely that the Settlement Class and Subclasses meet the numerosity,

commonality, typicality, and adequacy requirements of Rule 52.08(a), the predominance and superiority requirements of Rule 52.08(b)(3), and are ascertainable.

5.    The Settlement Class consists of, only for purposes of the Settlement: those U.S. Persons who, prior to the Settlement Date, have been Exposed to one or more Roundup Products and who: (i) Applied any Roundup Products; (ii) purchased or paid for any Roundup Products or for the Application of any Roundup Products; (iii) participated in, directed, or saw the Application of any Roundup Products; or (iv) otherwise had reason to know of their Exposure. The Settlement Class also includes Derivative Claimants of the foregoing individuals. "Exposed" and "Exposure" mean contact with, inhalation of, ingestion of, or absorption of any Roundup Products in connection with the Application of any Roundup Product. For the avoidance of doubt, Exposure to Roundup Products requires exposure to the product itself and not only to the outside of its packaging. "Application" and "Applied" mean application, preparation, mixing, Handling or use, or any other steps associated with application, whether or not the Settlement Class Member performed the application, preparation, Handling, mixing, use, or other steps associated with application himself or herself.

6.    The following Persons are excluded from the Settlement Class:

a.    judicial officers and associated court staff assigned to this Lawsuit, and their immediate family members;

b.    past and present (as of the Settlement Date) officers, directors, and employees of the Defendant or any of its direct or indirect subsidiaries;

c.    any Person who, prior to the Settlement Date, received consideration in exchange for a release of any Roundup Claims, or received a judgment on

a Claim relating to a Roundup Product or a Roundup Claim, even if the judgment is on appeal;

d. any Person who, as of the Settlement Date, has a claim pending in *In re Roundup Products Liability Litigation*, MDL No. 2741 (N.D. Cal.), provided, however, that any Person within this Paragraph 6(d) who would otherwise be a Settlement Class Member will be included in the Settlement Class upon (1) request and (2) dismissal of their pending claim in such MDL;

e. any Person whose Roundup Claims have been dismissed with prejudice as of the Settlement Date, unless such dismissal is subject to appeal, in which case such Person shall be included in the Settlement Class;

f. any Person who would be a Settlement Class Member solely because they saw the Application of a Roundup Product but, by the Settlement Date, neither they nor any of their Representative Claimants had reason to suspect that the Roundup Product in question was an herbicide; and

g. all those Persons otherwise in the Settlement Class who timely and properly exclude themselves from the Settlement Class in the manner approved by the Court and set forth in the Settlement Class Notice.

7. The Settlement Class consists of two Subclasses.

a. "Subclass 1" means Settlement Class Members who have been diagnosed with NHL as of the Preliminary Approval Date, and their Derivative Claimants.

-4-

b.    "Subclass 2" means Settlement Class Members who have not been diagnosed with NHL as of the Preliminary Approval Date, and their Derivative Claimants.

8.    The Parties have provided sufficient information—including in the Preliminary Approval Motion, and related submissions and presentations—to preliminarily evaluate the prerequisites of Rule 52.08(a) and Rule 52.08(b)(3). The Court will likely be able to find that, for settlement purposes:  (a) the Settlement Class Members are so numerous that their joinder is impracticable;  (b) there are questions of law and fact common to the Settlement Class and Subclasses; (c) the claims of the Class Representatives and Subclass Representatives are typical of the Settlement Class Members and the respective members of the Subclasses; (d) the Class Representatives and Subclass Representatives and Class Counsel and Subclass Counsel have fairly and adequately represented and protected the interests of all Settlement Class Members; (e) the questions of law or fact common to the Settlement Class and Subclasses predominate over any questions affecting only individual Settlement Class Members, and a class action is superior to other available methods for the fair and efficient resolution of the controversy; and (f) the Settlement Class and Subclasses are ascertainable.

9.    Based on the foregoing, the Court preliminarily certifies the Settlement Class and Subclasses for purposes of judgment on the proposed Settlement Agreement. The Court finds that it will likely be able to certify the Settlement Class and Subclasses, under Rules 52.08(a) and 52.08(b)(3), for purposes of judgment on the proposed Settlement Agreement.

**B.    *Representatives and Counsel***

10.    The following Class Representatives are preliminarily appointed:  Randall King, Scott Butterfield, Robert Koehler, Michael Merx and Bruce Waldman.

-5-

11.     The following Subclass Representatives are preliminarily appointed for each of the Settlement Subclasses:

a.      Subclass 1: Randall King, Scott Butterfield and Bruce Waldman; and

b.      Subclass 2: Robert Koehler and Michael Merx.

12.     Christopher A. Seeger of Seeger Weiss LLP, Joseph F. Rice of Motley Rice LLC, Peter A. Kraus of Waters Kraus Paul & Siegel, John Eddie Williams Jr. of Williams Hart & Boundas, LLP, Eric D. Holland of the Holland Law Firm, and Michael S. Ketchmark of Ketchmark & McCreight, P.C. are preliminarily appointed as Class Counsel under Rule 52.08(g)(3).

13.     Christopher A. Seeger of Seeger Weiss LLP, Joseph F. Rice of Motley Rice LLC, Peter A. Kraus of Waters Kraus Paul & Siegel, and John Eddie Williams Jr. of Williams Hart & Boundas, LLP are preliminarily appointed as Subclass Counsel for Subclass 1, and Eric D. Holland of the Holland Law Firm and Michael S. Ketchmark of Ketchmark & McCreight, P.C. are preliminarily appointed as Subclass Counsel for Subclass 2 under Rule 52.08(g)(3). Among such counsel, Christopher A. Seeger of Seeger Weiss LLP is preliminarily appointed as Lead Counsel for Subclass 1 and Eric D. Holland of the Holland Law Firm is preliminarily appointed as Lead Counsel for Subclass 2.

## III.   FINDINGS REGARDING THE SETTLEMENT AGREEMENT

14.     Under Rule 52.08(e), in order to direct notice, the Court must find that it is likely to be able to approve the proposed Settlement Agreement as fair, reasonable, and adequate. Rule 52.08(e)(2) sets forth factors that the Court must consider in reaching the determination that a settlement is fair, reasonable, and adequate including whether: "(A) the class representatives and class counsel have adequately represented the class; (B) the proposal was negotiated at arm's length; (C) the relief provided for the class is adequate, taking into account: (i) the costs, risks,

and delay of trial and appeal; (ii) the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims; (iii) the terms of any proposed award of attorney fees, including timing of payment; and (iv) any agreement required to be identified under Rule 52.08(e)(3); and (D) the proposal treats class members equitably relative to each other."

15.    Missouri public policy strongly favors settlement, *see State ex rel. Byrd* v. *Chadwick*, 956 S.W.2d 369, 377 (Mo. App. W.D. 1997) (the "use of temporary settlement classes is beneficial and has salutary effects on the resolution of class action litigation"), *Woodson* v. *Bank of Am., N.A.*, 602 S.W.3d 316, 323 (Mo. App. E.D. 2020) ("Missouri public policy favors settlement."), especially "in class actions and other complex cases where substantial judicial resources can be conserved by avoiding formal litigation," *Cohn* v. *Nelson*, 375 F. Supp. 2d 844, 852 (E.D. Mo. 2005) (citation omitted).

16.    The Court's review is focused on ensuring "that the agreement is not the product of fraud or collusion and that, taken as a whole, it is fair, adequate, and reasonable to all concerned." *Marshall* v. *Nat'l Football League*, 787 F.3d 502, 509 (8th Cir. 2015) (quoting *In re Wireless Tel. Fed. Cost Recovery Fees Litig.*, 396 F.3d 922, 934 (8th Cir. 2005)). In considering a motion for preliminary approval, the Court puts emphasis on whether "the settlement is within the range of possible approval due to an absence of any glaring substantive or procedural deficiencies." *Skinner* v. *Hunt Mil. Cmtys. Mgmt. LLC*, No. SA-22-CV-00799-JKP, 2023 WL 6532670, at *2 (W.D. Tex. Jan. 23, 2023) (citation omitted); *see also In re CenturyLink Sales Pracs. & Sec. Litig.*, No. CV 18-296 (MJD/KMM), 2021 WL 3080960, at *5 (D. Minn. July 21, 2021).

17.    The Parties have provided sufficient information—including in the Preliminary Approval Motion, and related submissions and presentations—to allow the Court to preliminarily

-7-

evaluate the Rule 52.08(e) factors here. Based on this showing, the Court finds that it will likely be able to conclude that the proposed Settlement Agreement is the product of intensive, thorough, serious, informed, and non-collusive negotiations overseen by experienced mediator Fouad Kurdi; has no obvious deficiencies; does not improperly grant preferential treatment to the Class Representatives, Subclass Representatives, or segments of the Settlement Class; and is fair, reasonable, and adequate. Accordingly, the Court has taken the Rule 52.08(e)(2) factors and applicable precedent into account in finding that it will likely be able to approve the proposed Settlement Agreement as fair, reasonable, and adequate.

18.    The Court finds that it will likely be able to approve, under Rule 52.08(e)(2), the proposed Settlement Agreement.

## IV.    NOTICE TO SETTLEMENT CLASS MEMBERS

19.    Adequate notice requires the "best practicable" notice be provided, which must be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Phillips Petrol. Co.* v. *Shutts*, 472 U.S. 797, 812 (1985) (quoting *Mullane* v. *Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306, 314–15 (1950)). The notice must also "describe the action and the plaintiffs' rights in it." *Id.*

20.    The Settlement Class Notice set forth in Exhibit E to the Settlement Agreement plainly communicates the rights of Settlement Class Members under the proposed Settlement in language designed to be "understood by the average absentee class member." *State ex rel. Byrd*, 956 S.W.2d at 385 (citation omitted). The Settlement Class Notice Plan set forth in the Preliminary Approval Motion and the Declaration of Dr. Shannon Wheatman ("Wheatman Decl."), attached as Exhibit 5 to the Preliminary Approval Motion, was based on extensive demographic research and is tailored to Settlement Class Members. Wheatman Decl. ¶¶ 18–23, 30, 45–47. It includes direct

-8-

individual notice to Settlement Class Members with tolled or filed Roundup Claims, customers of the Company, and members and employees of more than 240,000 organizations who may be potential Settlement Class Members. *Id.* ¶¶ 52–54. In addition, the Settlement Class Notice Plan includes an expansive multi-lingual publication campaign, *id.* ¶¶ 47, 59–114, and extensive third-party and on-the-ground outreach, *id.* ¶¶ 55–57, 116–25.

21. Accordingly, under Rule 52.08(c)(2), the Court finds that the Settlement Class Notice and the Settlement Class Notice Plan: (a) is the best notice that is practicable under the circumstances; (b) is reasonably calculated under the circumstances to apprise Settlement Class Members of (i) the nature of the action, (ii) the Settlement Class definition, (iii) the class claims, issues, and defenses, (iv) their right to enter an appearance through an attorney at the Fairness Hearing, (v) their right to Opt Out or object to any aspect of the Settlement Agreement, (vi) the time and manner for requesting an Opt Out, (vii) their right to revoke an Opt Out prior to entry of the Final Order and Judgment, (viii) the binding effect of the Settlement Agreement (including the Releases provided for therein) on Settlement Class Members, and (ix) the intention of Class Counsel to seek attorneys' fees and costs, and Class Representative and Subclass Representative service awards, as well as the opportunity to object to such fees, costs and awards; (c) constitutes due, adequate, and sufficient notice to all persons entitled to receive notice of the Settlement Agreement; and (d) satisfies the requirements of Rule 52.08, the Missouri Constitution, the United States Constitution (including the Due Process Clause), and other applicable laws and rules.

22. Under Rule 52.08(e)(1), the Court shall direct notice if the Court finds it will likely be able to approve the proposed Settlement Agreement and certify the class for the purposes of judgment on the Settlement Agreement. Accordingly, the Court approves the Settlement Class

-9-

Notice and the Settlement Class Notice Plan, and hereby directs that the Settlement Class Notice be disseminated pursuant to the Settlement Class Notice Plan to the Settlement Class.

23. The Settlement Class Notice shall be posted on the Settlement Website, within 10 days after entry of this Preliminary Approval Order, as set forth in Section 11.2 of the Settlement Agreement.

## V.   OPT OUT PROCEDURES

24. The Opt Out procedure set forth in Section 12.2 of the Settlement Agreement and the instructions in the Settlement Class Notice regarding the procedures that must be followed to Opt Out of the Settlement Class are approved.

25. To Opt Out validly from the Settlement Class, a Settlement Class Member must submit an individual written request to Opt Out stating, "I wish to exclude myself from the Settlement Class in the 22nd Judicial Circuit Court, City of St. Louis, Missouri" (or substantially similar clear and unambiguous language), and containing the information and materials set forth in Section 12.2(b) of the Settlement Agreement to the Administrator, on or before the date 90 days following the commencement of the Settlement Class Notice Plan pursuant to Section 12.2(a) of the Settlement Agreement.

26. To be effective, the written request to Opt Out must contain:

    a.    the Settlement Class Member's printed name;

    b.    the Settlement Class Member's address;

    c.    the Settlement Class Member's telephone number;

    d.    the Settlement Class Member's email address, if any;

    e.    the Settlement Class Member's date of birth;

f. a copy of his or her identification issued by any Governmental Authority or other bona fide identification;

g. the dated Personal Signature of the Settlement Class Member seeking to exclude himself or herself from the Settlement Class;

h. a disclosure certifying to the best of their knowledge whether the Settlement Class Member has or has not entered into an agreement tolling the applicable statute of limitations to bring Roundup Lawsuits or Roundup Claims;

i. a disclosure certifying to the best of their knowledge whether the Settlement Class Member has or has not filed a Roundup Lawsuit or Related-Party Lawsuit against any Monsanto Parties or Related Parties as of the date of the written Opt Out request;

j. a disclosure certifying to the best of their knowledge whether the Settlement Class Member has or has not retained counsel in connection with a present or future Roundup Lawsuit or Roundup Claim and, if so, disclosing the name of the retained attorney and law firm; and

k. a declaration with the Personal Signature of the Settlement Class Member attesting to Exposure to Roundup Products, and if the Settlement Class Member is a member of Subclass 1, attesting to a Qualifying Diagnosis and the date such diagnosis was made.

27. The Settlement Class Member must: (a) mail the signed written request to Opt Out to a physical address to be identified in the Settlement Class Notice; (b) email a complete and legible scanned copy or photograph of the signed written request to Opt Out to an email address to be

-11-

identified in the Settlement Class Notice; or (c) submit a complete and legible scanned copy or photograph of the signed written request to Opt Out through the Settlement Website. Opt Outs submitted by any Settlement Class Member to incorrect locations shall not be Valid. Attorneys for Settlement Class Members may submit a written request to Opt Out on behalf of an individual Settlement Class Member, but such request must contain the Personal Signature of the Settlement Class Member.

28.     No "mass," "class," "group," or otherwise combined Opt Out shall be valid, and no Settlement Class Member may submit an Opt Out on behalf of any other Settlement Class Member. Any Opt Out request simultaneously submitted on behalf of 2 or more Settlement Class Members shall be deemed invalid as to all such individuals. However, where there is both a Settlement Class Member or a Representative Claimant, and one or more Derivative Claimants, the Settlement Class Member's or the Representative Claimant's exercise or failure to exercise his or her Opt Out right shall be binding on the associated Derivative Claimant(s).

29.     A Valid Opt Out from the Settlement Class will become effective as of the later of 21 days of receipt by the Administrator or the resolution of any challenge to the validity of the request brought by Class Counsel or the Defendant, pursuant to Section 12.2(f) of the Settlement Agreement. In addition, pursuant to Section 12.2(f) of the Settlement Agreement, any such challenge must be made no later than 7 days following the close of the Opt Out Period, and must be resolved by the Administrator within 7 days of the receipt of the challenge.

30.     Any Settlement Class Member who does not submit a timely, written Valid Opt Out shall be bound by all proceedings, orders, and judgments in this action, even if such Settlement Class Member has previously initiated or subsequently initiates litigation against the Defendant.

-12-

31.    Within 7 days after the close of the Opt Out Period, pursuant to Section 12.2(g) of the Settlement Agreement, the Administrator shall provide Class Counsel and the Defendant with a complete list of all Opt Outs that the Administrator believes to be timely and Valid.

32.    The Defendant shall have the right, in its individual discretion, to terminate and render null and void the Settlement Agreement, pursuant to the terms of Section 12.5 of the Settlement Agreement and confidential Exhibit I of the Settlement Agreement.  The Court finds that it is appropriate to keep Exhibit I confidential and under seal.  The Court finds that there is a compelling justification to maintain Exhibit I under seal because disclosure of the Exhibit would be prejudicial to Settlement Class Members.  *See* Mo. S. Ct. R. 55.0275 (effective July 1, 2026); *see also Burch* v. *Qwest Corp.*, No. 06-CV-3523-MJD/AJB, 2012 WL 12978329, at *1 (D. Minn. Jun. 6, 2012) ("[T]here is a compelling basis for sealing the termination provision of the Settlement Agreement, which 'has no legitimate bearing on a class member's decision to opt-out of the settlement, object, or file a claims form.' . . . Sealing this provision will encourage settlement.") (citation omitted); *In re HealthSouth Corp. Sec. Litig.*, 334 F. App'x 248, 250 n.4 (11th Cir. 2009) ("The threshold number of opt outs required to trigger a blow provision is typically not disclosed and is kept confidential to encourage settlement and discourage third parties from soliciting class members to opt out."); *In re Prudential Sec. Inc. Ltd. P'ships Litig.*, 164 F.R.D. 362, 365–66, *aff'd sub nom. In re Prudential Sec. Inc. Ltd. P'ship Litig.*, 107 F.3d 3 (2d Cir. 1996).  To exercise its Termination Right, the Defendant must provide notice of its written election to terminate the Settlement Agreement to Class Counsel and the Court prior to the Fairness Hearing which shall take place on the date set forth in Paragraph 64 of this Preliminary Approval Order.

-13-

## VI.    OBJECTION PROCEDURES

33.    The procedure for objecting to the Settlement Agreement, as set forth in Section 13.1 of the Settlement Agreement, is approved.

34.    A Settlement Class Member who wishes to object to any aspect of the Settlement Agreement must file with the Court a written statement of the objections on or before the date 90 days following the commencement of the Settlement Class Notice Plan as set forth in Section 13.1 of the Settlement Agreement.  The written statement of objections must include:

a.    a detailed statement of the Settlement Class Member's objections, as well as the specific reasons, if any, for each such objection, including any evidence and legal authority the Settlement Class Member wishes to bring to the Court's attention;

b.    the Settlement Class Member's printed name, address, telephone number, written evidence establishing that the objector is a Settlement Class Member, including proof setting forth the circumstances of the Settlement Class Member's Exposure to Roundup Products as set forth in Section 6.3(a)(vii) of the Settlement Agreement (including whether such Exposure was in an occupational or residential context) and, if the objector is a member of Subclass 1, proof of a Qualifying Diagnosis and the date such diagnosis was made, as set forth in Section 6.3(a)(vi) of the Settlement Agreement;

c.    any other supporting papers, materials, or briefs the Settlement Class Member wishes the Court to consider when reviewing the objection;

d.    a certification that the objector has read the objection and agrees with it;

-14-

e. the Settlement Class Member and their counsel's full history of prior objections to class action certification and approval, including the case name, case number, identity of the court, and date of each such filing; and

f. the dated Personal Signature of the Settlement Class Member making the objection, in addition to any filing requirements of the Court regarding signatures.

35. All objections shall be filed on or before the date set forth in Paragraph 59 of this Preliminary Approval Order, or they will be deemed waived. Objections submitted by any Settlement Class Member to incorrect locations shall not be valid.

36. A Settlement Class Member may object on his or her own behalf or through an attorney hired at that Settlement Class Member's own expense, provided that the Settlement Class Member has not submitted a written request to Opt Out. Attorneys asserting objections on behalf of Settlement Class Members must: (a) file a notice of appearance with the Court by the date set forth in Paragraph 59 of this Preliminary Approval Order; (b) file a sworn declaration attesting to his or her representation of each Settlement Class Member on whose behalf the objection is being filed or a copy of the contract (to be filed *in camera*) between that attorney and each such Settlement Class Member; and (c) comply with the procedures described in Section 13.1 of the Settlement Agreement.

37. A Settlement Class Member (or counsel individually representing him or her, if any) seeking to make an appearance at the Fairness Hearing must file with the Court, by the date set forth in Paragraph 59 of this Preliminary Approval Order, a written notice of his or her intention to appear at the Fairness Hearing stating the matters the Settlement Class Member intends

-15-

to present to the Court. Filing a written statement of objections is a prerequisite to appearing at the Fairness Hearing, but this requirement may be excused for good cause shown.

38. Class Counsel and/or the Defendant may seek reasonable discovery from any objectors.

39. On or before the date 30 days after the deadline to file an objection and the close of the Opt Out Period, Class Counsel and Counsel for the Defendant shall file any response to the objections, or any papers in support of final approval of the Settlement Agreement.

40. Any Settlement Class Member who fails to comply with the provisions of Section 13.1 of the Settlement Agreement will waive and forfeit any and all rights he or she may have to object to the Settlement Agreement. The assertion of an objection under Section 13.1 of the Settlement Agreement does not operate to Opt Out the Person asserting it, or otherwise exclude that Person, from the Settlement Class. A Person within the Settlement Class can Opt Out of the Settlement Class and Settlement only by complying with the provisions of Article XII of the Settlement Agreement and Paragraphs 24–30 of this Preliminary Approval Order.

## VII.   FAIRNESS HEARING

41. A Fairness Hearing shall take place on a date no sooner than 30 days following the deadline to file an objection and the close of the Opt Out Period, at which the Court will consider submissions regarding the proposed Settlement Agreement, including any objections and responses thereto, and whether: (a) to approve thereafter the Settlement as fair, reasonable, and adequate, pursuant to Rule 52.08 of the Missouri Rules, (b) to certify the Settlement Class and Subclasses for settlement purposes only, and (c) to enter the Final Order and Judgment. The Fairness Hearing shall be subject to adjournment by the Court without further notice, other than that which may be posted by the Court on the Court's website.

-16-

## VIII.  STAY ORDER

42.     All Roundup Lawsuits and Related-Party Lawsuits brought by Settlement Class Member Parties in any court of the State of Missouri are stayed, and all Settlement Class Member Parties are enjoined from prosecuting any such claims in the courts of the State of Missouri, pending the Court's consideration of and entry of a Final Order and Judgment in this matter.  The stay and prohibition set forth in this Paragraph 42 shall remain in effect until entry of the Final Order and Judgment.

43.     This stay order is entered pursuant to the Court's authority under Section 476.070 of the Revised Statutes of Missouri and under Rule 52.08(d) and the Court's Rule 52.08(e) findings set forth above, in aid of its jurisdiction over the Settlement and the settlement approval process under Rule 52.08(e). The Court is well within its authority to issue such a stay. *See U.S. Bank, N.A.* v. *Coverdell*, 483 S.W.3d 390, 401 (Mo. App. S.D. 2015); *City of Bridgeton v. City of St. Louis*, 18 S.W.3d 106, 113 (Mo. App. E.D. 2000). *See also In re BankAmerica Corp. Sec. Litig.*, 350 F.3d 747, 752–53 (8th Cir. 2003); *Ressler* v. *Clay County,* 375 S.W.3d 132, 136–37 (Mo. App. W.D. 2012); *In re Nat'l Football League Players' Concussion Inj. Litig.*, 301 F.R.D. 191, 203–04 (E.D. Pa. 2014); *In re Diet Drugs Products Liability Litigation,* 282 F. 3d 220 (3d Cir. 2002); *Love* v. *First Crown Financial Corp.*, 662 S.W.2d 283, 286–87 (Mo. App. W.D. 1983); *Hayes v. Integrity Land Title Co.,* Amended Preliminary Approval Order, No. 11SL-CC01529; *Parisot v. U.S. Title Guaranty Co.,* Preliminary Approval Order, No. 0822-CC09381; The Court finds that it would be prejudicial to Settlement Class Members and to the settlement approval process for trials to take place, or for other significant litigation activity to take place, while the Court is considering this matter.  The Court further finds that the stay order would conserve judicial resources.  The Court also notes that the pendency of *Monsanto Co.* v. *Durnell*, 607 U.S. ___ (2026) (No. 24-1068,

-17-

2025 Term) also counsels in favor of a stay of Roundup Claims in the State of Missouri, as numerous courts in other jurisdictions have concluded. Paragraph 42 of this Preliminary Approval Order shall not apply to any Opt Outs beginning as of the date their Opt Out becomes effective which, pursuant to Paragraph 29, is the later of 21 days of receipt by the Administrator or the resolution of any challenge to the validity of the request brought by Class Counsel or the Defendant.

## IX.    OTHER PROVISIONS

44.    Judge Glenn A. Norton is preliminarily appointed to serve as the Settlement Special Master.

45.    BrownGreer PLC is preliminarily appointed to serve as the Administrator.

46.    Matthew Garretson of Garretson, LLC is preliminarily appointed to serve as the Allocation Special Master.

47.    Wolf Global Compliance, LLC is preliminarily appointed to serve as the Healthcare Compliance Administrator.

48.    Signal Interactive Media, LLC is appointed to serve as the Settlement Class Notice Agent.

49.    No later than 10 business days after entry of this Preliminary Approval Order, the Defendant shall make the payment into the Settlement Fund of $500 million as set forth in Section 4.1(b) of the Settlement Agreement, of which $22 million may be used before the entry of the Final Order and Judgment for Administration Costs, including to effectuate the Settlement Class Notice Plan.

50.    No later than 20 business days before the deadline to file an objection, Class Counsel shall file a motion for attorneys' fees and costs, and Class Representative and Subclass

-18-

Representative service awards, as set forth in Section 14.3 of the Settlement Agreement. Following Final Court Approval, the Court shall establish a process for counsel other than Class Counsel to submit applications, within 90 days, for a portion of the award of attorneys' fees, as set forth in Section 15.2 of the Settlement Agreement.

51.    The Defendant has the right to communicate orally and in writing with, and to respond to inquiries from, Settlement Class Member Parties on matters unrelated to the Settlement Agreement in connection with the Defendant's normal business.

52.    If the Settlement Agreement is terminated or is not consummated for any reason, the Court's findings with respect to preliminary certification of the Settlement Class and Subclasses shall be void, and the Plaintiffs and the Defendant shall be deemed to have reserved all of their rights with respect to any and all class certification issues.

53.    Class Counsel, Counsel for the Defendant, the Settlement Special Master, the Administrator, the Allocation Special Master, the Healthcare Compliance Administrator, and the Settlement Class Notice Agent are authorized to take, without further Court approval, all actions under the Settlement Agreement that are permitted or required to be taken following entry of this Preliminary Approval Order and prior to entry of the Final Order and Judgment, including effectuation of the Settlement Class Notice Plan.

54.    Lead Counsel for Subclass 1 and Lead Counsel for Subclass 2 may recommend to the Settlement Special Master the formation of committees composed of plaintiffs' counsel as necessary to effectively carry out the responsibilities of Class Counsel under the Settlement Agreement or this Preliminary Approval Order. The Settlement Special Master shall have discretion whether to approve the formation of any such committees. Lead Counsel for Subclass 1 and

-19-

Subclass 2 shall have ultimate responsibility for coordinating and directing the efforts of any such committees formed.

55.     Class Counsel and Counsel for the Defendant are authorized to use all reasonable procedures in connection with administration and obtaining approval of the Settlement Agreement that are not materially inconsistent with this Preliminary Approval Order or the Settlement Agreement, including making, without further approval of the Court, minor changes to the Settlement Agreement, to the form or content of the Settlement Class Notice, or otherwise to the extent the Parties jointly agree such minor changes are reasonable and necessary.

56.     The Court shall maintain continuing jurisdiction over these proceedings for the benefit of the Settlement Class as defined in this Preliminary Approval Order.

## X.     SCHEDULE OF DATES

57.     On March 5, 2026, the Settlement Class Notice shall be posted on the Settlement Website, so as to commence the Settlement Class Notice Plan.

58.     On or before March 18, 2026, the Defendant shall make the payment into the Settlement Fund set forth in Section 4.1(b) of the Settlement Agreement.

59.     On or before May 7, 2026, Class Counsel shall file a motion for attorneys' fees and costs, and Class Representative and Subclass Representative service awards.

60.     On or before June 4, 2026, objections to the Settlement Agreement and Notices of Intention to Appear at the Fairness Hearing shall be filed with the Court in this action.

61.     On or before June 4, 2026, requests to Opt Out must be postmarked, emailed, or submitted through the Settlement Website. This date is the close of the Opt Out Period. All requests received after this date shall be deemed untimely and invalid.

62.     On or before June 11, 2026, the Administrator shall provide Class Counsel and the Defendant with a complete list of all Opt Outs that the Administrator believes to be timely and Valid.

63.     On or before July 6, 2026, Class Counsel and Counsel for the Defendant shall file any response to the objections, or any papers in support of final approval of the Settlement Agreement.

64.     Before July 9, 2026, if choosing to exercise its Termination Right, the Defendant shall provide notice of its written election to terminate the Settlement Agreement to Class Counsel.

65.     The Fairness Hearing shall take place on the 9th day of July, 2026 at 9:00am.

66.     The deadlines set forth in Paragraphs 56–63 of this Preliminary Approval Order may be extended, and the Fairness Hearing may be adjourned, by Order of the Court, for good cause shown, without further notice to the Settlement Class Members, except that notice of any such extensions or adjournments shall be included on the Settlement Website. Settlement Class Members should check the Settlement Website regularly for updates and further details regarding extensions of these deadlines.

**SO ORDERED** this 4th day of March, 2026.

_____
Circuit Judge Timothy J. Boyer

-21-