**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| RANDALL KING, SCOTT BUTTERFIELD, ROBERT KOEHLER, MICHAEL MERX, AND BRUCE WALDMAN*, on behalf of themselves and others similarly situated*,<br><br>**Plaintiffs,**<br><br>**v.**<br><br>MONSANTO COMPANY,<br><br>**Defendant.** | Case No. 4:26-cv-813 |

**OBJECTOR DEFENDANTS' MOTION TO STAY ALL PROCEEDINGS PENDING RULING ON TRANSFER TO MULTIDISTRICT LITIGATION**

When a case that is destined for tag and transfer to an MDL is removed, federal transferor courts should stay all proceedings so the MDL court can rule on any motion to remand. That approach is not one the Objector Defendants devised. It is the rule repeatedly advocated *by Monsanto* after it removed state-court Roundup cases like this one. *See, e.g.,* **Ex. 1,** *Fazio v. Island Garden Center of Marco Island, Inc. et al.,* No. 19-cv-00826, Dkt. 16 at 3-4 (M.D. Fla. Nov. 21, 2019) (Monsanto's motion for a stay of proceedings pending JPML transfer and noting that such stays are routinely granted) (citing *Walter v. Monsanto Co.*, No. 19-cv-6482, Dkt. 26 (N.D. Ill. Oct. 30, 2019); *Moore v. Monsanto Co.*, No. 2:19-cv-00707, Dkt. 17 (S.D. Ala. Oct. 7, 2019); *Rawson v. Bayer Corp.*, No. 1:19-cv-06040, Dkt. 14 (N.D. Ill. Oct. 2, 2019)). Monsanto should live by its own rule. Objector Defendants respectfully request a temporary stay of all proceedings pending the Judicial Panel on Multidistrict Litigation's (JPML) ruling on transfer of this case to the Roundup Multidistrict Litigation (the "Roundup MDL"). Specifically, the Court should stay all (1)

deadlines imposed by the proposed settlement agreement and (2) proceedings related to any forthcoming motions to remand by the Named Plaintiffs or Monsanto.

### **INTRODUCTION**

Over the last decade, thousands of Roundup users have filed claims against Monsanto alleging Roundup products caused their cancer. Some have managed to get their day in court, resulting in more than $10 billion in paid verdicts or settlements by Monsanto. But thousands of cases remain pending in courts throughout the country. The federal cases have been transferred for coordinated MDL proceedings before Judge Vince G. Chhabria of the United States District Court for the Northern District of California ("the MDL Court"). *See In re Roundup Prods. Liab. Litig.*, No. 3:16-md-02741-VC (N.D. Cal.); *In re Roundup Prods. Liab. Litig.,* MDL No. 2741, 214 Fl. Supp. 3d 1346 (J.P.M.L. 2016). Having presided over the MDL for nearly a decade, Judge Chhabria is uniquely familiar with essentially every issue in the Roundup litigation, including issues relating to proposed class settlements.

Monsanto has serially removed Roundup cases to federal court to have them transferred to the MDL. Judicial economy requires as much, Monsanto insists, because "Judge Chhabria has gained extensive experience with the factual and legal issues presented by the Roundup litigation," and "[t]housands of [those] cases . . . have been resolved under the procedures ordered by Judge Chhabria." **Ex. 2,** *Dressel v. Monsanto Co.,* No. 3:25-cv-10883, Dkt. 7 at 6 (N.D. Cal. Sept. 3, 2025) (Monsanto's motion for a stay pending the JPML's transfer determination). Monsanto's removals-and-transfers came affixed with motions to stay all proceedings in the transferor courts pending the JPML's ruling on transfer. In Monsanto's words, "[a]bsent a stay, this Court runs the risk of expending valuable judicial resources on a case that will be transferred to the MDL Court." *Id.* at 7. Those stay requests were often granted on the strength of Monsanto's arguments for efficiency and judicial economy. *See, e.g.,* **Ex. 3,** *Dressel v. Monsanto Co.,* No. 3:25-cv-10883,

Dkt. 44 (N.D. Cal. Oct. 9, 2025) (Order Staying Case); **Ex. 1,** *Fazio v. Island Garden Center of Marco Island, Inc. et al.,* No. 19-cv-00826, Dkt. 16 at 3-4 (M.D. Fla. Nov. 21, 2019) (Monsanto noting that such stays are routinely granted and collecting cases). Monsanto has always had a preference for litigating Roundup cases in federal court, it has insisted that they should be in the MDL Court, and it has repeatedly argued that any proceedings in transferor courts should be stayed pending transfer to the MDL.

Monsanto has suddenly changed its tune. Even though the federal courts have jurisdiction over this proposed settlement-only class action, Monsanto colluded with the Named Plaintiffs (and their class counsel) to file it in state court. Perhaps that's because Monsanto knows *any* federal court will quickly reject the proposed settlement. *See Amchem Prods., Inc. v. Windsor,* 521 U.S. 591 (1997) (holding nationwide class settlement could not be certified where proposed class members' conflicting interests undermined adequacy and predominance). Or maybe it's because Monsanto knows any proposed class settlement filed in federal court will, as it should, inevitably make its way to the MDL Court. That would sound the death knell for this collusive deal. Five years ago Judge Chhabria rejected a similarly "unreasonable" proposed class settlement that contained many of the same features. *See In re Roundup Prods. Liab. Litig.*, 541 F. Supp. 3d 1004, 1006 (N.D. Cal. 2021) (order denying preliminary approval of proposed class settlement). His tentative views of this settlement do not suggest it will fare any better this time around. Just weeks ago, he noted that "there are major problems with this settlement agreement," which he described as "problematic," "bizarre," "inappropriate," "mind boggling," and "filthy." **Ex. 4,** *In re Roundup Prods. Liab. Litig.*, No. 16-md-02741 (N.D. Cal. Apr. 30, 2026) (Transcript of Remote Zoom Videoconference Proceedings).

Monsanto knows this well, which is why it, Class Counsel, and the Named Plaintiffs tried to evade the federal courts. But now that the case is in federal court, those same considerations illustrate why a stay of these proceedings is necessary. Given Judge Chhabria's familiarity with the issues here,[1] the JPML is sure to transfer the case to the MDL Court in short order. What sense would it make for any *other* court to preside over a proposed settlement that purports to resolve *every* issue that Judge Chhabria has been adjudicating thoughtfully for over for *a decade*? Transfer to the MDL will "promote the just and efficient" resolution of this proposed class settlement, which by its terms seeks to resolve the "common questions of fact" in every Roundup claim throughout the country. 28 U.S.C. § 1407(a). And because that is the most efficient path forward, this Court should stay all proceedings pending the JPML's transfer determination. There is no good reason for this Court to expend its (and the parties') resources while the JPML considers the transfer.

## ARGUMENT

Like all district courts, this Court has the "inherent power to grant [a] stay in order to control its docket, conserve judicial resources, and provide for a just determination of the cases pending before it." *Contracting Nw, Inc. v. City of Fredericksburg,* 713 F.2d 382, 387 (8th Cir. 1983). That power is "incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time for itself, for counsel, and for litigants." *Bledsoe v. Janssen Pharmaceutica*, 2006 WL 335450, at *1 (E.D. Mo. Feb. 13, 2006) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)). "In determining whether to stay proceedings, a district court must exercise judgment by weighing competing interests and maintaining an even balance." *Stalnaker v. Johnson & Johnson,* 2020 WL 1821006, at *2 (E.D. Mo. Apr. 10, 2020) (cleaned up);

---

[1] *See* **Ex. 2**, *Dressel v. Monsanto Co.*, No. 3:25-cv-10883, Dkt. 7 at 6 (N.D. Cal. Sept. 3, 2025) (Monsanto arguing "Judge Chhabria has gained extensive experience with the factual and legal issues presented by the Roundup litigation").

*see also Simmons v. GlaxoSmithKline, LLC,* 2015 WL 6063926, at \*1 (E.D. Mo. Oct. 14, 2015) (identifying three factors: "(1) potential prejudice to the nonmoving party; (2) hardship and inequity to the moving party if the action is not stayed; and (3) the judicial resources that would be saved by avoiding duplicative litigation if the cases are in fact consolidated").

When, as here, a case is tagged for transfer to an MDL court, a stay of proceedings pending the JPML's transfer determination is often warranted. *See, e.g., Crady v. 3M Company,* 2025 WL 3101045, at \*1 (E.D. Mo. Nov. 6, 2025); *Stalnaker,* 2020 WL 1821006 at \*2 (collecting cases); *Simmons,* 2015 WL 6063926 at \*1. While a pending JPML transfer decision does not "automatically" require a court to stay proceedings, *Stalnaker*, 2020 WL 1821006 at \*1 (citation omitted), courts across the country frequently stay them, *Pagliara v. Fed. Home Loan Mortg. Corp.*, 2016 WL 2343921, at \*2 (E.D. Va. May 4, 2016) (noting "courts frequently grant stays in cases when an MDL decision is pending") (collecting cases). Monsanto knows this well. It has repeatedly and successfully invoked this line of authority to stay Roundup cases it removed pending the JPML's transfer decisions. *See, e.g.,* **Ex. 2,** *Dressel v. Monsanto Co.*, No. 3:25-cv-10883, Dkt. 7 at 6 (N.D. Cal. Sept. 3, 2025) (invoking authority and seeking stay); **Ex. 3,** *Dressel v. Monsanto Co.,* No. 3:25-cv-10883, Dkt. 44 (N.D. Cal. Oct. 9, 2025) (granting stay); **Ex. 1,** *Fazio v. Island Garden Center of Marco Island, Inc. et al.,* 19-cv-00826, Dkt. 16 at 3-4 (M.D. Fla. Nov. 21, 2019); *Walter v. Monsanto Co.*, No. 19-cv-6482, Dkt. 26 (N.D. Ill. Oct. 30, 2019) (order granting Monsanto's motion to stay all proceedings pending JPML transfer ruling); *Moore v. Monsanto Co.*, No. 2:19-cv-00707, Dkt. 17 (S.D. Ala. Oct. 7, 2019) (same); *Rawson v. Bayer Corp.*, No. 1:19-cv-06040, Dkt. 14 (N.D. Ill. Oct. 2, 2019) (same). If stays were warranted there (to allow the JPML to assess whether the cases involved issues in common with those in the MDL), surely one is warranted here (where Monsanto and the Named Plaintiffs seek to resolve *all*

*Roundup cases*—including those in the MDL—*on the basis* that common issues predominate across cases).

The MDL Court's familiarity with the exact questions at issue here further supports a stay. Five years ago, Judge Chhabria considered and rejected a proposed class settlement which sought much of the same relief for many of the same class plaintiffs. *See In re Roundup Prods. Liab. Litig.*, 541 F. Supp. 3d 1004, 1006 (N.D. Cal. 2021) (order denying preliminary approval of proposed class settlement). When the putative class plaintiffs there filed their (unopposed) proposed settlement, they correctly noted that "[t]his Court needs no introduction to the litigation concerning Monsanto's Roundup herbicide and its connection . . . to Non-Hodgkin's Lymphoma (NHL)." **Ex. 5,** *In re Roundup Products Liability Litigation*, No. 16-md-02741, Dkt. 11042 at 1 (N.D. Cal. June 24, 2020). That is even more true today. And Judge Chhabria is already familiar with *this* proposed settlement, having considered the MDL Leadership's motion for a declaratory judgment. *See* **Ex. 4**, *In re Roundup Products Liability Litigation*, No. 16-md-02741 (N.D. Cal. Apr. 30, 2026) (Transcript of Remote Zoom Videoconference Proceedings). Given the MDL Court's familiarity with these issues, there is an extraordinarily high likelihood that the JPML will transfer this case to the MDL. There is no good reason for this Court not to at least allow the JPML to consider as much before weighing in.

### A.      A stay will promote judicial economy.

A stay here will avoid duplicative motion practice, inconsistent rulings, and needless expenditure of party and judicial resources. The express purpose of multidistrict litigation is to coordinate pretrial management of actions sharing common factual issues in a "just and efficient" manner. 28 U.S.C. § 1407(a). The stay would obviate the need for this Court to assess issues that will likely be considered by the MDL Court after transfer. There is no good reason for this Court to bog itself down in the intricacies of the class action petition and the 690-page, procedurally

complex proposed settlement agreement only to have the JPML transfer the case to the MDL Court. That's especially true considering Judge Chhabria's familiarity with the Roundup litigation and this proposed settlement agreement. Monsanto itself has cited Judge Chhabria's Roundup-litigation expertise as a reason for district courts to stay proceedings pending JPML transfer determinations. *See, e.g.,* **Ex. 2,** *Dressel v. Monsanto Co.*, No. 3:25-cv-10883, Dkt. 7 at 6 (N.D. Cal. Sept. 3, 2025). While the MDL Court "needs no introduction to the" this case, **Ex. 5,** *In re Roundup Products Liability Litigation*, No. 16-md-02741, Dkt. 11042 at 1 (N.D. Cal. June 24, 2020), this Court almost certainly does.

### B.       The balance of hardships favors a stay.

The balance of hardships likewise favors a stay. The reality is that *all* parties—Objector Defendants, Monsanto, and the Named Plaintiffs—will benefit from the MDL Court overseeing this case. Judge Chhabria's familiarity with the record will facilitate the quickest and most efficient resolution of the matter. All sides should want that. And even if Monsanto and the Named Plaintiffs "might well be subjected to some delay as a result of the issuance of a stay, that prejudice does not outweigh the judicial economy interests" the stay will serve. *Bledsoe*, 2006 WL 335450 at *1. That is especially true considering the "relatively short" time it will take the JPML to determine whether to transfer. *Id.*

On the other hand, Objector Defendants stand to suffer enormous prejudice absent a stay. The proposed settlement imposes outrageous opt-out provisions that make it comically difficult to opt out of the settlement. Under the current schedule, the deadline for doing so will expire in just days. Given the "problematic," "inappropriate," and "mind boggling" nature of the proposed settlement,[2] its deadlines should be stayed at least during the period where a federal court is

---

[2] **Ex. 4,** *In re Roundup Prods. Liab. Litig.*, No. 16-md-02741 (N.D. Cal. Apr. 30, 2026).

considering whether the case should remain in an Article III tribunal or be remanded back to state court. Without that stay, objectors are left in an impossible position. Under the Missouri trial court's order granting preliminary approval of the proposed settlement, objections are due *in state court* on June 4, 2026. **Ex. 6,** Preliminary Approval Order, at ¶¶ 60. But removal has automatically *stayed* all proceedings in state court, making it *impossible* to file objections in that tribunal consistent with the settlement agreement. 28 U.S.C. § 1446(d) (once a copy of the notice of removal is filed in the state court, "the State court shall proceed no further unless and until the case is remanded"). Those deadlines must be stayed lest scores of cancer victims risk losing their ability to protest a "filthy" settlement agreement, imposing extreme and irreparable prejudice.

      **C.**      **Any motion to remand can and should be heard by the MDL Court.**

Any forthcoming remand motions by Monsanto or the Named Plaintiffs should not change the analysis. "The pendency of a motion to remand to state court is not a sufficient basis to avoid inclusion in Section 1407 proceedings." *In re Vioxx Prods. Liab. Litig.*, 360 F. Supp. 2d 1352, 1354 (J.P.M.L. 2005) (noting any pending remand motions "can be presented to and decided by the transferee judge"). Indeed, Courts in this district routinely grant stays pending JPML transfer orders in "cases . . . addressing the same stay and remand issues" presented here. *Stalnaker*, 2020 WL 1821006 at *2 (granting stay despite pending remand motions and collecting ten Eastern District of Missouri cases doing the same).

True, courts in this district sometimes decline to stay resolution of a motion to remand pending an MDL transfer. *E.g., Spears v. Fresenius Med. Care N. Am., Inc.*, 2013 WL 2643302, at *1 (E.D. Mo. June 12, 2013). But they usually do so when the remand motion raises *jurisdictional* concerns, such as when the removing defendant argues a non-diverse defendant was fraudulently joined to defeat diversity. *See, e.g., id.* (declining to stay the case pending JMPL transfer because the court believed it was "in the best position to determine subject matter jurisdiction"). That is

not this case. No doubt there is federal jurisdiction under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d). And even if there were jurisdictional questions, a stay would *still* be warranted because any "pending remand motion can be presented to and decided by the transferee judge." *Simmons,* 2015 WL 6063926 at *2. To the extent Monsanto or the Named Plaintiffs wish to litigate remand, Judge Chhabria is fully capable of adjudicating those arguments.

Indeed, he is best equipped to do so. Any motion to remand will turn not on whether there is subject-matter jurisdiction (there unquestionably is), but on whether the Objector Defendants should be realigned as the true defendants in this case. That inquiry may prove fact intensive, requiring analysis of when the adversity between Monsanto and the Named Plaintiffs ceased, how involved Monsanto was in drafting and approving the class petition, and the history of negotiations between Monsanto and the Named Plaintiffs. Those are not the sorts of inquiries that can be thoughtfully handled on an expedited basis. And they may well benefit from a presiding judge who has dealt with Monsanto and counsel for Named Plaintiffs over years of hard-fought litigation.

## CONCLUSION

For the foregoing reasons, Objector Defendants respectfully request that the Court stay all proceedings, including all deadlines imposed by the proposed settlement agreement and any forthcoming motions to remand, pending the JPML's transfer determination.

Dated: May 22, 2026                                      Respectfully submitted,

                                                         */s/ R. Prescott Sifton, Jr.*
                                                         R. Prescott Sifton, Jr., #50550
                                                         **FRAZER PLC**
                                                         30 Burton Hills Blvd., Ste. 450
                                                         Nashville, TN 37215
                                                         Ph: (615)647-6464
                                                         scott@frazer.law

Ashley Keller (*Pro hac vice forthcoming*)
**KELLER POSTMAN LLC**
150 N. Riverside Plaza, Suite 4100
Chicago, Illinois 60606
Ph: 312-741-5220
ack@kellerpostman.com

*Counsel for Objector Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on May 22, 2026, I caused a true and complete copy of the foregoing to be electronically filed via the Court's ECF system, which will cause a copy to be served upon all counsel of record.

/s/ R. Prescott Sifton, Jr.
R. Prescott Sifton, Jr.