# Exhibit 1

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JOSEPH FAZIO,

        Plaintiff,

     v.

ISLAND GARDEN CENTER OF MARCO
ISLAND, INC.; SITEONE LANDSCAPE
SUPPLY, LLC; and MONSANTO COMPANY,

        Defendants.

Case No. 2:19-cv-00826-JES-NPM

---

**DEFENDANT, MONSANTO COMPANY'S MEMORANDUM OF LAW IN
SUPPORT OF ITS MOTION TO STAY ALL PROCEEDINGS PENDING JPML
RULING ON TRANSFER TO MULTIDISTRICT LITIGATION**

Defendant, Monsanto Company ("Monsanto"), respectfully moves the Court to issue a temporary stay of all proceedings—including proceedings on Plaintiff's Motion to Remand and Request for Emergency Hearing on Same, ECF No. 11 ("Remand Motion")—pending the Judicial Panel on Multidistrict Litigation's ("JPML") ruling on transfer of this case to the Roundup® multidistrict litigation, where it would join other product liability lawsuits involving Monsanto's Roundup®-branded herbicides. For the reasons set forth below, the Court should issue a temporary stay of all proceedings.

**INTRODUCTION**

In March 2019, Plaintiff filed this action in the Circuit Court of the 20th Judicial Circuit in and for Collier County, Florida, alleging that he suffered injuries caused by Monsanto's Roundup®-branded herbicides, which have glyphosate as their active ingredient. Plaintiff seeks damages for his cancer—specifically, a type of non-Hodgkin's

1

lymphoma ("NHL")—which he alleges was caused by exposure to Monsanto's Roundup®-branded products.

For decades, farmers have used glyphosate-based herbicides to increase crop yields, while homeowners, landscaping companies, and local government agencies have used these herbicides for highly effective weed control. Glyphosate is one of the most thoroughly studied herbicides in the world, and glyphosate-based herbicides have received regulatory approval in more than 160 countries. Since 1974, when Monsanto first introduced Roundup®-branded herbicides to the marketplace, the United States Environmental Protection Agency has repeatedly concluded that glyphosate does not cause cancer.

Nevertheless, hundreds of lawsuits have been filed in state and federal courts across the country against Monsanto involving its Roundup®-branded herbicides. The plaintiffs in these lawsuits allege that they developed cancer from exposure to Monsanto's Roundup®-branded herbicides. Pursuant to 28 U.S.C. § 1407, these lawsuits have been transferred for coordinated MDL proceedings before the Honorable Vince G. Chhabria of the United States District Court for the Northern District of California ("the MDL Court"). *See In re Roundup Prods. Liab. Litig.*, No. 3:16-md-02741-VC (N.D. Cal.); *In re Roundup Prods. Liab. Litig.*, MDL No. 2741, 214 F. Supp. 3d 1346 (J.P.M.L. 2016). In his role as the MDL judge over the past three-plus years, Judge Chhabria has gained extensive knowledge of the issues involved in the Roundup® litigation. He has presided over evidentiary *Daubert* hearings regarding both general causation (whether Roundup®-branded herbicides can cause NHL) and specific causation (whether Roundup®-branded

2

herbicides caused individual plaintiffs' NHL), and over a five-week jury trial. He also has ruled on numerous remand motions involving fraudulent joinder and misjoinder of non-diverse defendants in individual cases, among other matters, and will be ruling on such motions in the future.

On November 15, 2019, Monsanto filed a timely Notice of Removal, removing this action from Florida state court to this Court. *See* Notice of Removal, ECF No. 1. On the same day, and in accordance with JPML Panel Rule 7.1, Monsanto notified the JPML that this lawsuit should be transferred to the MDL Court. *See* November 15, 2019 Notice of Potential Tag-Along Action (attached, without exhibits, as Exhibit 1). Plaintiff filed his Remand Motion, ECF No. 11, on that date as well.

On November 20, 2019, the JPML issued a Conditional Transfer Order scheduling this case to be transferred to the MDL Court (attached as Exhibit 2). Based on prior transfers in this MDL, a new case likely will be opened in the MDL Court in the ordinary course within two to three weeks following the finalization of the Conditional Transfer Order.

Given the current posture of this lawsuit, the Court should enter an order staying all further proceedings, including proceedings on Plaintiff's Remand Motion, pending a decision by the JPML regarding transfer of this action to the MDL Court. This is precisely what ***three different federal district judges*** recently did in other Roundup® lawsuits that were removed to federal court: the plaintiffs filed a motion to remand; Monsanto "tagged" the cases for transfer to the Roundup® MDL and separately moved for a stay of proceedings pending the JPML transfer ruling; and the district courts granted Monsanto's motions to

stay. *See Walter v. Monsanto Co.*, No. 19-cv-6482 (N.D. Ill. Oct. 30, 2019), Order Granting Monsanto's Motion to Stay All Proceedings Pending JPML Transfer Ruling, ECF No. 26 (attached as Exhibit 3); *Moore v. Monsanto Co.*, No. 2:19-cv-00707-KD-N (S.D. Ala. Oct. 7, 2019), Endorsed Order Granting Monsanto's Motion to Stay All Proceedings Pending JPML Transfer Ruling, ECF No. 17 (attached as Exhibit 4); *Rawson v. Bayer Corp.*, No. 1:19-cv-06040 (N.D. Ill. Oct. 2, 2019), Minute Entry Granting Monsanto's Motion to Stay Ruling on Motion to Remand Pending JPML Transfer Ruling, ECF No. 14 (attached as Exhibit 5). As discussed below, stays pending JPML transfer rulings are common in these circumstances, and the JPML consistently transfers cases to MDL courts over objections based on pending motions to remand. Moreover, given that the MDL Court is responsible for managing all pretrial proceedings in the Roundup® litigation, the interests of promoting judicial economy and avoiding inconsistent rulings would be furthered by issuing the requested order staying proceedings.

## ARGUMENT

It is well established that "district courts have the inherent authority to manage their dockets and courtrooms with a view toward the efficient and expedient resolution of cases." *Dietz v. Bouldin*, 136 S. Ct. 1885, 1892 (2016); *see also Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936) (recognizing that "incidental to the power inherent in every court [is the ability] to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."); *CTI-Container Leasing Corp. v. Uiterwyk Corp.*, 685 F.2d 1284, 1288 (11th Cir. 1982). Consistent with this power, courts regularly stay proceedings and defer consideration of remand motions where, as here, a case will

4

likely be transferred to the MDL court. The rationale for staying proceedings pending JPML transfer is straightforward: if the case is transferred to the MDL court, that court can rule on the remand motion in conjunction with other remand motions presenting the same or similar issues, as well as all other pretrial matters, thereby preserving judicial resources, ensuring consistent decisions, and avoiding the risk of inconsistent litigation. *See Kline v. Earl Stewart Holdings, LLC*, No 10-80912-CIV, 2010 WL 3432824, at *2 (S.D. Fla. Aug. 30, 2010) (granting motion to stay and deferring ruling on motion to remand pending JPML transfer ruling, stating that "[i]t is far better for judicial economy and the consistency of judicial rulings for any pretrial determination of jurisdiction to be handled by the transferee [MDL] court selected by the JPML"); *Stevens v. Merck & Co., Inc.*, No. 2:08-cv-761-FtM-UA-SPC, 2008 WL 4642663, at *2 (M.D. Fla. Oct. 20, 2008) (granting motion to stay and deferring ruling on motion to remand pending JPML transfer ruling, stating that it was "reasonable to assume that the JPML will eventually transfer this case to [the MDL]" and that a stay would "preserve judicial and client resources and . . . promote consistency and economy with regard to jurisdictional objections").

A.    **Plaintiff's Motion to Remand Does Not Preclude a Stay of Proceedings Pending JPML Transfer.**

Federal courts in the Eleventh Circuit routinely stay cases pending the JPML's decision regarding transfer, even when a motion to remand has been filed. *See Kline*, 2010 WL 3432824, at *2 (granting motion to stay and deferring ruling on motion to remand pending JPML transfer ruling); *Stevens*, 2008 WL 4642663, at *2 (same); *Fowler v. Hamilton Med. Ctr., Inc.*, Civil Action File No. 4:08-CV-0055-HLM, 2008 WL 11336192, at *2 (N.D. Ga. May 7, 2008) (granting motion to stay pending JPML transfer ruling and

5

recognizing that "staying the proceedings in this case will promote judicial economy and efficiency" because "[i]f the JPML ultimately transfers this case to another district, the Court will have needlessly expended its energies and resources to familiarize itself with this case"); *Griffin v. Merck & Co., Inc.*, Case No. 8:06-CV-1806-T-27TBM, 2006 WL 8440265, at *2 (M.D. Fla. Nov. 30, 2006) (same); *Roach v. Merck & Co., Inc.*, Civil Action No. 06-0044-CG-C, 2006 WL 8437943, at *2 (S.D. Ala. Mar. 17, 2006) (same); *Republic of Venezuela ex rel. Garrido v. Philip Morris Cos., Inc.*, No. 99-0586-Civ, 1999 WL 33911677, at *2 (S.D. Fla. Apr. 28, 1999).

This is because MDL courts can and consistently do rule on jurisdictional issues, including motions to remand. The JPML has "long held that jurisdictional objections are not an impediment to transfer," because "[p]laintiff can present his motion for remand . . . to the transferee court." *In re: Gadolinium Contrast Dyes Prods. Liab. Litig.*, MDL No. 1909, 2012 WL 7807340, at *1 (J.P.M.L. Apr. 16, 2012); *see also In re: Darvocet, Darvon & Propoxyphene Prods. Liab. Litig.*, MDL No. 2226, 2012 WL 7764151, at *1 (J.P.M.L. Apr. 16, 2012) ("a pending motion for remand is not a bar to transfer . . . [t]he transferee judge can rule on plaintiffs' pending remand motion"); *In re Vioxx Prods. Liab. Litig.*, 360 F. Supp. 2d 1352, 1354 (J.P.M.L. 2005) (same).

For example, on July 31, 2019, the JPML transferred a Roundup® personal injury action from the Northern District of Illinois to the MDL Court over the plaintiff's objection that his anticipated motion to remand should be decided by the transferor district court. *See* July 31, 2019 Transfer Order, attached as Exhibit 6. In its Order, the JPML noted that the plaintiff's anticipated motion, and the issue of remand, did *not* serve as a valid basis to

6

deny transfer, as the motion to remand would be heard and decided by the MDL Court. *Id.* (holding that "[s]uch jurisdictional issues generally do not present an impediment to transfer. . . . Plaintiff can present his remand arguments to the transferee judge.") (citing *In re Prudential Ins. Co. of Am. Sales Practices Litig.*, 170 F. Supp. 2d 1346, 1347-48 (J.P.M.L. 2001)). As discussed below, a stay of proceedings is warranted here because it would serve the interests of judicial economy, and is supported by the balance of hardships between these parties.

**B.      A Stay of Proceedings Will Promote Judicial Economy.**

When determining whether to exercise its discretion to stay proceedings pending JPML transfer rulings, courts should consider three factors: "(1) potential prejudice to the non-moving party; (2) hardship and inequity to the moving party if the action is not stayed; and (3) the judicial resources that would be saved by avoiding duplicative litigation if the cases are in fact consolidated." *Jozwiak v. Stryker Corp.*, No. 6:09-cv-1985-Orl-19GJK, 2010 WL 147143, at *2 (M.D. Fla. Jan. 11, 2010) (citation omitted).

In this instance, the conservation of judicial resources heavily favors a stay pending JPML transfer. Judge Chhabria, who is presiding over the MDL proceedings, is intimately familiar with the factual and legal issues involved in this litigation, including the types of arguments raised by Plaintiff in his Remand Motion. In light of the JPML's decision to create the MDL Court to preside over coordinated pretrial proceedings in the Roundup® litigation and the large number of Roundup® lawsuits that have been filed and likely will be filed in the future, it is appropriate for remand motions in the Roundup® litigation to be decided based on a single, consistent rule of law applied by the MDL Court. This is

7

precisely what District Judge Coleman recognized in her recent Order staying litigation of another Roundup® case pending transfer to the MDL:

> Balancing Walter's argument of a slight delay in his remand ruling against preserving judicial resources and avoiding duplicative efforts, the Court, in its discretion, concludes that a temporary stay is warranted under the circumstances. The MDL court presiding over the Roundup® lawsuits will be able to decide Walter's motion, along with similar remand motions, based on a consistent rule of law.

*See* Ex. 3, *Walter* Stay Order at 2-3. Avoiding inconsistent rulings is therefore an important reason for creating the MDL Court, and staying litigation pending transfer to a MDL prevents hardship and inequity to parties similarly situated to Monsanto. *See Kline*, 2010 WL 3432824, at *2 (granting motion to stay and deferring ruling on motion to remand pending JPML transfer ruling, stating that "[i]t is far better for judicial economy and the consistency of judicial rulings for any pretrial determination of jurisdiction to be handled by the transferee [MDL] court selected by the JPML"); *Stevens*, 2008 WL 4642663, at *2 (granting motion to stay and deferring ruling on motion to remand pending JPML transfer ruling because a stay would "preserve judicial and client resources and . . . promote consistency and economy with regard to jurisdictional objections"); *Griffin*, 2006 WL 8440265, at *1 ("Consistency and economy would be served by resolution of the removal issues by a single court after transfer by the JPML."); *In re Ivy*, 901 F.2d 7, 9 (2d Cir. 1990) ("[c]onsistency" is served by transferring cases to one MDL court); *Simmons v. GlaxoSmithKline, LLC*, No. 4:15CV1397 CDP, 2015 WL 6063926, at *1 (E.D. Mo. Oct. 14, 2015) (stating that "the likelihood of inconsistent rulings will be greatly diminished" after cases are transferred to one MDL court and "[t]he desire to avoid inconsistent rulings guides decisions affecting the MDL process.").

8

Finally, Plaintiff will not be prejudiced by a brief stay.  Documents produced by Monsanto—and depositions taken of Monsanto employees—in the MDL proceedings and in other Roundup® cases will be available to Plaintiff regardless of whether this case is remanded or transferred to the MDL Court.  The MDL Court has addressed sharing of discovery and coordination with state court Roundup® cases, stating that "[i]t is contemplated by the Court and the parties that all discovery conducted in these proceedings may be used in any related state court action, in accordance with that state's law and rules of evidence . . . subject to any agreements between the parties, and to all orders regarding the confines of discovery within this MDL and the issuance of similar protective orders and discovery protocols in the state court proceedings." *In re Roundup Prods. Liab. Litig.*, No. 3:16-md-02741-VC (N.D. Cal. Jan. 10, 2017), ECF No. 103, Pretrial Order No. 7, at 2.  Accordingly, Plaintiff cannot argue that he will somehow be deprived of discovery if this case were transferred to the MDL Court.

Moreover, if Plaintiff has any prejudice-based objections to this case being transferred to the MDL Court, he will be able to present those arguments to the JPML for consideration before a ruling on transfer is issued.  The minimal potential length of delay at issue here has not kept courts from granting stays when the hardship to defendants and the interests of judicial economy were comparatively greater.  *See Falgoust v. Microsoft Corp.*, No. CIV.A.00-0779, 2000 WL 462919, at *2 (E.D. La. Apr. 19, 2000) (in granting motion to stay pending JPML transfer ruling, the court recognized that the defendant "would suffer a considerable hardship and inequity if forced to simultaneously litigate multiple suits in multiple courts" and "could potentially suffer conflicting rulings by

different judges in these multiple suits," while the plaintiffs had "failed to show any significant prejudice they would suffer, beyond the slight delay pending the JPML decision"); *Brandt v. BP, P.L.C.*, No. 2:10-cv-01460, 2010 WL 2802495, at *2 (D.S.C. July 14, 2010) ("A delay of a few months . . . [is] slight when compared to the hardship to the defendants and the interests of judicial economy" and stating that "the burden of litigating in multiple jurisdictions" is one of the reasons for staying the proceedings); *Yearwood v. Johnson & Johnson, Inc.*, No. RDB-12-1374, 2012 WL 2520865, at *4 (D. Md. June 27, 2012) (stating that denial of a motion to stay "would potentially subject [d]efendant[s] to the significant burden of duplicative litigation" and that "[d]efendants would be prejudiced by additional discovery or motion practice that could create duplicative and potentially inconsistent obligations") (internal quotations omitted). Absent a stay here, Monsanto faces the burden of duplicative litigation across multiple jurisdictions.

In short, judicial economy favors staying proceedings where, as here, a motion to transfer to an MDL is currently pending before the JPML. Absent a stay, the Court runs the risk of expending valuable judicial resources familiarizing itself with the intricacies of a case that may be coordinated or consolidated for pretrial purposes in another court. *See, e.g., Fowler*, 2008 WL 11336192, at *2. A stay would also conserve judicial resources by avoiding duplicative litigation. Further, because of its knowledge of issues that have arisen in other Roundup® lawsuits (including ruling on other motions to remand), the MDL Court is better positioned to evaluate issues arising from the removal and Plaintiff's Remand Motion.

## CONCLUSION

For the foregoing reasons, Monsanto respectfully requests that the Court issue a temporary stay of all further proceedings in this case—including proceedings on Plaintiff's Motion to Remand and Request for Emergency Hearing on Same, ECF No. 11—pending the JPML's transfer ruling.

Dated: November 21, 2019

Respectfully submitted,

ANTHONY N. UPSHAW
Florida Bar No. 861091
MELISSA R. ALVAREZ
Florida Bar No. 820091
McDERMOTT WILL & EMERY LLP
333 Avenue of the Americas, Suite 4500
Miami, FL 33131
Tel: (305) 358-3500
Fax: (305) 675-8031
aupshaw@mwe.com
malvarez@mwe.com
*Counsel for Monsanto Company*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this **21st day of November, 2019,** a true and correct copy of the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system.

Melissa R. Alvarez, Esq.

11