# Exhibit 2

**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF FLORIDA**
**FORT LAUDERDALE DIVISION**

PHILLIP DRESSEL,

Plaintiff,

v.

MONSANTO COMPANY.

Defendant.

No. 0:25-cv-61689-RS

**DEFENDANT MONSANTO COMPANY'S**
**MOTION FOR STAY OF PROCEEDINGS PENDING JPML**
**RULING ON TRANSFER TO MULTIDISTRICT LITIGATION COURT**

**INTRODUCTION**

Plaintiff Phillip Dressel allegedly contracted non-Hodgkin's lymphoma ("NHL") as a result of exposure to Roundup®-branded herbicides. Accordingly, this case belongs in the multidistrict litigation ("MDL") proceedings that have been pending since 2016 involving precisely these allegations. Therefore, in accordance with Judicial Panel on Multidistrict Litigation ("JPML") Rule 7.1, Monsanto Company ("Monsanto") filed papers with the JPML to have this lawsuit transferred to the federal district court presiding over those MDL proceedings ("the MDL Court"). *See* Monsanto Company's Notice of Potential Tag-Along Action (Aug. 21, 2025) (attached as Exhibit 1).

-1-
Shook, Hardy & Bacon L.L.P.
Citigroup Center, Suite 3200 | 201 S. Biscayne Blvd. | Miami, Florida 33131-4332 | **t** 305.358.5171

The JPML entered a conditional transfer order ("CTO") that would have transferred this case to MDL No. 2741 effective September 3, 2025. *See* Conditional Transfer Order (Aug. 27, 2025) (attached as Exhibit 2). For no discernible reason, however, Plaintiff has objected to that transfer. *See* Notice of Opposition to CTO (Sep. 2, 2025) (attached as Exhibit 3). Accordingly, the JPML will enter a briefing schedule allowing Plaintiff to file a motion to vacate the CTO.

For the reasons discussed in more detail below, this Court should grant this motion and issue a temporary stay of all further proceedings in this case to allow the JPML to decide whether to transfer this case to the MDL Court. The stay requested in this motion is consistent with, and supported by, stay rulings issued repeatedly in similar contexts by federal district courts in other Roundup® lawsuits,[1] as well as in cases involving other products, *see infra* pages 4–9 (citing cases). Once this case is transferred to the MDL—as cases involved Plaintiff's allegations invariably all—any progress in this case would be unwound because the case would be assigned

---

[1] *See, e.g.*, Text Order, *Hayes v. Monsanto Co., et al,,* No. 3:20-cv-01736-LCB (N.D. Ala. Dec. 16, 2020) (granting Monsanto's stay motion) *("Hayes* Stay Order") (attached as Exhibit 4); Text Order, *Mowry v. Monsanto Co., et al,* No. 2:20-cv-00215-MHT-SMD (M.D. Ala. June 23, 2020) (denying plaintiffs motion for expedited ruling on plaintiff's remand motion and stating that "[t]he court prefers to allow the MDL panel to rule first [regarding transfer]") ("*Mowry* Stay Order") (attached as Exhibit 5); Endorsed Order Granting Monsanto's Motion to Stay All Proceedings Pending JPML Transfer Ruling, *Moore v. Monsanto Co., et al,* No. 2:19-cv-00707-KD-N (S.D. Ala. Oct. 7, 2019) ("*Moore* Stay Order") (attached as Exhibit 6); Order Granting Monsanto's Motion to Stay All Proceedings Pending JPML Transfer Ruling *Walter v. Monsanto Co., et al.,* No. 1:19-cv-06482 (N.D. Ill. Oct. 30, 2019) ("*Walter* Stay Order") (attached as Exhibit 7); Minute Entry Granting Monsanto's Motion to Stay Proceedings Pending JPML Ruling on Transfer to Multidistrict Litigation, *Rawson v. Bayer Corp. et al,* No. 1:19-cv-06040 (N.D. Ill. Oct. 2, 2019) *("Rawson* Stay Order") (attached as Exhibit 8); Order Granting Defendant's Motion for Temporary Stay Pending Decision on Transfer to the MDL, *Cobb, et al, v. Monsanto Co., et al,* Case No. 4:17-cv-01105-JMB (E.D. Mo. Apr. 12, 2017) ("*Cobb* Stay Order") (attached as Exhibit 9); Order Granting Monsanto's Motion for Temporary Stay, *O'Brien, et al, v. Monsanto Co.,* Case No. 4:17-cv-01192-CEJ (E.D. Mo. Apr. 10, 2017) ("*O'Brien* Stay Order") (attached as Exhibit 10).

Shook, Hardy & Bacon L.L.P.

Citigroup Center, Suite 3200 | 201 S. Biscayne Blvd. | Miami, Florida 33131-4332 | **t** 305.358.5171

4920-5941-7701

to an MDL Wave and subject to the various pre-trial orders governing other cases in the Roundup MDL. Thus, temporarily staying proceedings in this case pending the JPML ruling will promote judicial economy and will not prejudice Plaintiff.

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

In this lawsuit (initially filed in a Florida state court), Plaintiff Phillip Dressel asserts products liability claims regarding Monsanto's Roundup®-branded herbicides, which have glyphosate as their active ingredient. Complaint, ECF No. 1-1. For decades, farmers have used glyphosate-based herbicides to increase crop yields, while homeowners, landscaping companies, and local government agencies have used these herbicides for highly effective weed control. Monsanto Company's Notice of Removal ¶ 1 ("Notice of Removal"), ECF No. 1. Glyphosate is one of the most thoroughly studied herbicides in the world, and glyphosate-based herbicides have received regulatory approval in more than 160 countries. *Id.* Since 1974, when Monsanto first introduced Roundup®-branded herbicides to the marketplace, the United States Environmental Protection Agency has repeatedly concluded that glyphosate does not cause cancer. *Id* Nevertheless, Plaintiff alleges he developed cancer (NHL) due to his exposure to Monsanto's Roundup®-branded, glyphosate-based herbicides. *See e.g.*, Complaint ¶¶ 1–2.

Monsanto removed this case to this Court based on evidence establishing that each of the several non-diverse defendants were fraudulently joined. *See* Notice of Removal.

After filing the Notice of Removal, Monsanto filed papers with the JPML to transfer this lawsuit to the MDL Court for coordinated and consolidated pretrial proceedings with numerous other Roundup® lawsuits that have been filed against Monsanto in courts throughout the country. *See* Exh. 1. Like Plaintiff here, the plaintiffs in those lawsuits allege that they developed NHL

-3-
Shook, Hardy & Bacon L.L.P.
Citigroup Center, Suite 3200 | 201 S. Biscayne Blvd. | Miami, Florida 33131-4332 | **t** 305.358.5171

4920-5941-7701

from exposure to Monsanto's Roundup®-branded herbicides. Pursuant to 28 U.S.C. § 1407, those lawsuits have been transferred to the MDL Court (the Honorable Vince G. Chhabria, United States District Court for the Northern District of California). *See In re Roundup Prods. Liab. Litig.,* No. 3:16-md-02741-VC (N.D. Cal.); *In re Roundup Prods. Liab. Litig.,* 214 F. Supp. 3d 1346 (J.P.M.L. 2016). Since the *In re Roundup* MDL was created in 2016 and assigned to Judge Chhabria, he has gained extensive knowledge regarding the issues presented in the Roundup® litigation. He has presided over evidentiary *Daubert* hearings—regarding both general causation (whether Roundup®-branded herbicides can cause NHL) and specific causation (whether Roundup®-branded herbicides caused an individual plaintiff's NHL)—and a five-week jury trial involving NHL claims. Judge Chhabria also has ruled on remand motions involving issues of fraudulent joinder (and other issues), including a remand motion filed with respect to a case that was originally filed in Florida state court and required application of Florida law. *See In re Roundup Prod. Liab. Litig., (Salas)*, No. 16-MD-02741-VC, 2021 WL 5149862 (N.D. Cal. Nov. 5, 2021).

While Monsanto does not know the purported basis of Plaintiff's objection to this case's transfer to the MDL, based on prior cases Monsanto anticipates that it presages the filing of a motion to remand. While plaintiffs contesting diversity jurisdiction have repeatedly opposed transfer on this basis, the JPML has consistently rejected that argument.[2]

On August 29, 2025, the Court entered an order requiring the Parties to, among other things, "[p]repare and file a Joint Scheduling Report." *See* Order Requiring Joint Scheduling

---

[2] *See, e.g.*, Transfer Order, *Moore v. Monsanto Co.*, (JPML Feb. 5, 2020) (attached as Exhibit 11); Transfer Order, *Hayes v. Monsanto Co.*, (JPML Feb. 4, 2021) (attached as Exhibit 12); Transfer Order, *Salas v. Monsanto Co.,* (JPML Aug. 10, 2021) (attached as Exhibit 13); Transfer Order, *Renteria v. Monsanto Co.,* (JPML Jan. 31, 2022) (attached as Exhibit 14); *Gomez v. Monsanto Co.,* (JPML June 7, 2024)) (attached as Exhibit 15).

Shook, Hardy & Bacon L.L.P.
Citigroup Center, Suite 3200 | 201 S. Biscayne Blvd. | Miami, Florida 33131-4332 | **t** 305.358.5171

4920-5941-7701

Report, Certificates of Interested Parties and Corporate Disclosure Statements, ECF No. 6 (the "August 29 Order"). In the event this case is transferred to the MDL, any scheduling order would be mooted.

## ARGUMENT

It is well established that a district court "has broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706 (1997) (citing *Landis v. N. Am. Co.,* 299 U.S. 248, 254 (1936)); *see also, e.g.*, *Landis*, 299 U.S. at 254 ("The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."); *CTI-Container Leasing Corp. v. Uiterwyk Corp.,* 685 F.2d 1284, 1288 (11th Cir. 1982) (recognizing that district court had "inherent discretionary authority . . . to stay litigation pending the outcome of [a] related proceeding in another forum"). Consistent with this power, district courts regularly stay proceedings (including rulings on remand motions) when—as is the case here—a lawsuit is pending before the JPML for transfer to a district court presiding over multidistrict litigation proceedings. *See supra* note 1 and *infra* pages 4–9 (citing cases). The rationale for staying proceedings pending JPML transfer is straightforward: if the case is transferred to an MDL court, that court can rule on the remand motion in conjunction with other remand motions presenting the same or similar issues and can preside over other pretrial proceedings—thereby preserving judicial resources, ensuring consistent decisions, and otherwise furthering the goals of coordination. Thus, "[i]t is common practice for courts to stay an action pending a transfer decision by the JPML." *Bonenfant v. R.J. Reynolds Tobacco Co.,* No. 07-60301-

Shook, Hardy & Bacon L.L.P.

Citigroup Center, Suite 3200 | 201 S. Biscayne Blvd. | Miami, Florida 33131-4332 | **t** 305.358.5171

4920-5941-7701

CIV, 2007 WL 2409980, at *1 (S.D. Fla. July 31, 2007) (citing *Republic of Venezuela v. Phillip Morris Cos., Inc.,* No. 99-0586-Civ., 1999 WL 33911677 (S.D. Fla. Apr. 28, 1999)).

**I.      Temporarily Staying Proceedings In This Case Pending The JPML Ruling Will Promote Judicial Economy And Will Not Prejudice Plaintiff.**

Courts "should consider three factors when determining whether a stay is appropriate pending the [JPML's] consideration of whether to transfer the case: (1) potential prejudice to the non-moving party; (2) hardship and inequity to the moving party if the action is not stayed; and (3) the judicial resources that would be saved by avoiding duplicative litigation if the cases are in fact consolidated." *Hess v. Volkswagen Grp. of Am., Inc.,* No. 2:16-CV-00668-KOB, 2016 WL 3483166, at *5–6 (N.D. Ala. June 27, 2016) (quotation marks omitted). The *Hess* order granted a stay motion, holding that "considerations of consistency and judicial economy outweigh any potential prejudice to the Plaintiffs from a short stay of proceedings." *Id.* at *5; *see Virginia ex rel. Integra Rec LLC v. Countrywide Sec. Corp.,* No. 3:14CV706, 2015 WL 222312, at *3 (E.D. Va. Jan. 14, 2015) (stating that "[c]ourts often stay cases awaiting a JPML decision on inclusion into an MDL to avoid needless duplication of work") (quotation marks omitted); *Gavitt v. Merck & Co.,* No. 2:08-cv-755-FtM-UA-DNF, 2008 WL 4642782, at *2 (M.D. Fla. Oct. 20, 2008) (granting stay pending JPML transfer ruling "to preserve judicial and client resources and to promote consistency and economy with regard to jurisdictional objections").

Likewise, in this case, judicial economy heavily favors a stay pending the JPML's transfer ruling. In presiding over the *In re Roundup* MDL proceedings since 2016, Judge Chhabria has gained extensive experience with the factual and legal issues presented by the Roundup® litigation. Thousands of cases involving plaintiffs' allegations that Roundup®-branded products caused their NHL have been resolved under the procedures ordered by Judge Chhabria. While the August 29

-6-

Shook, Hardy & Bacon L.L.P.
Citigroup Center, Suite 3200 | 201 S. Biscayne Blvd. | Miami, Florida 33131-4332 | **t** 305.358.5171

4920-5941-7701

Order surely promotes the efficient resolution of cases that are not headed for an MDL, its application here would all be for naught—resulting in needless expenditure of time and resources by the Parties and the Court. Any other pre-trial proceedings would likewise be mooted by an order transferring this case to the MDL. Additionally, some of the non-diverse defendants in this case anticipate moving to dismiss the claims against them, *see* Fed. R. Civ. P. 12(b)(6), and will be required to do so in the coming days if there is no stay. A finding that these defendants were fraudulently joined would moot any Rule 12(b)(6) motion filed by these defendants, however, meaning the Parties' efforts in briefing it and any judicial effort into resolving it would accomplish nothing. Thus, absent a stay, this Court runs the risk of expending valuable judicial resources on a case that will be transferred to the MDL Court.[3] *See, e.g., Hess,* 2016 WL 3483166, at *5.

As noted above, Monsanto anticipates that Plaintiff intends to file a motion to remand this case. The filing of any such motion would further support the entry of a stay order. In light of the JPML's decision to create the MDL Court to preside over coordinated pretrial proceedings in the Roundup® litigation and given the large number of Roundup® lawsuits, it is appropriate for remand motions in the Roundup® litigation to be decided based on a single, consistent rule of law applied by the MDL Court. That is what a district court recognized in another Roundup® case when issuing a stay order pending transfer to the MDL Court:

> Balancing [plaintiff's] argument of a slight delay in his remand ruling against
> preserving judicial resources and avoiding duplicative efforts, the Court, in
> its discretion, concludes that a temporary stay is warranted under the
> circumstances. The MDL court presiding over the Roundup® lawsuits will

---

[3] Monsanto is confident that any motion to vacate the CTO will be denied because such motions have uniformly been denied in cases involving allegations that exposure to Roundup®-branded herbicides led to the development of NHL. *See*, *supra*, n.1. Remarkably, two of the four cases cited in footnote 1 originated in the Southern District of Florida (*Salas* and *Gomez)*. This Court has thus been uniquely impacted by wasteful and meritless objections to transfer.

-7-

Shook, Hardy & Bacon L.L.P.

Citigroup Center, Suite 3200 | 201 S. Biscayne Blvd. | Miami, Florida 33131-4332 | **t** 305.358.5171

4920-5941-7701

be able to decide [plaintiffs'] motion, along with similar remand motions, based on a consistent rule of law.

*Walter* Stay Order at 2–3 (Ex. 7).

Other courts repeatedly have recognized that the interests of promoting judicial economy and avoiding inconsistent rulings are served by allowing cases to be transferred to courts presiding over MDL proceedings. *See In re Ivy* 901 F.2d 7, 9 (2d Cir. 1990) (stating that "[c]onsistency as well as economy is thus served" by transferring cases to one MDL court); *Hess*, 2016 WL 3483166, at *5 (stating that "the decision by the transferee court [presiding over MDL proceedings] would provide consistency and promote judicial economy" and granting stay pending JPML transfer ruling); *Simmons v. GlaxoSmithKline, LLC*, No. 4:15CV1397 CDP, 2015 WL 6063926, at *1 (E.D. Mo. Oct. 14, 2015) (stating that "the likelihood of inconsistent rulings will be greatly diminished" after cases are transferred to one MDL court and that "[t]he desire to avoid inconsistent rulings guides decisions affecting the MDL process"); *Louisiana ex. rel. Caldwell v. Fresenius Med Care Holdings, Inc.*, Civil Action No. 14-490-SDD-RLB, 2014 WL 4441502, at *2 (M.D. La. Sept. 9, 2014) (granting motion to stay pending JPML transfer ruling because the "policies of efficiency and consistency in pre-trial rulings are furthered by a stay of these proceedings pending the MDL panel's decision" on transfer); *Reichert v. Mark Starring & Assocs., Inc.*, Civil Action No. 11-2171, 2011 WL 5078279, at *2 (E.D. La. Oct. 26, 2011) (stating that "the policies of efficiency and consistency of pre-trial rulings will be furthered by a stay of proceedings in this Court" pending a JPML transfer ruling); *Ortenzio v. Eli Lilly & Co.,* No. 1:06CV179, 2007 WL 1813786, at *1 (N.D. W. Va. June 21, 2007) (stating that "one of the important functions of a transfer to the JPML pursuant to 28 U.S.C. § 1407(a) is to further judicial economy and to eliminate the potential for conflicting pretrial rulings") (quotation marks omitted).

-8-

Moreover, Plaintiff will not be prejudiced if this Court grants the temporary stay requested here. Under the circumstances, they cannot claim that they stay will result in delay. But for the meritless objection to transfer, the CTO in this case would have been final today (September 3) and the case would have remained active and progressing. Because Plaintiff objected to transfer, however, the JPML will stay the transfer and issue a briefing schedule to resolve Plaintiff's objection. It could be weeks before the issue is briefed and a ruling is made, but that delay in deciding the proper venue is entirely of the Plaintiff's own making. This case is already in limbo. A stay merely ensures that the Parties and Court will not be wasting time and money in the meantime.

To the extent that Plaintiff is concerned about proceeding with discovery, Monsanto observes that significant discovery has already occurred in this case and—more importantly—that the MDL Court established procedures pursuant to which plaintiffs can access a voluminous collection of documents previously produced by Monsanto in other Roundup® lawsuits. These discovery materials can be used in this case regardless of whether it remains in the MDL Court or is remanded to state court. The MDL Court addressed sharing of discovery and coordination with state court Roundup® cases, stating that "[i]t is contemplated by the Court and the parties that all discovery conducted in these proceedings may be used in any related state court action, in accordance with that state's law and rules of evidence . . . subject to any agreements between the parties, and to all orders regarding the confines of discovery within this MDL and the issuance of similar protective orders and discovery protocols in the state court proceedings." Pretrial Order No. 7, at 2, *In re Roundup Prods. Liab. Litig.,* No. 3:16-md-02741-VC (N.D. Cal. Jan. 10, 2017),

-9-

Shook, Hardy & Bacon L.L.P.

Citigroup Center, Suite 3200 | 201 S. Biscayne Blvd. | Miami, Florida 33131-4332 | t 305.358.5171

4920-5941-7701

ECF No. 103. Thus, allowing this lawsuit to be transferred to the MDL Court will not preclude Plaintiff from getting access to discovery.

In sum, any prejudice arguments that Plaintiff may assert here do not outweigh the hardship to Monsanto and the interests of judicial economy that favor a stay in this case. *See, e.g.*, *Yearwood v. Johnson & Johnson, Inc.*, No. RDB-12-1374, 2012 WL 2520865, at \*4 (D. Md. June 27, 2012) (stating that denial of stay motion "would potentially subject Defendant[s] to the significant burden of duplicative litigation" and that "[d]efendants would be prejudiced by additional discovery or motion practice that could create duplicative and potentially inconsistent obligations") (quotation marks omitted); *Brandt v. BP, P.L.C.*, No. 2:10-cv-01460, 2010 WL 2802495, at \*2 (D.S.C. July 14, 2010) (stating that a "delay of a few months . . . [is] slight when compared to the hardship to the defendants and the interests of judicial economy" and that "the burden of litigating in multiple jurisdictions" is one of the reasons for staying the proceedings); *Falgoust v. Microsoft Corp.*, Civil Action No. 00-0779, 2000 WL 462919, at \*2 (E.D. La. Apr. 19, 2000) (granting motion to stay pending JPML transfer ruling; stating that defendant "would suffer a considerable hardship and inequity if forced to simultaneously litigate multiple suits in multiple courts" and "could potentially suffer conflicting rulings by different judges in these multiple suits," while plaintiffs had "failed to show any significant prejudice they would suffer, beyond the slight delay pending the JPML decision").

## II.     The Filing of a Remand Motion Would Not Prevent This Court From Staying Proceedings In This Case Pending The JPML's Transfer Ruling.

Plaintiff appears poised to argue in the JPML that subject matter jurisdiction is absent—an argument that could only be resolved through the filing of a motion to remand. Thus, Plaintiff may contend that a pending remand motion precludes this Court from entering a stay. That argument

Shook, Hardy & Bacon L.L.P.

Citigroup Center, Suite 3200 | 201 S. Biscayne Blvd. | Miami, Florida 33131-4332 | t 305.358.5171

4920-5941-7701

would miss the mark. Federal district courts within the Eleventh Circuit and elsewhere repeatedly have stayed proceedings pending a JPML decision regarding transfer, even when a motion to remand is pending, in Roundup® cases and cases involving other products. *See Hayes* Stay Order (Alabama Roundup® case) (Ex. 4); *Mowry* Stay Order (same) (Ex. 5); *Moore* Stay Order (same) (Ex. 6); *Walter* Stay Order (Roundup® case) (Ex. 7); *Rawson* Stay Order (same) (Ex. 8); *Cobb* Stay Order (same) (Ex. 9); *O'Brien* Stay Order (same) (Ex. 10); *see also, e.g., Hess*, 2016 WL 3483166, at \*5–6 (granting stay motion to allow JPML to issue transfer ruling, despite pending remand motion); *Lucas v. Springhill Hosps., Inc.*, No. 08-0520-CG-C, 2009 WL 160418, at \*1 (S.D. Ala. Jan. 22, 2009) (same); *Roach v. Merck & Co., Inc.*, No. 06-0044-CG-C, 2006 WL 8437943, at \*1 (S.D. Ala. Mar. 17, 2006) (same); *Woods v. Merck & Co.,* No. 05-0425-CG-M, 2005 WL 8158889 (S.D. Ala. Aug. 17, 2005) (same).

The numerous stay orders discussed above are consistent with the well-established principle that MDL courts can—and do—decide jurisdictional issues, including remand motions. As the JPML stated, "We have long held that jurisdictional objections are not an impediment to transfer. Plaintiff can present his motion for remand to state court to the transferee court." *In re Gadolinium Contrast Dyes Prods. Liab. Litig.,* MDL No. 1909, 2012 WL 7807340, at \*1 (J.P.M.L. Apr. 16, 2012); *see also In re Ivy* 901 F.2d 7, 9 (2d Cir. 1990) (ruling in favor of JPML transfer and rejecting plaintiffs' argument that transfer was invalid due to lack of federal subject matter jurisdiction and improper removal; stating that "the jurisdictional objections can be heard and resolved by a single court" presiding over MDL proceedings); *Grispino v. New England Mut. Life Ins. Co.,* 358 F.3d 16, 19 n.3 (1st Cir. 2004) ("The fact that there were pending jurisdictional objections did not deprive the [JPML] of the ability to transfer the case.") (citing *Ivy* 901 F.2d at

-11-
Shook, Hardy & Bacon L.L.P.
Citigroup Center, Suite 3200 | 201 S. Biscayne Blvd. | Miami, Florida 33131-4332 | **t** 305.358.5171

4920-5941-7701

9); *In re Darvocet, Darvon & Propoxyphene Prods. Liab. Litig.*, MDL No. 2226, 2012 WL 7764151, at \*1 (J.P.M.L. Apr. 16, 2012) (stating that "a pending motion for remand is not a bar to transfer" and that "[t]he transferee judge can rule on plaintiffs' pending remand motion"); *Roach*, 2006 WL 8437943, at \*1 (stating that "[t]he existence of jurisdictional objections do not affect either the transferor court's ability to issue a stay or the MDL Panel's authority to transfer an action").

Likewise, in the *Moore* Roundup® lawsuit cited in footnote 1, the JPML: (a) rejected plaintiff's argument that his remand motion should be decided by the Alabama federal court; and (b) transferred that lawsuit to the *In re Roundup* MDL Court over plaintiff's objections. *See* Exh 11).[4] That transfer order stated that the pending remand motion, and the issue of remand, did not serve as a valid basis to deny transfer to the MDL Court because that remand motion would be decided by the MDL Court. *Id.* at 1 (stating that the "jurisdictional issues [raised by plaintiffs] generally do not present an impediment to transfer" and that "Plaintiffs can present their remand arguments to the transferee judge") (citing *In re Prudential Ins. Co. of Am. Sales Practices Litig.*, 170 F. Supp. 2d 1346, 1347–48 (J.P.M.L. 2001)). As the other cases cited in footnote 1 show, the JPML has consistently reached this same conclusion every time a plaintiff interferes with the transfer process by filing an opposition based on nothing more than a jurisdictional dispute. Plaintiff's foreclosed objection to transfer should not give him any sort of advantage, so the case should be stayed until it is resolved.

---

[4] That JPML order also transferred other Roundup® cases with pending remand motions to the MDL Court over those plaintiffs' objections.

Shook, Hardy & Bacon L.L.P.

Citigroup Center, Suite 3200 | 201 S. Biscayne Blvd. | Miami, Florida 33131-4332 | **t** 305.358.5171

4920-5941-7701

## CONCLUSION

For the foregoing reasons, the Court should grant this motion and issue a temporary stay of all proceedings in this case—including the current September 5 deadline to provide a Joint Scheduling Report[5]—pending the JPML's transfer ruling.

### **Rule 7.1(a)(3) Certification**

Undersigned counsel certifies that he has made reasonable efforts to confer with all parties who may be affected by the relief sought in this motion. Undersigned counsel has conferred with Plaintiff in a good faith effort to resolve the issues raised in the motion and has been unable to do so. To the extent necessary or applicable: (a) undersigned counsel has conferred with fraudulently joined defendant Harrell's Inc., who does not oppose the relief sought in this Motion; (b) fraudulently joined defendant Ben Hill Griffin Inc. has not appeared in the matter; and (c) undersigned counsel's office represents all remaining fraudulently joined defendants and those defendants do not oppose the relief sought in this Motion.

Dated: September 3, 2025

[SIGNATURES ON FOLLOWING PAGE]

---

[5] Monsanto acknowledge the statement in the August 28 Order that last-minute motions for extension of time are generally improper. Monsanto has not sat idly. Plaintiff noted his objection to the MDL transfer yesterday afternoon, and Monsanto immediately prepared and filed this motion.

-13-

Shook, Hardy & Bacon L.L.P.

Citigroup Center, Suite 3200 | 201 S. Biscayne Blvd. | Miami, Florida 33131-4332 | **t** 305.358.5171

4920-5941-7701

Respectfully submitted,

**SHOOK, HARDY & BACON L.L.P.**
Citigroup Center, Suite 3200
201 South Biscayne Boulevard
Miami, Florida  33131-4332
T: 305.358.5171 | F: 305.358.7470

By:  /s/ *Mihai M. Vrasmasu*
MIHAI M. VRASMASU, ESQ.
Florida Bar No. 0028610
E-Mail: mvrasmasu@shb.com
ANTAR K. VAUGHAN, ESQ.
Florida Bar No. 497754
E-Mail:  avaughan@shb.com

*Counsel for Defendant, Monsanto Company*

Shook, Hardy & Bacon L.L.P.
Citigroup Center, Suite 3200 | 201 S. Biscayne Blvd. | Miami, Florida 33131-4332 | **t** 305.358.5171

4920-5941-7701