**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| RANDALL KING, *et al.*, on behalf of themselves and others similarly situated, | ) ) ) | |
| Plaintiffs, | ) | Case No. 4:26-cv-813 |
| | ) | |
| vs. | ) | |
| | ) | |
| MONSANTO COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S MEMORANDUM IN SUPPORT OF MOTION TO REMAND**

**TABLE OF CONTENTS**

**Page**

INTRODUCTION ...................................................................................................................1

BACKGROUND ....................................................................................................................1

ARGUMENT..........................................................................................................................7

I.      Objectors are not defendants under CAFA and therefore cannot remove the
        Settlement Proceeding. ..............................................................................................7

II.     Objectors are not parties to the Settlement Proceeding. ..........................................9

III.    Removal is untimely. ...............................................................................................12

IV.     Even if Objectors had a right to remove—and they do not—they have waived
        removal. ...................................................................................................................14

CONCLUSION.....................................................................................................................15

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Acosta* v. *Direct Merchants Bank*,
207 F. Supp. 2d 1129 (S.D. Cal. 2002)................................................................15

*Am. Home Assur. Co.* v. *RJR Nabisco Holdings Corp.*,
70 F. Supp. 2d 296 (S.D.N.Y. 1999).................................................................11

*Anaya* v. *QuickTrim, LLC*,
No. CV 12-1967-CAS DTBX, 2012 WL 6590825 (C.D. Cal. Dec. 17, 2012) .......................10

*Carmel-Noland* v. *CNHI, LLC*,
No. 3:18-CV-05075-MDH, 2018 WL 4355823 (W.D. Mo. Sept. 12, 2018) .........................14

*Chicago, R.I. & P.R. Co.* v. *Stude*,
204 F.2d 116 (8th Cir. 1953), *aff'd*, 346 U.S. 574 (1954) .......................................12

*City of Albuquerque* v. *Soto Enterprises, Inc.*,
864 F.3d 1089 (10th Cir. 2017) ......................................................................15

*City of Indianapolis* v. *Chase Nat'l Bank*,
314 U.S. 63 (1941).................................................................................12

*Dalton* v. *Walgreen Co.*,
721 F.3d 492 (8th Cir. 2013) ....................................................................13, 14

*Devlin* v. *Scardelletti*,
536 U.S. 1 (2002)..................................................................................9, 10

*Enbridge Energy, LP* v. *Nessel*,
608 U.S. __, 146 S. Ct. 1074 (2026)...............................................................13

*First Bank* v. *DJL Props., LLC*,
598 F.3d 915 (7th Cir. 2010).........................................................................9

*Flath* v. *Barnes Jewish Hosp.*,
No. 4:12CV00721 ERW, 2012 WL 4809179 (E.D. Mo. Oct. 10, 2012)................................13

*Gen. Credit Acceptance, Co., LLC* v. *Deaver*,
No. 4:13CV00524 ERW, 2013 WL 2420392 (E.D. Mo. June 3, 2013)..............................8, 11

*Green Tree Fin. Corp.* v. *Arndt*,
72 F. Supp. 2d 1278 (D. Kan. 1999)..................................................................11

*Harris* v. *Brooklyn Dressing Corp.*,
    560 F. Supp. 940 (S.D.N.Y. 1983)...................................................................................15

*Home Depot U.S.A., Inc.* v. *Jackson*,
    587 U.S. 435 (2019)................................................................................................7, 8, 9

*In re Deepwater Horizon*,
    819 F.3d 190 (5th Cir. 2016) ..............................................................................13, 14

*In Re Hall*,
    4 F.4th 376 (6th Cir. 2021) ....................................................................................9

*In re Panera Data Sec. Litig.*,
    No. 4:24-cv-00847 (E.D. Mo. June 18, 2025) .........................................................3

*In re Prempro Prods. Liab. Litig.*,
    591 F.3d 613 (8th Cir. 2010) ..................................................................................7

*In re Prudential Sec. Inc. Ltd. P'ships Litig.*,
    164 F.R.D. 362 (S.D.N.Y.), *aff'd sub nom. In re Prudential Sec. Inc. Ltd.*
    *P'ships Litig.,* 107 F.3d 3 (2d Cir. 1996) ..........................................................13, 14

*Juliano* v. *Citigroup, N.A.*,
    626 F. Supp. 2d 317 (E.D.N.Y. 2009) ...................................................................10

*Junk* v. *Terminix Int'l Co.*,
    628 F.3d 439 (8th Cir. 2010) ..................................................................................7

*McGann* v. *Schnuck Markets, Inc.*,
    No. 1322-CC00800 (Mo. Cir. July 9, 2014) ...........................................................3

*McGuire* v. *City of Kansas City, Missouri*,
    No. 4:21-CV-00651-DGK, 2021 WL 5770167 (W.D. Mo. Dec. 6, 2021)..............14

*Miles* v. *Medicredit, Inc.*,
    No. 4:20-CV-1186-JAR, 2023 WL 1794559 (E.D. Mo. Feb. 7, 2023) ....................3

*Monsanto Co.* v. *Durnell*,
    607 U.S. __ (2026) (No. 24-1068, 2025 Term) .......................................................5

*PR Grp., LLC* v. *Windmill Int'l, Ltd.*,
    792 F.3d 1025 (8th Cir. 2015) ..............................................................................14

*Riceland Foods, Inc.* v. *Gray, Ritter & Graham, P.C.*,
    No. 4:14 CV 81 CDP, 2014 WL 2804980 (E.D. Mo. June 20, 2014) ......................8

*Rothrock* v. *Capital Logistics, LLC*,
    No. 6:20-CV-03225-MDH, 2020 WL 5536485 (W.D. Mo. Sep. 15, 2020)............11

*Sheppard* v. *Sheppard*,
481 F. Supp. 2d 345 (D.N.J. 2007) ..................................................................11

*Simmons* v. *Skechers USA, Inc.*,
No. 4:15-CV-340-CEJ, 2015 WL 1604859 (E.D. Mo. Apr. 9, 2015) ......................................7

*Shorts* v. *Midwest Women's Healthcare Specialist, LLC*,
No. 1416-CV13362 (Mo. Cir. Dec. 4, 2014) ..................................................................3

*Slack* v. *Int'l Union of Operating Eng'rs*,
No. C-13-5001 EMC, 2013 WL 12218461 (N.D. Cal. Dec. 3, 2013) ......................................9

*Smith* v. *Bayer Corp.*,
564 U.S. 299 (2011) ..................................................................9

*Spears* v. *Fresenius Med. Care N. Am., Inc.*,
No. 4:13-CV-855 CEJ, 2013 WL 2643302 (E.D. Mo. June 12, 2013)......................................7

*Twardowski* v. *Haskins*,
No. 4:19-CV-03305 SEP, 2020 WL 735758 (E.D. Mo. Feb. 13, 2020)..................................8

**Statutes and Rules**

28 U.S.C. § 1441..................................................................7, 11, 12

28 U.S.C. § 1446..................................................................11, 12

28 U.S.C. § 1447(c) ..................................................................7

28 U.S.C. § 1453(b) ..................................................................7

Class Action Fairness Act, 28 U.S.C. § 1332 ...................................................... *passim*

iv

**INTRODUCTION**

This baseless and untimely removal of a class action settlement proceeding that has been pending in Missouri state court for three months should be swiftly rejected.  Objectors Craig Boylan, David Childress, Xavier Estrada, Lori Ann Fain, Donna Mason, Frederick O'Neill, Edward Rankin, William Robbins, William Szabo, and Patricia Veal (the "Objectors") should not be permitted to inject uncertainty and delay into a state court proceeding concerning a settlement (the "Settlement Proceeding") that, if approved, will deliver billions of dollars to tens of thousands of class members.  The Objectors here (1) base their removal on a bizarre theory under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d), that is squarely foreclosed by controlling Supreme Court precedent, (2) are not even parties to the Settlement Proceeding, (3) are outside the 30 days in which an otherwise proper removal (which this is not) could be sought, and (4) in any event, have waived any ability to remove.  If Objectors do not like the settlement, they can simply object (which Objectors have already done) or opt out, as their counsel has done for other plaintiffs. What they cannot do is disrupt the ongoing state court proceedings to consider that settlement with a frivolous, untimely removal as important deadlines approach.  As a matter of respect for all parties, for all other class members (who overwhelmingly support the settlement), and for the Missouri state courts, this Court should not condone this gamesmanship.  In light of the upcoming June 4 objection and opt-out deadlines set by the Missouri state court, this Court should immediately remand the matter.

**BACKGROUND[1]**

On February 17, 2026, class counsel and Monsanto entered into a proposed class action settlement (the "Settlement") under which Monsanto would pay up to $7.25 billion to resolve most

---

[1] As referred to herein, references to the Golin Declaration or "Golin Decl." refer to the Declaration of Elaine P. Golin in Support of Defendant's Motion to Remand, attached herein as Ex. 1, and

current and future Roundup claims on the terms therein, subject to court review and approval.  The

Settlement was filed in the Circuit Court of the City of St. Louis in the state of Missouri (the "State

Court").   Over the past several years, Missouri state court has become the epicenter of the

overwhelming majority of Roundup litigation.   Currently, many tens of thousands of Roundup

plaintiffs have cases pending in the Missouri state courts, compared to approximately 400 plaintiffs

across all federal courts combined.  Ex. 1 (Golin Decl.) at Ex. A (Seeger MDL Decl.) ¶ 5.  This is

by the *plaintiffs*' choice, not Monsanto's.  Plaintiffs have brought claims in Missouri state courts

precisely so that Monsanto cannot remove them to federal court.  Ex. 1 (Golin Decl.) at Ex. A

(Seeger MDL Decl.) at Ex. 2 ¶ 4; *id.* at Ex. 3 ¶ 4.

The Settlement and a memorandum in support of preliminary approval thereof was filed

with the State Court on February 17, 2026, and was assigned by the Presiding Judge to Judge

Boyer, who has extensive experience presiding over Roundup litigation.[2]  Ex. 1 (Golin Decl.) at

Ex. B (Order, *King* v. *Monsanto Co.* (Feb. 17, 2026)).  Two days later, on February 19, 2026,

Objectors' counsel, Mr. Sifton of Frazer PLC, filed a notice of appearance in the Settlement

Proceeding, presumably for the purpose of objecting (which he has since done).  Ex. 1 (Golin

---

references to "Seeger MDL Decl." refer to the Declaration of Christopher A. Seeger in Support of the Opposition to Joint Motion of MDL Co-Lead Counsel, which is attached to the Golin Declaration as Exhibit A.  In addition, references to the "Holland Prelim. App. Decl.," "Seeger Prelim. App. Decl.," and "Kurdi Prelim. App. Decl." refer to the Declarations of Eric D. Holland, Christopher A. Seeger, and Fouad Kurdi in Support of Motion for Preliminary Approval of Class Action Settlement, which is attached to the Notice of Removal (the "Notice") as Exhibit 5.  The Holland Prelim. App. Decl., Seeger Prelim. App. Decl., and Kurdi Prelim. App. Decl. are attached to the Motion for Preliminary Approval of Class Action Settlement as Exhibits 2, 3 and 4, respectively.

[2] Among other things, Judge Boyer was the judge in *Durnell* v. *Monsanto Co*., No. 1922-CC00221 (St. Louis Cir. Ct. 2019), which as discussed below, is currently pending in the United States Supreme Court.

2

Decl.) at Ex. C (Entry, *King* v. *Monsanto Co.* (Feb. 19, 2026)).  In the days that followed, several other plaintiffs' counsel moved to intervene to object to preliminary approval.

On March 4, 2026, after considering the settlement submissions and these objections, the State Court entered a preliminary approval order (the "Preliminary Approval Order," Exhibit 7 to the Notice), specifically stating that (i) it had made no final decision *regarding* the approval of the Settlement; (ii) class members could raise arguments challenging the Settlement through the objection process; and (iii) the court would consider those arguments further at the final approval stage.  Ex. 1 (Golin Decl.) at Ex. D (Memorandum, *King* v. *Monsanto Co.* (Mar. 4, 2026)) at 3. Although plainly irrelevant to the question of removal, Objectors go out of their way to cast aspersions on the State Court's preliminary review and approval of the Settlement.  Notice ¶ 3. But there was nothing improper, let alone "filthy," about the State Court preliminary approval. Preliminary approval allows notice to be given to the class and the opt-out and objection process to go forward, so that the State Court can receive and consider *all* class members' views before entering a final ruling on the Settlement's merits and legality.  Indeed, state courts in Missouri and federal courts in this district frequently enter preliminary approval orders of class action settlements without any hearing.[3]  It is hardly unusual—much less untoward—for the State Court

---

[3] *See, e.g.*, Order Granting Preliminary Approval of Class Action Settlement, *Shorts* v. *Midwest Women's Healthcare Specialist, LLC*, No. 1416-CV13362 (Mo. Cir. Dec. 4, 2014) (motion for preliminary approval of class action settlement granted one day after filing, without a hearing); Order Granting Preliminary Approval of Class Action Settlement, *McGann* v. *Schnuck Markets, Inc.*, No. 1322-CC00800 (Mo. Cir. July 9, 2014) (granting motion for preliminary approval of class action settlement two days after filing, without a hearing); Dkt. Nos. 34–35, *In re Panera Data Sec. Litig.*, No. 4:24-cv-00847 (E.D. Mo. June 18, 2025) (granting preliminary approval of class action settlement one month after filing of motion in support, without hearing); *Miles* v. *Medicredit, Inc.*, No. 4:20-CV-1186-JAR, 2023 WL 1794559, at *1 (E.D. Mo. Feb. 7, 2023) (granting preliminary approval of class action settlement four days after filing of motion in support, without hearing).

to grant preliminary approval to start the notice, opt-out and objection process, while reserving further consideration of objections for the final approval stage.

In its Preliminary Approval Order, the State Court directed a comprehensive nationwide notice program, which is ongoing, and established an opt-out process with a June 4, 2026 deadline. Notice, Ex. 7 (Preliminary Approval Order) ¶¶ 57, 61.  Many putative class members, including several represented by Objectors' counsel, Frazer PLC, have already submitted opt outs, without any apparent difficulty in doing so.  Ex. 1 (Golin Decl.) ¶ 4.  The deadline to file objections is also June 4.  Notice, Ex. 7 (Preliminary Approval Order) ¶ 60.  A final approval hearing is scheduled for July 9, 2026. *Id.* ¶ 65.  If the State Court grants final approval, Objectors can appeal up through the Missouri appellate system and to the United States Supreme Court, as Judge Chhabria, the presiding judge in the federal MDL, pointed out when acknowledging that he does not have jurisdiction over the Settlement Proceeding.  *See* Notice, Ex. 2 (Chhabria Transcript) at 9:8–12 ("Whatever problems there are with this settlement agreement . . . that is for the appellate courts in Missouri to address and possibly the United States Supreme Court to address.  But it's not -- it's not for me to address."); 13:3–7 ("I don't understand why a federal judge in California should step in and fix that problem.  I mean, I just don't understand why it's not a problem for the Missouri appellate courts to fix and the Supreme Court—U.S. Supreme Court to fix, if necessary.").

Contrary to Objectors' hyperbolic claims of collusion, Notice at ¶¶ 2–5, 12–13, the Settlement is the result of extensive, arm's-length negotiations.  The Settlement was reached only after 18 months of hard-fought negotiations between highly experienced counsel.  The negotiations were overseen by a well-regarded national mediator.  Judge Glenn Norton (ret.), who has been serving as the Missouri settlement master for Roundup cases, was also regularly updated on the

4

progress of the negotiations.  Notice, Ex. 5 at Ex. 4 (Kurdi Prelim. App. Decl.) ¶ 3; Notice, Ex. 5 at Ex. 2 (Holland Prelim. App. Decl.) ¶ 30.

In addition to providing many billions of dollars of compensation, the Settlement comes at a time of significant uncertainty for *all* Roundup plaintiffs, given the Supreme Court's decision to hear the issue of whether plaintiffs' principal theory of recovery is preempted, in the case *Monsanto Co.* v. *Durnell*, 607 U.S. __ (2026) (No. 24-1068, 2025 Term).  *Durnell* was argued in April and is now fully submitted for decision.  Significantly, Monsanto will be bound by the terms of the Settlement regardless of what the Supreme Court may decide in *Durnell*, so long as the State Court approves the Settlement and it is upheld on appeal, among other things.  Notice, Ex. 6 (Settlement Agreement) § 21.1.

Beyond that, continued protracted litigation of tens of thousands of Roundup claims would threaten any meaningful recovery for class members due to the risk of Monsanto's bankruptcy and the litigation delay resulting from the sheer volume of filings and small number of cases that can be set for trial in any given year.  Notice, Ex. 5 at Ex. 3 (Seeger Prelim. App. Decl.) ¶ 39; Notice, Ex. 5 at Ex. 4 (Kurdi Prelim. App. Decl.) ¶ 11.  In contrast, the Settlement secures massive, certain relief for tens of thousands of class members diagnosed with NHL both now and in the future.  The Settlement thus provides significant benefits at a time when plaintiffs risk preemption of their principal legal theory and face other challenges to meaningful recovery on their claims.

Numerous firms with active Roundup cases have declared support for the Settlement publicly and/or have agreed to serve on the plaintiffs' steering committee to implement it. Collectively, proposed class counsel and other supporting firms represent the substantial majority of the pending Roundup claims that remain unresolved—tens of thousands of plaintiffs.  Ex. 1 (Golin Decl.) at Ex. A. (Seeger MDL Decl.) ¶ 6.

5

By contrast, Objectors are ten individuals, all represented by the same counsel. Ex. 1 (Golin Decl.) ¶ 5. None of the Objectors has filed a Roundup lawsuit against Monsanto. *Id*. Before filing this belated removal notice, all ten Objectors invoked the jurisdiction of the State Court by filing substantive objections to the Settlement there,[4] as did three more objectors represented by the same counsel who did not join in the removal notice.[5] Even though Objectors had filed objections, even though the state court proceedings had been ongoing for three months, and even though the opt-out and objection deadlines were just two weeks away, Objectors suddenly pivoted last Friday. In a transparent attempt to disrupt the State Court process on the eve of the objection and opt-out deadlines and to delay the final approval hearing where their objections would be heard, they filed this removal notice asserting that this Court has jurisdiction under CAFA. At the same time, they filed a notice of potential tag-along action in the Roundup MDL and a motion to stay these proceedings pending the JPML's ruling on the transfer of the action. *See* Objector Defendants' Notice of Potential Tag-Along Action, *In re Roundup Products Liability Litigation*, MDL No. 2741 (May 22, 2026); Objector Defendants' Motion to Stay All Proceedings Pending Ruling on Transfer to Multidistrict Litigation, ECF No. 3 (May 22, 2026).

As shown below, this removal notice is baseless, untimely, and was filed solely as a tactical maneuver to interfere with the approaching deadlines and final approval hearing. The criticisms of the Settlement raised here by Objectors can be raised in the State Court. Indeed, Objectors have already put these issues before the State Court in their objections, and the State Court has specifically held that it will consider those objections (and any others) in connection with

---

[4] Ex. 1 (Golin Decl.) at Ex. E (Objection, *King* v. *Monsanto* (May 21, 2026)).
[5] Ex. 1 (Golin Decl.) at Exs. F, G, H (Objections, *King* v. *Monsanto* (May 21, 2026)).

considering final approval.  The Court should thus reject Objectors' improper removal of the Settlement Proceeding and remand the case immediately to the State Court.

## ARGUMENT

Following removal, a party may move to remand the case to state court, and the case "shall be remanded" if it appears that the district court lacks subject matter jurisdiction.  28 U.S.C. § 1447(c).  Objectors bear the burden of establishing that removal was proper, and "[a]ll doubts about federal jurisdiction" must be "resolved in favor of remand to state court."  *In re Prempro Prods. Liab. Litig.*, 591 F.3d 613, 620 (8th Cir. 2010); *see also Junk* v. *Terminix Int'l Co.*, 628 F.3d 439, 446 (8th Cir. 2010) (doubts about whether removal is proper are resolved in favor of keeping the case in state court).  *Simmons* v. *Skechers USA, Inc.,* No. 4:15-CV-340-CEJ, 2015 WL 1604859, at *1 (E.D. Mo. Apr. 9, 2015); *Spears* v. *Fresenius Med. Care N. Am., Inc.*, No. 4:13-CV-855 CEJ, 2013 WL 2643302, at *2 (E.D. Mo. June 12, 2013).  As shown below, Objectors cannot carry their burden:  they are not defendants in, or even parties to, the Settlement Proceeding; their removal was untimely; and, in any event, they have waived any right to removal.

## I.    Objectors are not defendants under CAFA and therefore cannot remove the Settlement Proceeding.

The only basis Objectors cite for removal jurisdiction is CAFA.  CAFA provides that a "defendant" may remove a "class action" filed against it in state court under specified circumstances.  28 U.S.C. § 1453(b); *see also* 28 U.S.C. § 1441(a) (general removal statute providing that "any civil action" over which a federal court would have original jurisdiction may be removed to federal court by "the defendant or the defendants").

Objectors here are, of course, not "defendants" (indeed, they are not even parties, *see* Point II, *infra*).  Controlling Supreme Court precedent bars their attempt to ignore CAFA's plain language.  In *Home Depot U.S.A., Inc.* v. *Jackson*, the Supreme Court rejected a third-party

counterclaim defendant's attempt to remove under CAFA. The Court held that the word "defendant" in CAFA and the general removal statute "refers *only* to the party sued by the original plaintiff." 587 U.S. 435, 437 (2019) (emphasis added).

As the Supreme Court explained, "the phrase 'the defendant or the defendants' 'cannot be construed in a vacuum.'" *Id.* at 441 (citation and internal quotations omitted). In "other removal provisions, Congress has clearly extended the reach of the statute to include parties other than the original defendant. For instance, § 1452(a) permits '[a] party' in a civil action to 'remove any claim or cause of action' over which a federal court would have bankruptcy jurisdiction. And §§ 1454(a) and (b) allow 'any party' to remove '[a] civil action in which any party asserts a claim for relief arising under any Act of Congress relating to patents, plant variety protection, or copyrights.'" *Id.* at 442–43. But under both CAFA and the general removal statute, Congress did not alter the meaning of "defendant" beyond its original context, nor "expand the class of parties who can remove a class action." *Id.* at 444–45.

It is thus settled law that the term "defendant" in both CAFA and the general removal statute allow "only" the original defendant—"the party sued by the original plaintiff"—to remove. *Id*. at 437. CAFA removal is not available to intervenors, counterclaimants, or other parties that assert a "defense" interest in a lawsuit but were not named as defendants by the original plaintiffs. *Id.; see also Twardowski* v. *Haskins*, No. 4:19-CV-03305 SEP, 2020 WL 735758, at *1 (E.D. Mo. Feb. 13, 2020) (removal statute "unambiguously provides the right of removal only to defendants"); *Riceland Foods, Inc.* v. *Gray, Ritter & Graham, P.C.*, No. 4:14 CV 81 CDP, 2014 WL 2804980, at *2 (E.D. Mo. June 20, 2014) ("removal of a cause . . . could be effected . . . only by a defendant against whom the suit is brought by process served upon him"); *Gen. Credit Acceptance, Co., LLC* v. *Deaver*, No. 4:13CV00524 ERW, 2013 WL 2420392, at *4 (E.D. Mo.

8

June 3, 2013) (granting motion to remand where counterclaim defendant attempted to remove under CAFA); *First Bank* v. *DJL Props., LLC*, 598 F.3d 915, 918 (7th Cir. 2010) ("Congress enacted a *rule* allowing removal by 'defendants'; it did not say anything similar to: 'Courts may allow removal whenever the case involves a large, multi-state class action.'") (emphasis in original).

Objectors are plainly not "the party sued by the original plaintiff[s]" here.  Only Monsanto is the party sued by the original plaintiffs.  Indeed, even on Objectors' tortured realignment theory (which, as shown below, is baseless), Objectors would not be "the party sued by the original plaintiff[s]"; indeed, they have not been sued at all.  Therefore, as the *Home Depot* Court held, CAFA does not allow Objectors to remove.

## II.    Objectors are not parties to the Settlement Proceeding.

While the Court need not go further to remand this case, the defects in removal go well beyond the unavailability of CAFA removal.

Among other things, the law is clear that the Objectors are not even *parties* to this case, and thus could not remove it even if removal rights extended beyond the defendant (contrary to CAFA and *Home Depot*).  In *Smith* v. *Bayer Corp.*, the Supreme Court held that class members not named in the complaint are not considered parties to a class action prior to class certification. 564 U.S. 299, 313 (2011) (describing the argument that a nonnamed class member "is a party to the class-action litigation *before the class is certified*" as "surely erroneous") (quoting *Devlin* v. *Scardelletti*, 536 U.S. 1, 16 n.1 (2002) (Scalia, J., dissenting)) (emphasis in original); *see also, e.g.*, *In Re Hall*, 4 F.4th 376, 379 (6th Cir. 2021) (holding that because objectors do not "qualify as 'parties'" prior to certification, they lack the right to attend "pre-judgment conferences"); *Slack* v. *Int'l Union of Operating Eng'rs*, No. C-13-5001 EMC, 2013 WL 12218461, at *1 (N.D. Cal. Dec.

9

3, 2013) ("[T]he case law establishes that a putative class member is not deemed a party to an action until that class has been certified.").[6]

Here, the class has not been certified. The State Court will consider class certification in connection with the final approval of the Settlement. Objectors (who never even sought to intervene) are thus not parties to the case, let alone defendants entitled to remove.

For this reason, even before *Home Depot*, the courts rejected the proposition that an objector may remove a state court settlement proceeding involving an as yet uncertified class to federal court. For example, where putative class members in a California state court class action settlement proceeding argued, like Objectors here, that they were "functional defendant[s]" and filed a notice of removal, the federal court observed that the putative class members "cite[] to no authority supporting the proposition that putative class members should be considered 'parties' to the action for purposes of removal jurisdiction, *as none appears to exist*" and because "[t]he case law is *uniformly* to the contrary." *See Anaya* v. *QuickTrim, LLC*, No. CV 12-1967-CAS DTBX, 2012 WL 6590825, at *3–4 (C.D. Cal. Dec. 17, 2012) (emphases added). The court therefore concluded that the putative class members' argument was "without merit," and granted the motion to remand. *Id.* at *3; *see also Juliano* v. *Citigroup, N.A.,* 626 F. Supp. 2d 317, 319 (E.D.N.Y. 2009) (citations omitted) ("In short, a non-party lacks standing to invoke a district court's removal jurisdiction under 28 U.S.C. §§ 1441 and 1446."); *Sheppard* v. *Sheppard,* 481 F. Supp. 2d 345,

---

[6] Courts have recognized limited situations where an objector can be considered a party, but none apply here. "Nonnamed class members are, for instance, parties in the sense that the filing of an action on behalf of the class tolls a statute of limitations against them," or for purposes of appealing a settlement, but not parties in "that nonnamed class members cannot defeat complete diversity." *Devlin*, 536 U.S. at 10. In *Devlin*, the Supreme Court , in the context of a certified class after final judgment, found that "nonnamed class members are parties to the proceedings in the sense of being bound by the settlement" and so do not need to intervene before appealing. *Id.* at 14. Subsequently, in *Smith*, the Court clarified that, prior to certification, non-named class members are not parties. 564 U.S. at 313.

10

348 (D.N.J. 2007) ("To interpret 'defendant' to include nonparties would produce an absurd result and would contravene more than 65 years of jurisprudence that has only allowed removal by 'defendants' to claims asserted by a plaintiff."); *Am. Home Assur. Co.* v. *RJR Nabisco Holdings Corp.*, 70 F. Supp. 2d 296, 298–99 (S.D.N.Y. 1999) ("[A] non-party—even one that . . . claims to be a real party in interest—has no authority to notice removal under the statutes here utilized, 28 U.S.C. § 1441 and § 1446(a), which speak only of removal 'by the defendant or defendants.'").

Objectors nonetheless argue that they should be "realigned" and considered defendants. But this is the exact argument the courts rejected in the cases cited in the last paragraph, and, for many reasons, carries no weight here.  First, realignment is limited to the realignment of actual *parties*.  *Gen. Credit Acceptance, Co., LLC*, 2013 WL 2420392 at *5 (holding that a realignment inquiry "examines whether parties with the same ultimate interests in the outcome of the action are on the same side") (citation and internal quotations omitted).  As set forth above, Objectors are not parties.

Second, the Objectors cite no case, and we have found none, where a "realignment" was used to allow removal.  Indeed, on the Objectors' theory, *any* objector could remove *any* state court class settlement by unilaterally styling themselves as a realigned "defendant."  There is no support for this radical expansion of federal removal jurisdiction.  To the contrary, the courts consistently reject attempts to base removal on realignment contentions.  *See Rothrock* v. *Capital Logistics, LLC*, No. 6:20-CV-03225-MDH, 2020 WL 5536485, at *3 (W.D. Mo. Sep. 15, 2020) (rejecting intervening insurer's contention that it had become a defendant for removal purposes by virtue of intervening); *Green Tree Fin. Corp.* v. *Arndt*, 72 F. Supp. 2d 1278, 1282 (D. Kan. 1999) (rejecting plaintiff's attempt to realign itself as defendant for removal purposes because "none of the cases cited, nor any other case of which the court is aware, have employed realignment

11

principles to conclude that a state court plaintiff can become a defendant, for purposes of § 1441(a)"); *Chicago, R.I. & P.R. Co.* v. *Stude*, 204 F.2d 116, 120 (8th Cir. 1953) (reversing denial of remand where plaintiff sought to restyle itself as a defendant for purpose of removal), *aff'd*, 346 U.S. 574 (1954).

Third, the sole authority Objectors cite in support of their realignment argument (an 85-year-old case not involving a class settlement) critiques the very gamesmanship Objectors themselves engage in. In *City of Indianapolis* v. *Chase Nat'l Bank*, a plaintiff in a state court case was alleged to have filed suit against an extraneous friendly party in order to achieve diversity of citizenship and facilitate removal to federal court. 314 U.S. 63, 71 (1941). The Supreme Court held that this contrived attempt at removal was improper because "[t]he fact that [plaintiff] prefers the adjudication of its claims by the federal court is certainly no reason why [the Court] should deny the plain facts of the controversy and yield to illusive artifices." *Id.* at 76. Here, Objectors deploy "illusive artifices" to portray themselves, non-parties to an uncertified class action settlement, as the true defendants, when it is Monsanto that has faced tens of thousands of claims like those asserted by the plaintiffs in the State Court Petition, and it is Monsanto who will have to make billions of dollars of payments if the Settlement is finally approved. That Objectors do not like aspects of the Settlement does not make them defendants—it makes them, quite simply, Objectors, who are also, of course, free to opt out of the Settlement if they so choose.

## III.     Removal is untimely.

Objectors' Notice is also untimely. A defendant must file for removal "within 30 days after the receipt . . . of a copy of the initial pleading" setting forth the claim for relief upon which the action is based. 28 U.S.C. § 1446(b)(1). Objectors, however, waited more than three *months* after the filing of the Motion for Preliminary Approval and Petition to seek removal. Courts strictly construe the 30-day removal deadline. *See Dalton* v. *Walgreen Co.*, 721 F.3d 492, 493 (8th Cir.

12

2013); *Flath* v. *Barnes Jewish Hosp.*, No. 4:12CV00721 ERW, 2012 WL 4809179, at *3 (E.D. Mo. Oct. 10, 2012).  Indeed, the Supreme Court held just last month that the 30-day deadline for removal is "mandatory" and that even allowing for equitable tolling "would undermine Congress's manifest interest in resolving threshold removal questions early and conclusively."  *Enbridge Energy, LP* v. *Nessel*, 608 U.S. __, 146 S. Ct. 1074, 1082–84 (2026).  The Supreme Court explained that, under a laxer regime, "the possibility of a late removal would hang over a case, generating uncertainty and risking significant waste of resources in one forum before a possible belated removal to another."  *Id.* at 1084.

In a meritless attempt to evade this deadline, Objectors claim they were never "formally served" with the Motion for Preliminary Approval, and only received copies earlier this month. Notice ¶ 18.  This is a red herring.  Because they are not parties, putative class members are never "served" in the traditional sense—they instead receive notice as part of an extensive court-ordered notice campaign.  Moreover, Objectors cannot deny that their counsel was apprised of the Settlement immediately when this case was filed back in February.  That is critical:  in the class action context, notice to counsel is imputed to that counsel's clients.  *See, e.g.*, *In re Deepwater Horizon*, 819 F.3d 190, 199 (5th Cir. 2016) ("It is well established that notice to Mason's attorney is imputed to Mason."); *In re Prudential Sec. Inc. Ltd. P'ships Litig.,* 164 F.R.D. 362, 370 n.7 (S.D.N.Y.) ("Notice conferred upon a class member's counsel may be imputed to the class member herself."), *aff'd sub nom. In re Prudential Sec. Inc. Ltd. P'ships Litig.*, 107 F.3d 3 (2d Cir. 1996).

Here, the Settlement was so widely publicized that one of Objectors' counsel, Mr. Sifton, filed a notice of appearance in the Settlement Proceeding on February 19, 2026—a mere two *days* after the parties filed for preliminary approval, and well before the Preliminary Approval Order was entered.  *See* Ex. 1 (Golin Decl.) at Ex. C (Entry, *King* v. *Monsanto Co.* (Feb. 19, 2026)).

13

Mr. Sifton thus had notice of the Settlement *over three months* before filing the Notice of Removal, and that notice is imputed to his clients.  *See In re Deepwater Horizon*, 819 F.3d at 199; *In re Prudential,* 164 F.R.D. at 370 n.7.    Following Mr. Sifton's appearance in the Settlement Proceeding, he submitted several opt-outs on behalf of other clients, but did not seek to remove this action (until now).  Objectors' decision to remove more than three months into the Settlement Proceeding, and less than two weeks before the deadline set by the State Court for the filing of objections and opt-outs, is pure gamesmanship.[7]  The strict 30-day timeline for removal is thus another basis for remand.  *See Dalton*, 721 F.3d at 494.

## IV.    Even if Objectors had a right to remove—and they do not—they have waived removal.

Even if Objectors somehow had a right to remove the Settlement Proceeding, they waived that right by filing substantive objections to the Settlement in State Court prior to removing.  In the Eighth Circuit, "[a] defendant waives the right to remove by taking some substantial offensive or defensive action in the state court action indicating a willingness to litigate in that tribunal before filing a notice of removal with the federal court."  *PR Grp., LLC* v. *Windmill Int'l, Ltd.*, 792 F.3d 1025, 1026 (8th Cir. 2015).  Filing a pleading that engages on the merits waives a defendant's right to removal.  *See, e.g.*, *McGuire* v. *City of Kansas City, Missouri*, No. 4:21-CV-00651-DGK, 2021 WL 5770167, at *2 (W.D. Mo. Dec. 6, 2021) ("Here, Defendant Baker filed a motion to dismiss in state court, thereby waiving her right to remove to this Court."); *Carmel-Noland* v. *CNHI, LLC*, No. 3:18-CV-05075-MDH, 2018 WL 4355823, at *3 (W.D. Mo. Sept. 12, 2018) (finding waiver where defendant filed motion to dismiss that "addressed or sought adjudication on the merits.")

---

[7] Another one of Objectors' counsel has recently been sanctioned for this type of gamesmanship. *See* Opinion & Order, *In re Acetaminophen - ASD-ADHD Products Liability Litigation*, No. 22-md-3043, at 12 (S.D.N.Y. May 8, 2026) (sanctioning Ashley Keller and his firm Keller Postman for using confidential MDL discovery material in state court actions in violation of a federal protective order).

(internal citations omitted); *Acosta* v. *Direct Merchants Bank*, 207 F. Supp. 2d 1129, 1132 (S.D. Cal. 2002) (filing counterclaims waived right to removal); *Harris* v. *Brooklyn Dressing Corp.*, 560 F. Supp. 940 (S.D.N.Y. 1983) (same).

Here, filing objections is precisely the kind of "substantial offensive . . . action" that indicates a "willingness to litigate" before the State Court.  An objection by definition engages on the merits of the claims at issue in a settlement, and Objectors' objections did so here.  For example, the Objectors asserted in their State Court objections that the Settlement's notice program was defective and the compensation scheme was inadequate, while also challenging the adequacy of the named plaintiffs' representation of the Class and the scope of the Settlement's releases.  *See* Ex. 1 (Golin Decl.) at Ex. E (Objection, *King* v. *Monsanto* (May 21, 2026)) ¶¶ 5, 7, 9, 11.  By filing objections to the Settlement prior to removal, Objectors "sought the [S]tate [C]ourt's adjudication by addressing the substantive merits of the" Settlement, "manifest[ing] a 'clear and unequivocal' intent to submit the case to the [S]tate [C]ourt's jurisdiction, and thus waive[d] removal." *See City of Albuquerque* v. *Soto Enterprises, Inc.*, 864 F.3d 1089, 1098–99 (10th Cir. 2017).  For this additional reason, their attempt to remove the Settlement Proceeding should be rejected.

## CONCLUSION

Objectors are not defendants or even parties, and cannot remove the Settlement Proceeding under CAFA.  The removal was also untimely, and Objectors have waived any ability to remove.  The Court therefore should immediately remand this action to the State Court.

15

Dated:  May 26, 2026                                        Respectfully submitted,

                                                  *s/ James F. Bennett*
                                                  James F. Bennett #46826(MO)
                                                  **DOWD BENNETT LLP**
                                                  7676 Forsyth Blvd., Ste. 1900
                                                  St. Louis, Missouri 63105
                                                  314-880-7300
                                                  jbennett@dowdbennett.com

                                                  Elaine P. Golin #2887586(NY)*
                                                  Jeffrey M. Wintner #2327567(NY)*
                                                  Carrie M. Reilly #4397451(NY)*
                                                  **WACHTELL, LIPTON, ROSEN & KATZ**
                                                  51 West 52nd Street
                                                  New York, New York 10019
                                                  212-403-1000
                                                  epgolin@wlrk.com
                                                  jmwintner@wlrk.com
                                                  cmreilly@wlrk.com

                                                  Daniel W. Nelson*
                                                  **GIBSON, DUNN & CRUTCHER LLP**
                                                  1700 M Street N.W.
                                                  Washington, D.C. 20036
                                                  202-887-3687
                                                  dnelson@gibsondunn.com

                                                  *Attorneys for Defendant Monsanto Company*

                                                  *\* pro hac vice forthcoming*

16

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 26th day of May 2026, the above and foregoing was filed electronically with the Clerk of the Court, to be served by operation of the Court's electronic filing system upon all counsel of record.

*s/ James F. Bennett*
James F. Bennett #46826(MO)
**DOWD BENNETT LLP**
7676 Forsyth Blvd., Ste. 1900
St. Louis, Missouri 63105
314-880-7300
jbennett@dowdbennett.com

17