# EXHIBIT D



FILED

MAR 0 4 2026

22ND JUDICIAL CIRCUIT
CIRCUIT CLERK'S OFFICE
BY _____ DEPUTY

**MISSOURI CIRCUIT COURT**
**TWENTY-SECOND JUDICIAL CIRCUIT**
**(City of St. Louis)**

RANDALL KING, SCOTT )
BUTTERFIELD, ROBERT )
KOEHLER, MICHAEL MERX, )
and BRUCE WALDMAN, )
)
Plaintiffs, )
)
vs. ) Case No. 2622-CC00325
)
) Division No. 8
MONSANTO COMPANY, )
)
Defendant. )

**MEMORANDUM**

Plaintiffs request that this Court enter a Preliminary Approval Order allowing for the following: (1) preliminary approval for a settlement agreement; (2) preliminary certification of a settlement class; (3) approval of a settlement class notice plan; (4) the scheduling of a fairness hearing; (5) appointment of class representatives and class counsel; and (6) a stay and injunctive relief precluding the filing and prosecution of Roundup-related actions in Missouri courts by settlement class members. Plaintiffs' request is unopposed by Defendant.

This Court was presented with the filings in this case on February 17, 2026, at which time the Preliminary Approval Order was discussed, among other matters. All parties appeared before the Court by and through counsel. In addition, the Court

ENTERED

MAR 0 4 2026

P A C

questioned the parties' counsel regarding the Preliminary Approval Order and other pertinent matters.   The parties provided the Court with extensive briefing, exhibits, declarations and authorities in support of the Preliminary Approval Order.

On February 24, 2026, the Court appointed a special master on the case, prior to making any findings on the case, to facilitate communication with counsel regarding the filings.

Under the Missouri Court Rules, the issue now before the Court is whether it will likely be able to approve the settlement under Rule 52.08 and certify the class for purposes of judgment.  In addition, the Court must ensure that notice is directed to potential class members in accordance with applicable law.  The Court acknowledges that the parties have worked on the underlying settlement agreement over a significant period of time and recognizes that the attorneys involved have substantial expertise.  The counsel involved in this negotiation have substantial and relevant past experience, and worked for eighteen months with a neutral, respected mediator at arm's length. These efforts resulted in a settlement agreement envisioning the payment of a significant amount of money over an extended period.

The Court has also reviewed the Motion to Intervene filed in this case, which was submitted by a number of attorneys with significant experience in Roundup cases.  The Motion identifies a number of alleged deficiencies in the case and proposed settlement.  Any party with an objection to the proposed settlement may express concerns in accordance with the Proposed Approval Order.  The Court will not make a final determination on approval of the settlement until it has conducted a fair and complete hearing as required by Rule 52.08(e)(2).

The Court has also reviewed the Motion Opposing Fast Track Approval of Proposed Class Action Settlement filed by the same attorneys.  At this point, having carefully reviewed all of the documents presented to the Court, the Court has had adequate time to make a ruling on the Preliminary Approval Order.  If any attorney believes they need additional time to consult with their clients, the Preliminary Approval Order allows the Court to extend any deadlines upon a finding of good cause.

Contemporaneously with the filing of this Memorandum, the Court is entering the Preliminary Approval Order.  That Order contains all the findings and rulings of this Court.

_____  SS079

Timothy Boyer, Judge

3