**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

RANDALL KING, SCOTT BUTTERFIELD,
ROBERT KOEHLER, MICHAEL MERX,
and BRUCE WALDMAN,

              Plaintiffs,

v.

MONSANTO COMPANY,

              Defendant,

JANE DOES 1, 2, and 3,

              Proposed Intervenors.

Case No. 4:26-cv-00813-HEA

## COMPLAINT FOR INTERVENTION

1.      Randall King, Scott Butterfield, Robert Koehler, Michael Merx, and Bruce Waldman (the "Named Plaintiffs"), filed a Class Action Petition on February 17, 2026 against Monsanto Co., in the 22nd Judicial Circuit Court for St. Louis City, Missouri, seeking certification of a class of plaintiffs injured by Monsanto Co.'s product, Roundup, in connection with a proposed class action settlement with Monsanto (hereinafter referred to collectively as "Settlement Proponents").

2.      Intervenors Jane Does 1, 2 and 3, and other putative class members, whose due process rights have been and continue to be violated by the *King* class action settlement, including those class members with pending lawsuits affected by the stay of litigation (including the stay of imminent trials) and the "unopposed" motion for preliminary approval and its lack of public participation; those class members who did not receive service or other notice from the Settlement Proponents of the Class Action Petition, motion for preliminary approval, request for hearing on

the motion for preliminary approval, or request for stay of all pending Missouri litigation; and those class members who otherwise will suffer deprivation of their constitutionally protected due process rights by the onerous procedures and unfair and prejudicial deadlines for opting out of and objecting to the settlement, seek to intervene in the instant case.

3. Monsanto Co. waived service of process in the original action, Cause No. 2622-CC00325, and did not file answer. Instead, Monsanto consented to the filing of an "Unopposed Motion for Entry of the Preliminary Approval Order," along with other motions filed jointly with the Named Plaintiffs to seal portions of the record and to approve an Escrow Fund Agreement and appoint an Escrow Agent.

4. Counsel for the Settlement Proponents met with the judge of the 22nd Circuit Court for St. Louis City, Missouri, in a thirty-minute off-the-record hearing on February 17, 2026, concerning their "unopposed" motion for preliminary approval of the proposed $7.4 billion class action settlement, which included a request for a stay of all Roundup-related product liability lawsuits against Monsanto Co. pending in the State of Missouri, and a request that a hearing on the preliminary approval order be held within 14 days of filing the suit.

5. No putative class members had notice or an opportunity to be heard at the off-the-record hearing held on February 17, 2026, concerning the proposed preliminary approval order and proposed stay of litigation.

6. After learning of the existence of the original action and the proposed Preliminary Approval Order, counsel for the undersigned Intervenors on February 24, 2026, filed a Motion to Intervene on behalf of six putative class members, along with a Motion Opposing Fast Track Preliminary Approval of Proposed Class Action Settlement. Among other things, the six putative class members asked for additional time to evaluate the six-hundred-page settlement agreement

and attachments before any hearing on the Proposed Approval Order and an opportunity to be heard on, among other things, the rushed schedule for opt-outs and objections proposed jointly by Named Plaintiffs and Monsanto.

7. On March 4, 2026, without conducting a public hearing on the "unopposed" motion for preliminary approval, or any hearing on the petition for intervention or the motion opposing fast track preliminary approval, the Missouri state court entered the Preliminary Approval Order in substantially the same form as submitted jointly by Settlement Proponents. The court also entered a Memorandum Order stating that putative class members who had sought to intervene could assert any objections at the hearing on final approval of the class, scheduled for July 9, 2026. The court further stated that any request for extension of time for good cause could be raised at a later date if necessary.

8. Counsel for the undersigned Intervenors unsuccessfully sought writ relief from the denial of their motion to intervene on behalf of six putative class members in the Missouri Court of Appeals, Eastern District, and the Missouri Supreme Court.

9. On May 22, 2026, six Objector Defendants filed a Notice of Removal removing this action to the Eastern District of Missouri. Objector Defendants also moved to stay proceedings until the case is finally transferred to the Northern District of California where the Roundup multidistrict litigation has been pending for nearly ten years.

10. Intervenors are putative class members bound by the March 4, 2026, Preliminary Approval Order, which provides that all class members submit opt-out requests or objections by June 4, 2026.

11. Intervenors either have not received actual notice of the proposed settlement from Settlement Proponents; received the notice which is inadequate in explaining their rights,

3

obligations and likely recovery under the settlement agreement and need more time to make an informed decision that will forever and the risks of litigation; and/or have received notice from their counsel but have not had an adequate opportunity to evaluate and respond to the proposed settlement despite their good faith effort to comply with the scheduling deadlines in the Preliminary Approval Order. Despite those efforts, they have not been able to make an election regarding whether to opt out, remain in the class, or object as of the time of the filing of this petition, and there are only four remaining days.

12.     Settlement Proponents do not represent the interests of Proposed Intervenors and have in fact actively worked against the interests of the Proposed Intervenors.

13.     A stay of the *King* class settlement proceedings, including the opt out and objections deadline, pending final ruling on transfer to the Roundup multidistrict litigation, MDL 2741, is necessary to protect the due process rights of Intervenors and absent class members.

## PRAYER FOR RELIEF

WHEREFORE, Intervenors demand

(1) that they be permitted to intervene as Defendants in this proceeding; and

(2) that the Court stay all *King* class settlement proceedings, including the opt out and objection deadline, in the Preliminary Approval Order.

Respectfully submitted,

**NIEMEYER, GREBEL & KRUSE, LLC**

By:     */s/ Mark R. Niemeyer*
Mark R. Niemeyer      #42437(MO)
Michael Kruse           #57818(MO)
211 N. Broadway, Suite 2950
St. Louis, MO 63102
314-241-1919 phone
niemeyer@ngklawfirm.com
kruse@ngklawfirm.com

4

– and –

**WEITZ & LUXENBERG, PC**

*/s/ Robin Greenwald*
Robin Greenwald
Alicia Butler
Chantal Khalil Levy
700 Broadway
New York, NY 10003
212-558-5500 phone
rgreenwald@weitzlux.com
abutler@weitzlux.com
ckhalil@weitzlux.com

*Counsel for Intervenors*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and accurate copy of the foregoing was filed and served by the Missouri Electronic Filing System on this 2nd day of June 2026, to all counsel of record.

*/s/ Mark R. Niemeyer*
Mark R. Niemeyer