**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| RANDALL KING, *et al.*, on behalf of themselves and others similarly situated, | ) ) ) | |
| Plaintiffs, | ) ) | Case No. 4:26-cv-813 |
| vs. | ) ) | |
| MONSANTO COMPANY, | ) ) | |
| Defendant. | ) | |

## DEFENDANT'S RESPONSE TO CLASS COUNSEL'S PETITION FOR APPROVAL OF ATTORNEYS' FEES AND AWARD OF CLASS REPRESENTATIVE SERVICE AWARDS

## TABLE OF CONTENTS

**Page**

INTRODUCTION ........................................................................................................................1

LAW AND ARGUMENT ............................................................................................................2

CONCLUSION.............................................................................................................................4

i

# TABLE OF AUTHORITIES

**Cases**                                                                                           **Page(s)**

*Allapattah Services, Inc.* v. *Exxon Corp.*,
    454 F. Supp. 2d 1185 (S.D. Fla. 2006) ........................................................................3

*Berry* v. *Volkswagen Grp. of Am., Inc.*,
    397 S.W.3d 425 (Mo. banc 2013) ..............................................................................2

*Craftwood Lumber Co.* v. *Interline Brands, Inc.*,
    No. 11-CV-4462, 2015 WL 1399367 (N.D. Ill. Mar. 23, 2015) ..................................3

*Deepwater Horizon*,
    No. 2179, 2016 WL 6215974 (E.D. La. Oct. 25, 2016) ..............................................2

*Granny Goose Foods, Inc.* v. *Bd. of Teamsters & Auto Truck Drivers Local No. 70 of Alameda Cnty.*,
    415 U.S. 423 (1974)...............................................................................................1 n.1

*In re 3M Combat Arms Earplugs Prods. Liab. Litig.*,
    No. 2:19-md-2885, Dkt. No. 4118 (N.D. Fl. Nov. 13, 2024) ......................................2

*In re Aqueous Film-Forming Foams Prods. Liab. Litig.*,
    No. 2:18-mn-02873, Dkt. No. 6408 (D.S.C. Nov. 22, 2024).......................................2

*In re Credit Default Swaps Antitrust Litig.*,
    No. 13MD2476 (DLC), 2016 WL 2731524 (S.D.N.Y. Apr. 26, 2016)........................3

*In re Diet Drugs Prods. Liab. Litig.*,
    553 F. Supp. 2d 442 (E.D. Pa. 2008) ..........................................................................2

*In re Royal Ahold N.V. Sec. & ERISA Litig.*,
    461 F. Supp. 2d 383 (D. Md. 2006).............................................................................3

*In re Syngenta AG MIR 162 Corn Litigation*,
    357 F. Supp. 3d 1094 (D. Kan. 2018)..........................................................................3

*In re Tyco Int'l, Ltd.*,
    535 F.Supp.2d 249 (D.N.H. Dec. 19, 2007) ................................................................3

*In re Vioxx Prods. Liab. Litig.*,
    760 F. Supp. 2d 640 (E.D. La. 2010)...........................................................................2

*In re Volkswagen "Clean Diesel" Mktg., Sales Practices & Prods. Liab. Litig.*,
    No 3:15-md-02672, Dkt. No. 3053 (N.D. Cal. Mar. 17, 2017) ...................................2

*Roberts* v. *Harley Davidson Fin. Servs., Inc.*,
    611 F. Supp. 3d 761 (W.D. Mo. 2020) ...................................................................1 n.1

ii

**Statutes and Rules**

28 U.S.C. § 1450................................................................................................................1 n.1

Rule 52.08(h) .............................................................................................................................2

**Other Authorities**

Brian T. Fitzpatrick, *An Empirical Study of Class Action Settlements and Their Fee Awards*, 7 J. EMPIRICAL LEGAL STUDIES 811 (2010)..........................................3

Theodore Eisenberg & Geoffrey P. Miller, *Attorney Fees and Expenses in Class Action Settlements: 1993-2008*, 7 J. EMPIRICAL LEGAL STUDIES 248 (2010)...........................3

Defendant Monsanto Company ("Monsanto") responds[1] as follows to Class Counsel's petition (the "Petition") for an order approving payment of attorneys' fees and making service awards to the class representatives.  *See* Petition (May 7, 2026).[2]

## INTRODUCTION

Monsanto recognizes the hard work that Class Counsel has put into the Settlement over nearly two years and the benefits that work has secured for the members of the proposed class. Monsanto also recognizes that portions of the awarded fee may be allocated to other counsel for their contributions.  For those reasons, Monsanto agrees that a substantial fee award is appropriate.

At the same time, however, fee awards subtract from the amount of the Settlement Fund that can be used for awards to class members.  For that reason, there is a substantial body of law regarding the appropriate amount for fee awards in common-fund cases.  Based on a review of precedents for comparable large settlements, Class Counsel's requested award—$675,000,000, representing approximately 9.3% to 10.8% of the Settlement Fund—exceeds the usual range of awards, particularly for a settlement of this magnitude.  As a result, Monsanto's position is that a somewhat lower fee award would better align the Settlement with comparable megafund cases, while still appropriately compensating counsel for their work and the results obtained.

---

[1]  Defendant Monsanto files this response in light of the June 4 Objection deadline set forth in the Preliminary Approval Order.  ECF No. 16; *see Roberts* v. *Harley Davidson Fin. Servs., Inc.*, 611 F. Supp. 3d 761, 766 (W.D. Mo. 2020) ("After removal, the federal court takes up the case where the State Court left it off.") (quoting *Granny Goose Foods, Inc.* v. *Bd. of Teamsters & Auto Truck Drivers Local No. 70 of Alameda Cnty.*, 415 U.S. 423, 436 (1974)) (internal quotation marks and citations omitted); 28 U.S.C. § 1450 ("All injunctions, orders, and other proceedings had in such action prior to its removal shall remain in full force and effective until dissolved or modified by the district court.").  In making this filing, Monsanto reserves, and does not waive, its position that this proceeding should be expeditiously remanded to state court for the reasons set forth in its Motion to Remand and Memorandum in support thereof.  *See* ECF Nos. 12, 17.

[2]  Capitalized terms used but not defined in this response have the meaning ascribed to them in the Settlement Agreement.  ECF No. 1-7.

**LAW AND ARGUMENT**

The Court may award attorney fees and expenses from a class action settlement fund under Rule 52.08(h).  "The trial court is deemed an expert at fashioning an award of attorneys' fees and may do so at its discretion."  *Berry* v. *Volkswagen Grp. of Am., Inc.*, 397 S.W.3d 425, 430 (Mo. banc 2013).

The fee amount requested here—9.3% to 10.8% of the Settlement Fund—exceeds the percentage commonly awarded in similarly sized cases.  *See* Ex. A (summarizing fund values and percent awards across comparable settlements).

Courts approving megafund settlements, like this one, in the multibillion-dollar range typically award fees in the mid-single-digit to high-single-digit percentages, but *not* as high as double digits.  *See, e.g.*, *In re Volkswagen "Clean Diesel" Mktg., Sales Practices & Prods. Liab. Litig.*, No 3:15-md-02672, Dkt. No. 3053 (N.D. Cal. Mar. 17, 2017) (approving fee of approximately 1.7% on a $10 billion recovery); *Deepwater Horizon*, No. 2179, 2016 WL 6215974 (E.D. La. Oct. 25, 2016) (approving fee of approximately 4.3% on a $13 billion settlement); *In re Vioxx Prods. Liab. Litig.*, 760 F. Supp. 2d 640 (E.D. La. 2010) (approving fee of 6.5% on a $4.85 billion settlement); *In re Diet Drugs Prods. Liab. Litig.*, 553 F. Supp. 2d 442 (E.D. Pa. 2008) (approving fee of 6.75% on $6.4 billion recovery); *In re 3M Combat Arms Earplugs Prods. Liab. Litig.*, No. 2:19-md-2885, Dkt. No. 4118 (N.D. Fl. Nov. 13, 2024) (awarding 9% fee on $6 billion settlement).

The 2023 PFAS class settlements involving the 3M Company and DuPont de Nemours, Inc. provide a prominent recent example.  The combined amount of the two settlements there was $11.7 to $13.7 billion, paid over a period in excess of 10 years.  In approving those settlements, the Court awarded class counsel a fee of 8%.  *In re Aqueous Film-Forming Foams Prods. Liab. Litig.*, No. 2:18-mn-02873, Dkt. No. 6408, at 8 (D.S.C. Nov. 22, 2024).

2

By contrast, fee percentages near or exceeding 10% are more typical of smaller settlements in the billion-dollar range.  In fact, the cases upon which Class Counsel relies to argue that their fee request is reasonable illustrate this point.  *Syngenta* and *Allapattah* involved settlement funds that were materially smaller than the fund at issue here—between $1 billion to $1.5 billion.  *See* Petition at 9 (citing *In re Syngenta AG MIR 162 Corn Litigation*, 357 F. Supp. 3d 1094 (D. Kan. 2018) (awarding approximately 33% of a $1.5 billion settlement fund to counsel) and *Allapattah Services, Inc.* v. *Exxon Corp.*, 454 F. Supp. 2d 1185 (S.D. Fla. 2006) (approving a 31.33% award on a $1 billion settlement).  Other cases also make clear that higher percentages are more commonly associated with smaller funds.  *See In re Credit Default Swaps Antitrust Litig*., No. 13MD2476 (DLC), 2016 WL 2731524 (S.D.N.Y. Apr. 26, 2016) (approving 13.6% fee in a $1.9 billion settlement); *In re Tyco Int'l, Ltd*., 535 F. Supp. 2d 249 (D.N.H. Dec. 19, 2007) (approving 14.5% fee in the $3.2 billion settlement); *In re Royal Ahold N.V. Sec. & ERISA Litig*., 461 F. Supp. 2d 383 (D. Md. 2006) (approving 12% fee in a $1.1 billion settlement).

While the Petition "cites a number of cases in which courts have awarded similar percentages of attorney's fees to the percentage [Class] [C]ounsel requests here, it fails to address that as the dollar value of a class action settlement increases, the percentage of the settlement awarded as attorney's fees generally decreases." *Craftwood Lumber Co.* v. *Interline Brands, Inc.*, No. 11-CV-4462, 2015 WL 1399367, at *3 (N.D. Ill. Mar. 23, 2015).  Empirical studies bear out this point.  Theodore Eisenberg & Geoffrey P. Miller, *Attorney Fees and Expenses in Class Action Settlements: 1993–2008*, 7 J. EMPIRICAL LEGAL STUDIES 248 (2010) (empirical legal study on attorney's fees in class action settlements demonstrating  that as the size of a settlement increases, the percentage of the total settlement awarded as attorney's fees tends to decrease); Brian T. Fitzpatrick, *An Empirical Study of Class Action Settlements and Their Fee Awards*, 7 J. EMPIRICAL

3

LEGAL STUDIES 811, 811 (2010) (finding from empirical study of settlements that "[f]ee percentages were strongly and inversely associated with the size of the settlement.").

Moreover, there are several additional reasons why a somewhat lower award than the request is appropriate here. First, the request is actually in excess of 10% of the base amount of the Settlement, specifically 10.8%. Class Counsel's Petition portrays the proposed award as less than 10% (specifically, 9.3%) only by including the additional payments of up to $1 billion after year 16 that will only be paid if certain conditions are met in each of the four years after year 16. *See* ECF No. 1-7 (Settlement Agreement) § 4.2. As these additional payments are contingent, they should not be treated the same way as the base amount for fee purposes. But even if they were included, a 9.3% fee award would still exceed the typical range for megafund settlements of this nature. *See* Ex. A. Second, Class Counsel will also receive fees arising from their direct representation of nearly 20,000 class members eligible for awards under the Settlement.

A modest reduction in the fee percentage awarded to Class Counsel would allow more compensation to go to class members and better align with comparable cases, while still fully recognizing the past and ongoing efforts of Class Counsel and other counsel.

## CONCLUSION

For all of these reasons, Monsanto believes the Court's fee award should be modestly lower than the award requested by Class Counsel.

4

Dated:  June 4, 2026                                  Respectfully submitted,


                                                      */s/ James F. Bennett*
                                                      James F. Bennett #46826(MO)
                                                      **DOWD BENNETT LLP**
                                                      7676 Forsyth Blvd., Ste. 1900
                                                      St. Louis, Missouri 63105
                                                      314-880-7300
                                                      jbennett@dowdbennett.com

                                                      Elaine P. Golin #2887586(NY) (admitted *pro hac vice*)
                                                      Carrie M. Reilly #4397451(NY) (admitted *pro hac vice*)
                                                      **WACHTELL, LIPTON, ROSEN & KATZ**
                                                      51 West 52nd Street
                                                      New York, New York 10019
                                                      212-403-1000
                                                      epgolin@wlrk.com
                                                      cmreilly@wlrk.com

                                                      Daniel W. Nelson (admitted *pro hac vice*)
                                                      **GIBSON, DUNN & CRUTCHER LLP**
                                                      1700 M Street N.W.
                                                      Washington, D.C. 20036
                                                      202-887-3687
                                                      dnelson@gibsondunn.com

                                                      *Attorneys for Defendant Monsanto Company*

5

## CERTIFICATE OF SERVICE

I hereby certify that on this 4th day of June 2026, the above and foregoing was filed electronically with the Clerk of the Court, to be served by operation of the Court's electronic filing system upon all counsel of record.

/s/ James F. Bennett
James F. Bennett #46826(MO)
**DOWD BENNETT LLP**
7676 Forsyth Blvd., Ste. 1900
St. Louis, Missouri 63105
314-880-7300
jbennett@dowdbennett.com

6