**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| RANDALL KING, SCOTT BUTTERFIELD ROBERT KOEHLER, MICHAEL MERX, AND BRUCE WALDMAN, *on behalf of themselves and others similarly situated*,<br><br>        Plaintiffs,<br><br>v.<br><br>MONSANTO COMPANY,<br><br>        Defendant. | Case No. 4:26-CV-813-HEA |

**<u>OPPOSITION TO DEFENDANT MONSANTO COMPANY'S MOTION TO REMAND</u>**

**INTRODUCTION**

Monsanto's motion to remand effectively concedes that this case is the poster child for realignment.  Monsanto does not dispute that this Court has a "duty" to "look beyond the pleadings, and arrange the parties according to their sides in the dispute." *City of Indianapolis v. Chase Nat'l Bank of City of N.Y.*, 314 U.S. 63, 69 (1941).  It does not dispute that even a *peek* "beyond the pleadings" shows the parties here must be arranged on different sides of the case.  *Id.*  Monsanto should be properly "arrange[d]" as the plaintiff.  *Id.*  Objector Defendants should be properly "arrange[d]" as the defendants.  *Id.*  After all, Monsanto's interests are perfectly aligned with the Named Plaintiffs' interests—and perfectly at odds with the Objector Defendants' interests.

That undisputed fact is the end of the matter.  There is no question that this Court has subject-matter jurisdiction over this case because it *could have been filed* in federal court in the first instance.  After all, this is a class action, with at least one party from one state and one from another, and far more than $5,000,000 in controversy.  *See* 28 U.S.C. § 1332(d); *see also Westerfeld Indep. Processing, LLC*, 621 F.3d 819, 822 (8th Cir. 2010) (setting out § 1332(d)'s requirements).

The only relevant dispute is not over subject-matter jurisdiction, but a claims-processing rule instead: whether Objector Defendants are "defendants" under the removal statute.  Because Monsanto does not seriously contest realignment, Objector Defendants are defendants, and thus each and every one of them is "any defendant" with a right to remove.  28 U.S.C. § 1453(b); *see also* 28 U.S.C. § 1446(a) (stating that "a defendant" may remove).

Monsanto's litany of responses are all *non sequiturs*.  First, Monsanto recites the general maxim that "all doubts about federal jurisdiction must be resolved in favor of remand."  Mem. 7 (cleaned up).  But again, there are no doubts about *jurisdiction* here, and there is no comparable rule that says "all doubts about *claims processing rules* must be resolved in favor of remand."  Regardless, binding precedent confirms that the normal "antiremoval presumption" does not

1

"attend[] cases invoking CAFA." *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 89 (2014). The Court should thus resolve the question without a thumb on the scale for either side.

Second, Monsanto argues that the removal was untimely because it was filed more than 30 days after the class action was *filed*. This argument is frivolous. The 30-day removal clock does not begin ticking until the removing party *receives* "a copy of the initial pleading" either "through service or otherwise." 28 U.S.C. § 1446(b)(1). Objector Defendants were not served, so the question is when they "otherwise" received the Class Petition. The answer is "May 12 and 13," as their *undisputed* affidavits attest. The removal was filed on May 22, less than 30 days later.

Third, Monsanto argues that Objector Defendants waived their right to remove by filing objections in state court. This argument is merely wrong (rather than frivolous). Waiver occurs only when a litigant "clearly and unequivocally" "indicat[es] a willingness to litigate in" the state court. *PR Grp. LLC v. Windmill Intern. Ltd.*, 792 F.3d 1025, 1026 (8th Cir. 2015). Objector Defendants objected because the state court is "without the power or authority" to approve the settlement and then removed. That hardly indicates any "willingness to litigate in" state court. *Id.*

Fourth, Monsanto argues that Objector Defendants are not actually defendants under CAFA, and thus cannot remove. But this Court must "realign the parties" "*before* determining whether the requirements of the removal statute . . . [are] satisfied." *Telekenex, Inc. v. Axis Reinsurance Co.*, 2012 WL 13028156, at *3 (W.D. Wash. Nov. 27, 2012) (emphasis added). Once the Court "realign[s] the parties" here, Objector Defendants are defendants. And as defendants, they "satisfy" "the requirements of the removal statute." *Id.*; *see Home Depot U.S.A., Inc. v. Jackson*, 587 U.S. 435 (2019) (the defendant, but not a third-party defendant, may remove).

Finally, Monsanto swings for the fences, arguing that Objector Defendants are somehow not even *parties* to this case. But of course they are. To be sure, an absent class member who *does*

2

*not object* to a settlement—and might well be entirely unaware of it—is not a party to the case. *Smith v. Bayer*, 564 U.S. 299 (2011). But when a class member objects—as Objector Defendants here have—they are "considered a 'party' for the purpose[] of appealing the approval" of the settlement. *Devlin v. Scardelletti*, 536 U.S. 7, 9-10 (2002). And if they are parties for purposes of appeal, they must be parties for some purpose in the trial court as well. After all, a notice of appeal that takes a case out of the district court (and into the appellate tribunal) is filed in the district court by an aggrieved appellant, not a stranger to the action. *See* Fed. R. App. P. 3(a), 4.

## LEGAL STANDARD

"A civil action brought in state court may be removed to the proper district court if the district court has original jurisdiction of the action." *Fowler v. DoorDash Essentials, LLC*, 2025 WL 3492790, at *1 (E.D. Mo. Dec. 5, 2025) (citing 28 U.S.C. § 1441). To remove, any defendant must file "a notice of removal . . . containing a short and plain statement of the grounds for removal." 28 U.S.C. § 1446(a). That requirement "[b]y design . . . tracks the general pleading requirement stated in Rule 8(a) of the Federal Rules of Civil Procedure," meaning "courts should apply the same liberal rules to removal allegations that are applied to other matters of pleading." *Dart Cherokee*, 574 U.S. at 87 (cleaned up). Just as federal courts must accept good-faith allegations from "a plaintiff invoke[ing] federal-court jurisdiction," allegations in a notice of removal from a "defendant seek[ing] federal-court adjudication . . . should be accepted when not contested by the plaintiff or questioned by the court." *Id.*[1]

---

[1] There is one exception not applicable here: "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). Monsanto does not seek remand under that provision, but rather the one providing for remand "on the basis of any defect other than lack of subject-matter jurisdiction. 28 U.S.C. § 1447(c).

## ARGUMENT

### I.      This Court Unquestionably Has Subject Matter Jurisdiction.

Monsanto begins by attacking a strawman.  In its remand motion, Monsanto notes that a case "'shall be remanded' if it appears that the district court lacks subject matter jurisdiction," Mem. 7 (quoting 28 U.S.C. § 1447(c)), and that "all doubts about federal jurisdiction must be resolved in favor of remand to state court," *id.* at 7 (cleaned up and collecting cases).  But there is no doubt that this court has subject-matter jurisdiction to decide the merits of this case.  There is both constitutional minimal diversity and statutory jurisdiction under CAFA.   This case unquestionably *could have* been filed in federal court in the first instance. Monsanto does not (and cannot) argue otherwise.  *See* Dkt. No. 1 (Objector Defendants' Notice of Removal) at 7–8; *Standard Fire Ins. v. Knowles*, 568 U.S. 588, 592 (2013).   The only question is whether Objector Defendants have the procedural right to remove, not whether this Court has adjudicatory authority.

That question implicates claims-processing rules, *not* jurisdictional ones.  *See Enbridge Energy, LP v. Nessel*, 608 U.S. ----, 146 S. Ct. 1074, 1081 (2026) (holding that "there is rightly no dispute" that § 1446 is not jurisdictional).  That longstanding doctrine, resolving *jurisdictional* doubts in favor of remand, exists to avoid the risk of expending scarce judicial resources addressing the merits of a case the federal court has no authority to resolve.  A judgment without jurisdiction is a nullity, maximizing the error costs of incorrectly wielding judicial power.  *See Sisson v. Ruby*, 497 U.S. 358, 374–75 (1990) (Scalia, J., concurring).   That logic does not apply to claims-processing rules, which do not impede a federal court's authority to act.  *Koehnen v. Herald Fire Ins.*, 89 F.3d 525, 528 (8th Cir. 1996) ("A procedural defect in removal, such as untimeliness, does not affect the federal court's subject matter jurisdiction and therefore may be waived.").  Of course, that does not mean the Court should ignore a removal defect.  It simply means that Monsanto's heavy reliance on a *presumption* in favor of remand is misguided.

4

That is doubly so because Monsanto and the Named Plaintiffs elected to pursue a class action.  In cases removed under CAFA, the ordinary presumption against removal does not apply. *Dart Cherokee*, 574 U.S. at 89 ("[N]o antiremoval presumption attends cases invoking CAFA, which Congress enacted to facilitate adjudication of certain class actions in federal court.").  This Court must determine the propriety of removal with no procedural thumb on the scale.

## II.    Objector Defendants' Removal Was Timely.

Monsanto distorts the rule governing the timeliness of removals.  In cases initially removable, "[t]he notice of removal . . . shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading[.]"  28 U.S.C. § 1446(b)(1).  But Objector Defendants did not receive copies of the initial pleading (the Class Petition and Proposed Settlement) until May 12 and 13, Dkt. No. 1 (Notice of Removal) at 7 n.8—no more than ten days before removing.  That should be the end of the timeliness inquiry.

Monsanto nonetheless argues the notice was untimely because it was filed "more than *three* months after the *filing of*" the Class Petition and Proposed Settlement.  Mem. 12–13 (second emphasis added).  But the question is not when the underlying class action was filed.  It is when Objector Defendants "recei[ved] . . . a copy of" the Class Petition "through service or otherwise." 28 U.S.C. § 1446(b)(1).  Monsanto concedes that Objector Defendants were never "served."  Mem. 13.  So the question is when they "otherwise" received the Petition.  28 U.S.C. § 1446(b)(1). Objector Defendants established—through sworn affidavits accompanying the notice of removal—that their "receipt" of the Class Petition did not occur until May 12 or 13.  Dkt. No. 1 (Notice of Removal) at 7, n.8.  The removal occurred on May 22.  That is timely under the statute.

Monsanto argues that the removal was nonetheless untimely because—*before* Objector Defendants retained him—a *lawyer* had "notice of the Settlement."  This untimeliness-through-

5

imputation argument is absurd.  A lawyer's knowledge can be imputed to a client only *after* the attorney-client relationship begins.  Objector Defendants did not retain Mr. Sifton until May 12 or 13.  That Mr. Sifton may have *known about* the complaint before then says nothing about when Objector Defendants *received* the operative pleading.[2]  Timeliness expressly turns on when the *removing party* received a "copy of the initial pleading."  28 U.S.C. § 1446(b).[3]  The Objector Defendants did not travel back in time (to receive notice) based on the lawyer they chose to retain.

## III.    Objector Defendants Did Not Waive Removal.

Monsanto next argues that Objector Defendants "waived" their right to remove by filing objections in the state court.  Mem. 14–15.  It cites *PR Group, LLC*, 792 F.3d at 1026, which noted a defendant can "waive[] the right to remove by taking some substantial offensive or defensive action in the state court action *indicating a willingness to litigate in that tribunal* before filing a notice of removal with the federal court." (emphasis added) (cleaned up).  But by filing their objections, Objector Defendants did the opposite.  They filed them specifically to argue that the "state circuit court is simply without the power or authority to implement the terms of this constitutionally flawed settlement," and that it "lacks the legal authority" to approve the settlement. *See* Dkt. No. 1-9 (Objections to Class Action Settlement and Preliminary Approval Order) at ¶¶ 14–15.  Nothing about that "indicat[es] a willingness to litigate in" the state court, let alone

---

[2] Monsanto insists such a lawyer's "notice of the settlement" is "critical" because "in the class action context, notice to counsel is imputed to that counsel's clients."  Mem. 13.  But Mr. Sifton is decidedly not "class counsel."  *Cf.* Mem. 13 (noting "notice conferred upon a class member's counsel may be imputed to the class member herself").  He is counsel to Objector Defendants, and he only *became* their counsel *after* their "receipt" of the initial pleadings.

[3] This distinction matters.  A defendant might be on notice that a complaint was filed against him— by reading a news headline, perhaps—but not "recei[ve]" a copy of that complaint "through service or otherwise" until much later.  His earlier notice does not start the clock; his actual receipt of a copy of the pleading does. *See Oakdale Mall Assocs. v. Cincinnati Ins.*, 2011 WL 2729443, at *2 (W.D. Mo. July 13, 2011).  That is even more true where the person who had "notice" was not "the defendant," but a lawyer who *later became* the defendant's counsel.

"clear[ly] and unequivocal[ly]." *P.R. Grp. LLC*, 792 F.3d at 1026.  Even if objecting could sometimes amount to waiver (Monsanto cites no authority saying it can), that is not the case here.

**IV.    Objector Defendants Are Defendants For Removal Purposes.**

Monsanto notes that only defendants may remove.  Mem. 7.  On that point, Objector Defendants agree: only a defendant may remove a case under CAFA.  To determine which parties are *actually* defendants, however, the Court is not bound by the designations in the case caption.  Instead, it must "look beyond the pleadings and arrange the parties according to their sides in the dispute." *City of Indianapolis*, 314 U.S. at 69 (cleaned up); *Universal Underwriters Ins. v. Wagner*, 367 F.2d 866, 870 (8th Cir. 1966) (same).  "The court must inquire into 'the principal purpose of the suit' and the 'primary and controlling matter in dispute.'" *Id.*  Only parties with an "actual and substantial" "controversy" with the plaintiff are actually defendants.  *Id.*

There is only one set of entities with an "actual and substantial" controversy with Monsanto and the Named Plaintiffs here: Objector Defendants.  Named Plaintiffs *agree* with Monsanto that the Class Settlement should be approved.  There is *no* "collision of interests" between Monsanto and Named Plaintiffs on *any* issue, let alone the "primary and controlling matter in dispute." *Id.* As explained in the Notice of Removal, Monsanto and the Named Plaintiffs were perfectly aligned when they marched into court *together* to file their proposed settlement, which was finalized *before* the complaint was filed.  Dkt. No. 1 (Notice of Removal) at 2–3, 5–6, 8–9.  Monsanto concedes as much.  *See* Mem. 2, 4.  Monsanto similarly does not contest that its shared interest with the Named Plaintiffs collides with Objector Defendants'.  *See* Dkt. No. 1 (Notice of Removal) at 9–10.  So even without liberally construing the removal allegations in favor of Objector Defendants, *see Dart Cherokee*, 574 U.S. at 87, realignment is an easy task.  Monsanto's few vague assertions to

7

the contrary[4] come nowhere close to overcoming the allegations in the Notice of Removal, which must be "accepted when not contested by the plaintiff or questioned by the court." *Id.*  That means Objector Defendants *are defendants* in this case, giving them the right to remove under the statute.

Monsanto relies heavily on *Home Depot'*s holding that removal can be effectuated only by "the original defendant" and not a counterclaim defendant.  Mem. 8 (citing *Home Depot*, 587 U.S. at 442).  But the removal here was not made by a counterclaim defendant.  A realigned defendant is a defendant to the *original* pleading.  No additional pleading, claim, or cross-claim is implicated.  It is true enough that a realigned defendant is not *identified* as a defendant in the original pleading.  But *Home Depot* turns on who is "'the defendant' to that *action*," *id.* at 442, not who is the defendant "as defined by the case caption."  That is the same inquiry courts make in the realignment context, where the whole point is to "look beyond" the case caption to "arrange the parties according to their [actual] sides in the dispute." *Universal Underwriters*, 367 F.2d at 870.  And just as the question of who "the defendant" is turns on "the action as defined by the plaintiff's complaint," *Home Depot*, 587 U.S. at 442, the "question of realignment" must be based on the reality underlying the complaint, *Universal Underwriters*, 367 F.2d at 871.

Monsanto points out that *Home Depot* says that only "the party sued by the original plaintiff" can remove.  Mem. 8 (quoting *Home Depot*, 587 U.S. at 437).  But who the "original plaintiff" has sued turns on the original pleading.  A counterclaim defendant or third-party defendant acquires that status by dint of a *responsive* pleading—an answer or a third-party complaint—rather than the pleading that initiated the action.  Fed. R. Civ. P. 7(a)(2), (5).  Objector

---

[4] At most, Monsanto merely demonstrates that its interests *were* adverse to the Named Plaintiffs' *before the case was filed.  See* Mem. 1–2, 4–5.  But that is beside the point.  "The question of realignment . . . must be tested at the time of filing of the complaint." *Universal Underwriters*, 367 F.2d at 871.  And at the time the Class Petition was filed, the interests of Monsanto and the Named Plaintiffs were entirely aligned: They asked for precisely the same relief from the court.

8

Defendants are properly aligned as defendants to the *original* pleading.  Aligning the parties to the *original* pleading is the work realignment doctrine performs, and nothing in *Home Depot* overruled the doctrine *sub silentio*.  *See, e.g.*, *Shalala v. Ill. Council on Long Term Care, Inc.*, 529 U.S. 1, 18 (2000) ("This Court does not normally overturn, or so dramatically limit, earlier authority sub silentio.").  After all, in *every* realignment case, the court does not merely accept the parties' position as listed on the pleadings; it looks to the underlying realities.  And Monsanto has nothing to say on the reality: both Monsanto and the Named Plaintiffs ask for exactly the same relief.

None of Monsanto's cases suggests otherwise.  In *Twardowski v. Haskins*, 2020 WL 735758, at *2 (E.D. Mo. Feb. 13, 2020), the court merely held that a plaintiff who *did not argue* "that he qualifie[d] as a 'defendant' under the statute" could not remove.  That is of course precisely the argument that Objector Defendants *are making* here.  And every other case Monsanto cites, *see* Mem. 8–9, involved a party grounding their attempted removal on a counterclaim in the *answer*, not on the original pleading.  *See Riceland Foods, Inc. v. Gray, Ritter & Graham, P.C.*, 2014 WL 2804980, at *1, *3 (E.D. Mo. June 20, 2014) (defendant "removed the case under the Class Action Fairness Act after they filed a class-action counterclaim"); *Gen. Credit Acceptance, Co. v. Deaver*, 2013 WL 2420392, at *3-4 (E.D. Mo. June 3, 2013) ("the original Plaintiff cannot remove this action based on [the original defendant's] counterclaim"); *First Bank v. DJL Props., LLC*, 598 F.3d 915, 917 (7th Cir. 2010) (rejecting argument that "the word 'defendant' in § 1453(b) includes a counterclaim defendant").  That kind of removal is foreclosed by *Home Depot*.  This one is not.

Second, Monsanto argues that realignment has never been "used to allow removal."  Mem. 11.  That is simply wrong.  Consider the situation where there "is no diversity of citizenship based on the initial alignment of the parties in an action commenced in state court."  *Lott v. Scottsdale Ins.*, 811 F. Supp. 2d 1220, 1223 (E.D. Va. 2011).  Taking the pleadings at face value, that kind of

9

case is plainly *not* removable.  But it is "well settled" that a "defendant may nonetheless remove the case to federal court and request realignment of the parties to produce the requisite diversity." *Id.* at 1223 (collecting *thirteen* cases showing "post-removal party realignment to create diversity is permissible"); *see also, e.g.*, *Cleveland Hous. Renewal Project v. Deutsche Bank Tr. Co.*, 621 F.3d 554, 560 (6th Cir. 2010) ("[T]he district court [when considering a remand motion] properly realigned the City as a plaintiff and properly held there is complete diversity between the parties for purposes of subject matter jurisdiction."); *Doe v. Peoples*, 394 F. Supp. 3d 655, 660 (S.D. Miss. 2019) (holding "post-removal realignment" was "proper" and citing cases).  In other words, contra Monsanto, realignment *can be*—and has repeatedly *been*—"used to allow removal."  Mem. 11.

When a removal turns on realignment, realignment must occur "before determining removability under Section 1441(b)" just as the court would do "were the case brought in the federal court originally."  *Heniford v. Am. Motors Sales Corp.*, 471 F. Supp. 328, 334 (D.S.C. 1979) (citation omitted).  Indeed, "the proper course" is for the district court to "realign[] the parties . . . before determining whether the requirements of the removal statute . . . [are] satisfied." *Telekenex*, 2012 WL 13028156, at *3.  And that rule is not limited to realignment curing *jurisdictional* defects. If realignment can establish subject-matter jurisdiction, it follows *a fortiori* that it applies to claims-processing rules for removal.[5]  *See, e.g.*, *Gurney's Inn Resort & Spa Ltd. v. Benjamin*, 743 F. Supp. 2d 117, 126 (E.D.N.Y. 2010) (district court's "realignment [of two defendants as plaintiffs] cure[d] the defects in the removal notice by creating complete diversity and excusing [the

---

[5] Even if courts had traditionally only used realignment to cure jurisdictional defects—and they have not been so limited—that would be no reason not to extend the doctrine to procedural defects. If federal courts can realign defendants as plaintiffs to *create* federal jurisdiction, surely they can realign a plaintiff as a defendant in a case where jurisdiction is *undisputed*. *Cf. Grand China Buffett & Grill, Inc. v. State Auto Prop. & Cas. Co.*, 2016 WL 6078343, at *6 (N.D. W.Va. Oct. 17, 2016) ("If the Court may realign the parties before assessing diversity under § 1441(a), it makes little sense to impose a mechanical restriction to that practice based on § 1441(b)(2).").

removing defendant's] failure to comply with the rule of unanimity"); *McKeen v. Cont'l Cas. Co.*, 2010 WL 3325200, at *2 (E.D. Mich. Aug. 19, 2010) (rule of unanimity); *Shouman v. Schouman*, 1996 WL 721195, at *4–5 (D. Mass. Dec. 10, 1995) (same); *Telekenex*, 2012 WL 13028156, at *3 (forum-defendant rule); *Universal Concrete Prods. Corp. v. Peerless Ins.*, 2008 WL 4104171, at *5 (D. Md. Aug. 21, 2008) (same).

Perhaps what Monsanto meant to say is that it found no cases where a party successfully showed through realignment that there was no § 1441(a) or 1453(b) defect.[6] That is hardly a reason not to faithfully apply the doctrine to the facts of this removal. Why would those statutory provisions be the *only* ones that are *not* satisfied where realignment is otherwise proper? The lack of case law is a simple function of the fact that brazen state-court gambits like Monsanto's and Named Plaintiffs' joint attempt here do not arise often. It is not every day that a set of plaintiffs' lawyers colludes with a defendant to attempt to resolve thousands of active (and future) cases through a "filthy" (Dkt. 1-3 at 32:15) agreement designed to evade the federal courts, all at the expense of the very plaintiffs (and future plaintiffs) whose claims are being extinguished. It should be no surprise that such a specific and complex fact pattern has evaded the federal courts.

Third, Monsanto argues, "on Objector Defendants' theory, *any* objector could remove *any* state court class settlement." Mem. 11. That is simply wrong. The realignment inquiry is confined to the time the complaint was filed. *Universal Underwriters*, 367 F.2d at 871 (realignment "must

---

[6] The handful of cases Monsanto identifies as showing parties fail when they seek removal based on their status as realigned defendants are inapt. In *Rothrock v. Capital Logistics*, 2020 WL 5536485, at *3 (W.D. Mo. Sept. 15, 2020), the court held that an intervening insurer "against whom no real relief is sought" could not be realigned as a defendant. In *Green Tree Financial Corp. v. Arndt*, 72 F. Supp. 2d 1278, 1282 (D. Kan. 1999), the court merely recited the nearly century-old rule that an original plaintiff cannot realign itself as a defendant based on a counterclaim asserted against it (relying on *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100 (1941)). The same is true for *Chicago, Rock Island & Pacific Railroad Co. v. Stude*, 204 F.2d 116, 120 (8th Cir. 1953).

11

be tested at the time of filing of the complaint"). Courts must look at the parties' respective interests at the outset of the case; a later-developing alignment of interests (e.g., a class settlement *following* contested litigation) would not allow for realignment. *Am. Motorists Ins. v. Trane Co.*, 657 F.2d 146, 149 (7th Cir. 1981) ("[T]he facts which form the basis for realignment must have been in existence at the time the action was commenced. Subsequent events will not deprive the court of its jurisdiction over parties properly aligned."). That is the same rule for assessing removability. *See Wis. Dep't of Corr. v. Schacht*, 524 U.S. 381, 390 (1998) ("[F]or purposes of removal jurisdiction, we are to look at the case as of the time it was filed in state court—prior to the time the defendants filed their answer in federal court."). So in any case where plaintiff and defendant have *genuinely* opposed interests, objectors cannot realign and remove. But in the rare case (like this one) where the nominal "plaintiff" and "defendant" have *never* (from the time of filing) been adverse, objectors *must* be realigned as defendants with a right to remove.

## V.     Objector Defendants Are Parties To This Case.

Finally, Monsanto "goes big." *Cf. Kisor v. Wilkie*, 588 U.S. 558, 586 (2019). Monsanto argues not just that Objector Defendants are not defendants, but that they are not even *parties*. But binding precedent makes clear that there are *absolutely* "purposes" for which "non-named class members" are considered "parties." *Devlin*, 536 U.S. at 9–10. They are parties "in the sense that the filing of an action on behalf of the class tolls a statute of limitations against them." *Id.* at 10. They are parties "in the sense of being bound by" any class settlement, *id.* And indeed the precise *holding* of *Devlin* is that an *objecting* class member is "considered a 'party' for the purpose[] of appealing the approval of" a class settlement. *Id.* at 7, 10–11.

Whether an absent class member is a party depends on "the applicability of various procedural rules that may differ based on context." *Id.* at 10. The context here makes clear that

the Objector Defendants are parties.  If objecting class members are parties in the *appellate* court for purposes of litigating an objection—and they are, *Devlin*, 536 U.S. at 7—they must be a party for that purpose in the trial court too.  They are not mere *amici curiae*, providing the trial court with their academic views on the law, only to become parties in the appellate tribunal when those views do not prevail below.  They have a discrete injury, namely being *bound by* a settlement that they wish to object to, that they are trying to avoid.  That interest obviously "cannot be effectively [advanced] through the named class representative."  *Devlin*, 536 U.S. at 8–9.  It is an interest "sufficient to trigger [the] right to appeal."  *Id.*  And it is an interest triggered by "the District Court's decision to disregard [the] objections."  *Id.*  If an objecting class member is entitled to litigate that decision on appeal (as a party), then the objecting class member is of course entitled to litigate as a party to persuade the trial court not to issue that decision in the first instance.[7]

Largely ignoring *Devlin*, Monsanto argues that the Court in *Bayer* "held that class members not named in the complaint are not considered parties to a class action prior to class certification."  Mem. 9.  But that is not *Bayer*'s holding.  There, the question was whether someone who *would have* been a member of a proposed class that a federal court *declined to certify* was precluded (under preclusion principles) from seeking certification of a similar class in state court.  *Bayer*, 564 U.S. at 312–17.  The Court held no, because "a person like" the potential member of the proposed-but-rejected class was not a "party" to that case.  *Id.* at 313.  But that "person" did not

---

[7] This is correct both under *Devlin* and under first principles.  Assume that a named plaintiff from Missouri sues a named Defendant from Missouri, bringing a nationwide class action valued at more than $5 million.  That case is undoubtedly removable—and in the vast majority of cases, it *will be removed* by the defendant.  But given that federal courts are courts of limited jurisdiction, bound by the limitations of Article III, the only way for that removal to be constitutional is by viewing the (unnamed, out of state) class members as *parties to the case*.  Otherwise, the federal courts would lack even the minimal diversity required for Article III.  *See, e.g.*, *State Farm Fire & Cas. Co. v. Tashire*, 386 U.S. 523, 530 (1967) (holding that Article III requires "two adverse parties" that "are not co-citizens").  Hence objecting class members are properly viewed as parties.

object, intervene, or otherwise show up to court.  He was a truly absent (potential) class member. And *Bayer* clarified that *truly absent* class members—unnamed members who never show up to advance their interests—are not bound as parties until certification.  *Id.* at 313–15.

Nothing in *Bayer* suggests, as Monsanto contends, that no unnamed class member is ever a "party" for any purpose before certification.  Such a ruling would have effectively overruled *Devlin*'s holding that an objector is a "party" for purposes of appeal, a holding which *Bayer* specifically left intact.  *Id.*  Monsanto argues that, together, *Devlin* and *Bayer* establish that objecting class members do not become parties until "after final judgment" if the class is certified. Mem. 10 n.6.  That makes no analytical sense.  *Something* does the work of converting an objecting class member from "not a party" to "a party" for purposes of appeal.  It is surely not the final judgment certifying the class, as that would convert *every* absent class member (including non-objectors) into parties on appeal.  Courts uniformly reject that rule.  *See, e.g.*, *In re Integra Realty Res., Inc.*, 354 F.3d 1246, 1257 (10th Cir. 2004) ("*Devlin* reinforces the proposition that an unnamed class member who does not opt out and desires to appeal a class settlement must at least object in the district court.").  Instead, it is filing the objection that conveys party status—for objection purposes—on the objector.  *Devlin* says as much: "Just as class action procedure allows nonnamed class members to object to a settlement at the fairness hearing without first intervening, it should similarly allow them to appeal the District Court's decision to disregard their objections." 536 U.S. at 14.

That rule has more than just analytical appeal.  It is supported by *Devlin*'s proclamation that whether an unnamed class member is a "party" (which they are "for some purposes [but] not for others") turns on "the applicability of various procedural rules that may differ based on context."  *Id.* at 9–10.  And the procedural rules governing objections do, in fact, determine

14

objectors' party status. *See, e.g.*, *Farber v. Crestwood Midstream Partners L.P.*, 863 F.3d 410, 417 (5th Cir. 2017) (unnamed class member "waived his right to appeal by filing an untimely, procedurally deficient objection"). The procedural rules here should remove any doubt that Objector Defendants are parties. The Preliminary Approval Order *requires* any objecting class member to "file <u>with the Court</u> a written statement of the objections." Dkt. 1-8 (Preliminary Approval Order) ¶ 34 (emphasis added). And any attorney representing an objector must "file an appearance with the Court," along with a "sworn declaration attesting to his or her representation of" the objector. *Id.* ¶ 36. The procedures here actually *required* Objector Defendants to become parties to the case or else waive their objections. Perhaps there are some "context[s]" where the "various procedural rules" suggest an absent class member does not become a party by objecting. *Devlin*, 536 U.S. at 10. But that is certainly not this case.

## VI.    Intervention would cure any removal defect.

Objector Defendants acknowledge that *Devlin* did not *specifically* address whether objecting class members are parties in the trial court. That is the correct rule from the case law and first principles. But if the Court wishes to avoid wading into that issue, it can simply grant Objector Defendants' motion to intervene. *See* Objector Defendants' Motion to Intervene. That approach would unambiguously make clear that Objector Defendants are parties, is clearly authorized by the rules, and would foreclose remand.[8]

### CONCLUSION

The Court should deny Monsanto's motion to remand.

---

[8] Once Objector Defendants are held to be Defendants—either by realignment or intervention—any remand would be entirely futile. By granting the intervention motion, Objecting Defendants would inarguably be Defendants. And after a remand, they would be entitled to—and would—simply remove the case once more.

15

Dated: June 9, 2026

Respectfully submitted,

/s/ Ashley Keller
Ashley Keller #6300171(IL) *pro hac vice*
**KELLER POSTMAN LLC**
150 N. Riverside Plaza, Suite 4100
Chicago, Illinois 60606
Ph: 312-741-5220
ack@kellerpostman.com

R. Prescott Sifton, Jr., #50550(MO)
**FRAZER PLC**
30 Burton Hills Blvd., Ste. 450
Nashville, TN 37215
Ph: (615)647-6464
scott@frazer.law

*Counsel for Objector Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 9th day of June 2026, the above and foregoing was filed electronically with the Clerk of the Court, to be served by operation of the Court's electronic filing system upon all counsel of record.

/s/ Ashley Keller
Ashley Keller #6300171(IL) *pro hac vice*
**KELLER POSTMAN LLC**
150 N. Riverside Plaza, Suite 4100
Chicago, Illinois 60606
Ph: 312-741-5220
ack@kellerpostman.com