**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

RANDALL KING, SCOTT BUTTERFIELD
ROBERT KOEHLER, MICHAEL MERX,
AND BRUCE WALDMAN, *on behalf of
themselves and others similarly situated*,

       Plaintiffs,

v.

MONSANTO COMPANY,

       Defendant.

Case No. 4:26-CV-813-HEA

**OBJECTOR DEFENDANTS'
<u>OPPOSITION TO NAMED PLAINTIFFS' MOTION TO REMAND</u>**

**INTRODUCTION**

If Objector Defendants are parties—and they are—Named Plaintiffs effectively concede that realignment is required.  They do not dispute that this Court has a "duty" to "look beyond the pleading[s], and to arrange the parties according to their sides in the dispute." *City of Indianapolis v. Chase Nat'l Bank of City of N.Y.*, 314 U.S. 63, 69 (1941).  They do not dispute that the realities of this controversy—rather than the caption of the complaint that Monsanto and Named Plaintiffs drafted together—show that Named Plaintiffs and Monsanto are on one side of the case.  And, incredibly, Named Plaintiffs do not dispute that their *shared* interests with Monsanto—their putative *adversary*—collide directly with the interests of Objector Defendants.  That is a shocking concession from the attorneys who purport to *adequately represent* Objector Defendants' interests.

The only relevant dispute is not about subject-matter jurisdiction, but a claims-processing rule: whether Objector Defendants qualify as "defendants" with removal rights.  Because Named Plaintiffs (and Monsanto) do not seriously contest realignment, that dispute boils down to a single question of law: are Objector Defendants "parties" or strangers to this case?  They are plainly parties, and once realigned, each qualifies as "any defendant" who can remove.  28 U.S.C. § 1453.

Named Plaintiffs' arguments to the contrary are baseless.  They start with an inapposite presumption, repeatedly stating that "all doubts about federal jurisdiction should be resolved in favor of remand."  Mot. 5.  But there are *no doubts* about jurisdiction here, and there is no comparable presumption for *claims processing rules*.  And in any event, the normal presumption against removal does not apply in the CAFA context.  *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 89 (2014) ("No antiremoval presumption attends cases invoking CAFA.").

When Named Plaintiffs actually engage with the underlying question, they simultaneously suggest that Objector Defendants are really plaintiffs *and* that they are somehow akin to third-party defendants.  Those views are logically contradictory, and in any event neither is correct.  This

1

Court must "realign the parties" "*before* determining whether the requirements of the removal statute . . . [are] satisfied." *Telekenex, Inc. v. Axis Reinsurance Co.*, 2012 WL 13028156, at *3 (W.D. Wash. Nov. 27, 2012) (emphasis added). Once the Court has "realign[ed] the parties" here, Objector Defendants are defendants. And they are defendants *to the complaint,* not counterclaim or third-party defendants (who obtain that party status through *different pleadings*, namely an answer or third-party complaint). *Cf. Home Depot U.S.A., Inc. v. Jackson*, 587 U.S. 435 (2019) (holding that the defendant, but not a third-party defendant, may remove). There is no doubt that defendants to a class complaint can remove, even if they attain their party status after the complaint is filed. *E.g.*, *Cavanaugh v. County of San Diego*¸ 2019 WL 3202238, at *2–3 (S.D. Cal. July 16, 2019) ("[A] later-joined defendant may remove a case to the federal court when the initial defendants had declined to do so."); *see also Schorsch v. Hewlett-Packard Co.*, 417 F.3d 748, 749 (7th Cir. 2005) (noting that a class defendant not sued initially but "added after [CAFA's effective date] could remove because suit *against it* would have been commenced after the effective date").

Finally, Named Plaintiffs argue that Objector Defendants are somehow not parties here at all. But of course they are. They oppose relief that would extinguish *their* rights. *Their* objections will be sustained or overruled. If overruled, *they* will file notices of appeal. *See* Fed. R. App. P. 3(a), 4. Those are the actions of actual litigants, not strangers or friends of the court. To be sure, an unnamed class member who *does not object* to a settlement—and might well be unaware of it—is not a party to the case. *Smith v. Bayer*, 564 U.S. 299, 312–15 (2011). But when a class member objects—as Objector Defendants here have—they are "considered a 'party' for the purpose[] of appealing the approval" of the settlement. *Devlin v. Scardelletti*, 536 U.S. 1, 7, 9–10 (2002). And if they are parties for the purpose of *appealing* any approval, they must be parties in the district court for the purpose of *opposing* that approval in the first place.

**LEGAL STANDARD**

"A civil action brought in state court may be removed . . . if the district court has original jurisdiction of the action." *Fowler v. DoorDash Essentials, LLC*, 2025 WL 3492790, at *1 (E.D. Mo. Dec. 5, 2025) (citing 28 U.S.C. § 1441). To remove, any defendant must file "a notice of removal . . . containing a short and plain statement of the grounds for removal." 28 U.S.C. § 1446(a). That requirement "tracks the general pleading requirement stated in Rule 8(a) of the Federal Rules of Civil Procedure," meaning a court will "apply the same liberal rules to removal allegations that are applied to other matters of pleading." *Dart Cherokee*, 574 U.S. at 87 (cleaned up). Just as courts must accept good-faith allegations in a complaint "[w]hen a plaintiff invokes federal-court jurisdiction," allegations in a notice of removal from a "should be accepted when not contested by the plaintiff or questioned by the court." *Id.*[1]

**ARGUMENT**

**I.    This Court Unquestionably Has Subject Matter Jurisdiction.**

On nearly every page of their motion, Named Plaintiffs insist that their remand bid turns on a "threshold jurisdictional question." Mot. 4. *See, e.g.*, *id.* at 1 (noting that the Court must "determin[e] it has jurisdiction" and arguing that "there is no federal question presented"); 3 (arguing that realignment "cannot be the basis of federal subject matter jurisdiction"); 5 (arguing that remand is required because "the district court lacks subject matter jurisdiction"); 10 ("[T]his Court has thus 'never acquired subject-matter jurisdiction over the removed case.'"); 11 (similar); 12 (similar). But Named Plaintiffs—like Monsanto—mistake the *claims processing rules* in §§ 1446 and 1453(b) for *jurisdictional rules*. *See Enbridge Energy, LP v. Nessel,* 608 U.S. __, 146

---

[1] There is one exception not applicable here: "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). Plaintiffs seek remand not under that provision, but the one providing for remand "on the basis of any defect *other than* lack of subject matter jurisdiction." 28 U.S.C. § 1447(c).

3

S. Ct. 1074, 1081 (2026) (noting "there is rightly no dispute" that § 1446 is nonjurisdictional); *Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1194–95 (11th Cir. 2007) ("CAFA's jurisdictional and procedural provisions operate in tandem with regard to removal," with its jurisdictional provisions under § 1332(d) and "procedural removal provisions under § 1453").

This is muddled confusion.  The removal statutes do not *create* jurisdiction.  They authorize removal if there *would have been* "original [federal] jurisdiction" had the case been filed in a federal tribunal initially.  *See Holbein v. TAW Enters., Inc.*, 983 F.3d 1049, 1054 (8th Cir. 2020) (noting that "removal jurisdiction . . . is something of a misnomer" because "removal is not a kind of jurisdiction and the removal statute does not in itself create jurisdiction" (cleaned up)).  CAFA's removal provision, 28 U.S.C. § 1453(b), is a *claims processing* rule that allows for removal of a class action that meets the *jurisdictional* requirements of CAFA's *jurisdictional* provision, 28 U.S.C. § 1332(d).  And there is no doubt that this case meets § 1332(d)'s requirements.  *See Standard Fire Ins. v. Knowles*, 568 U.S. 588, 592 (2013) (outlining § 1332(d)'s requirements). Named Plaintiffs do not dispute Objector Defendants' showing on that front, Dkt. No. 1 (Objector Defendants' Notice of Removal) at 7–8.  *See Dart Cherokee*, 574 U.S. at 87 (removal allegations must be accepted "when not contested by the plaintiff or questioned by the court").

Because this is a "civil action . . . of which the district courts of the United States have original jurisdiction," it is unquestionably removable, 28 U.S.C. § 1441(a), and there is no *jurisdictional* issue of any kind.  The only question is whether Objector Defendants have the *procedural* right to remove under §§ 1446 and 1453.  That does not mean this Court should ignore any removal defects.  It simply means Named Plaintiffs' repeated and confused appeal to a presumption against removal is inapplicable.  *See, e.g.*, Mot. 5 (noting remand is required if "the district court lacks subject matter jurisdiction" and that "doubts about federal jurisdiction should

be resolved in favor of remand"). That is doubly so because Named Plaintiffs and Monsanto elected to pursue a class action. *See Dart Cherokee*, 574 U.S. at 89 ("[N]o antiremoval presumption attends cases invoking CAFA."). There is no thumb on the scale against removal.

## II.    Objector Defendants Are Defendants For Removal Purposes.

Named Plaintiffs start from the uncontroversial premise that "only a 'defendant' can remove a case to federal court." Mot. 6. Objector Defendants agree. Sections 1446 and 1453 grant removal rights to defendants and defendants only. But Named Plaintiffs cannot dictate who "defendants" in this case *actually are* merely by casting their litigation *partner* as their *adversary*. The Court is not bound by those self-serving designations. Instead, the Court has a "*duty . . . to look beyond the pleading[s]* and to arrange the parties according to their sides in the dispute." *Universal Underwriters Ins. v. Wagner*, 367 F.2d 866, 870 (8th Cir. 1966) (emphasis added). It "must inquire into 'the principal purpose of the suit' and the 'primary and controlling matter in dispute.'" *Id.* Only parties that have an "actual and substantial" "controversy" with the plaintiff are defendants. *See id.*

The only controversy here is between Named Plaintiffs and Monsanto, on the one side, and Objector Defendants on the other. Named Plaintiffs have not asked the Court to resolve any dispute they have with Monsanto. They ask the Court for one thing: final approval of the settlement. Monsanto joins that request. Approval of the deal is not only the "principal purpose of the suit," *City of Indianapolis*, 314 U.S. at 69; it is the *only* purpose. There is *no* "collision of interests" between Named Plaintiffs and Monsanto on *any* issue, let alone the "primary and controlling matter in dispute." *Universal Underwriters*, 367 F.2d at 870. As Objector Defendants' explained in their Notice of Removal, Monsanto and the Named Plaintiffs were perfectly aligned when they marched into court *together* to file their proposed settlement, which was finalized *before* the complaint was filed. Dkt. No. 1 (Notice of Removal) at 2–3, 5–6, 8–9.

5

Named Plaintiffs do not even attempt to dispute those allegations. Their best effort is to argue that the Court is confined to the "collision [as] defined by the pleadings." Mot. 12 ("Plaintiffs sued Monsanto, Monsanto is the defendant, and the Class Action Petition seeks relief against Monsanto."). That response asks the Court to ignore controlling precedent. The Court is required "to *look beyond the pleading[s]* and to arrange the parties according to their sides in the dispute." *Universal Underwriters*, 367 F.2d at 870 (emphasis added). It is manifest error to look *no further than* the pleadings, as Named Plaintiffs urge.

A proposed settlement does not ordinarily "erase the adversity" between the plaintiff and defendant, Mot. 12, but here there *never has been* any adversity to "erase." Named Plaintiffs and Monsanto have been aligned on their requested relief since the moment they filed the petition, which is the only relevant moment. *Id.* Even less compelling is Named Plaintiffs' argument that "there may be disputes that arise" in the future, "giving rise to adversarial issues that need to be adjudicated." *Id.* at 13. Potential future disputes are *never* relevant to a court's analysis of its adjudicatory power. *See Texas v. United States*, 523 U.S. 296, 300 (1998) ("A claim is not ripe for adjudication if it rests upon contingent future events." (cleaned up)). The retreat to conjectural future disputes shows that there is no collision between Named Plaintiffs and Monsanto *now*.

The actual collision of interests is between the Named Plaintiffs and Monsanto, on the one hand, and the Objector Defendants on the other. On that score, Named Plaintiffs do not even *try* to contest Objector Defendants' showing. *See* Dkt. No. 1 (Notice of Removal) at 9–10. That should make quick work of the realignment inquiry, even without liberally construing the *uncontested* allegations in the Notice of Removal in favor of Objector Defendants (as the Court must). *See Dart Cherokee*, 574 U.S. at 87. That means Objector Defendants *are defendants* in this case, complete with a right to removal under §§ 1446 and 1453.

6

Unable to contend with the facts supporting realignment, Named Plaintiffs try to narrow the true sweep of the realignment doctrine. They say realignment is inapplicable as a matter of law because it only applies to the "question of jurisdiction." Mot. 11. That is verifiably wrong. Courts regularly apply the doctrine to cure claims-processing removal defects that have *nothing to do* with jurisdiction. *See, e.g.*, *Gurney's Inn Resort & Spa Ltd. v. Benjamin*, 743 F. Supp. 2d 117, 126 (E.D.N.Y. 2010) (rule of unanimity); *McKeen v. Cont'l Cas. Co.*, 2010 WL 3325200, at *2 (E.D. Mich. Aug. 19, 2010) (same); *Shouman v. Schouman*, 1996 WL 721195, at *4–5 (D. Mass. Dec. 10, 1995) (same); *Telekenex*, 2012 WL 13028156, at *3 (forum-defendant rule); *Universal Concrete Prods. Corp. v. Peerless Ins.*, 2008 WL 4104171, at *5 (D. Md. Aug. 21, 2008) (same).

That is for good reason. The function of the realignment doctrine is to determine who *truly* counts as a plaintiff and a defendant. If a party is really a defendant for purposes of creating or destroying diversity jurisdiction, surely it is also a defendant for purposes of claims-processing rules governing removal—e.g., the unanimity rule, the forum-defendant rule, and, as here, the rule authorizing defendants to remove. Indeed, as Named Plaintiffs repeatedly note, jurisdictional rules are construed strictly, and *jurisdictional* doubts are resolved in favor of remand. If a party can nonetheless be realigned as a defendant for *jurisdictional* purposes, with all doubts resolved against that designation, it is axiomatic that realignment has the same effect on §§ 1446 and 1453, where there is *no presumption* against classifying a true defendant as "any defendant."

Named Plaintiffs' fallback argument is that, even if realigned, Objector Defendants cannot be "defendants" for removal purposes under 1453(b). Mot. 6. Like Monsanto, their argument rests on a misreading of *Home Depot*, which held that a counterclaim defendant is not a "defendant" for removal purposes because it is not "the defendant to" the "civil action" "as defined by the plaintiff's complaint." 587 U.S. at 441–42. That is because "Section 1441(a) . . . does not

permit removal based on counterclaims at all, as a counterclaim is irrelevant to whether the district court had 'original jurisdiction' over the civil action." *Id.* at 442. *Home Depot* clarified that only defendants to the *complaint* may remove, and counterclaim defendants are parties by virtue of a *different* pleading, namely a third-party pleading.[2] *See* Fed. R. Civ. P. 7(a) (listing the allowable forms of pleading and distinguishing between a complaint and a third-party complaint).

But the removal here is not based on a counterclaim, cross claim, or third-party claim that necessitates an additional type of pleading. Objector Defendants removed as the *actual* realigned defendants who oppose the relief Named Plaintiffs and Monsanto seek in the original complaint. While Named Plaintiffs and Monsanto did not *identify* Objector Defendants as defendants in the original pleading, *Home Depot* turns on who is "'the defendant to that *action*," *id.* at 442, not who is the defendant "as defined by the case caption." *Cf.* 5A C. Wright & A. Miller, Federal Practice and Procedure § 1321 (4th ed. 2026) ("[T]he caption is not determinative as to the identity of the parties to the action."). That is the same inquiry courts make when carrying out their realignment "duty," where the whole point is to "look beyond" the case caption "to arrange the parties according to their [actual] sides in dispute." *Universal Underwriters*, 367 F.2d at 870. And just as the question of who "the defendant" is turns only on "the action as defined by the plaintiff's complaint" (and not a later-filed pleading such as an answer), *Home Depot*, 587 U.S. at 442, the

---

[2] Named Plaintiffs also bizarrely imply that *Home Depot* somehow repudiated the use of realignment in this context. *See* Mot. 11. The Court "did not entertain" Home Depot's request below for realignment because that was not the question presented. *See* 585 U.S. 1058 (2018). And realignment would not have been appropriate anyway because the doctrine turns on the *complaint*, not a counterclaim. At any rate, the lower court there declined to realign the parties because, unlike here, it was "not a situation where there are antagonistic parties on the same side" and realignment was requested "only to create federal jurisdiction." *Citibank, N.A. v. Jackson*, 2017 WL 1091367, at *3 (W.D.N.C. Mar. 21, 2017), *aff'd* 880 F. 3d (4th Cir. 2018), *and aff'd*, 587 U.S. 435 (2019).

"question of realignment" must be tested based on who Monsanto and Named Plaintiffs were seeking relief against when they first came into court, *Universal Underwriters*, 367 F.2d at 871.

Named Plaintiffs, like Monsanto, myopically fixate on *Home Depot*'s line that removal rights apply "only to the party sued by the original plaintiff." Mot. 6 (quoting *Home Depot*, 587 U.S. at 437). But who the "original plaintiff" has sued turns on the "action as defined by the plaintiff's complaint." *Home Depot*, 587 U.S. at 442. A counterclaim defendant is a party by dint of a responsive pleading—an answer or third-party complaint—rather than the pleading that initiated the action. Fed. R. Civ. P. 7(a)(2), (5).[3] Objector Defendants here oppose the relief sought *by the complaint.* They, and other objectors like them, are the *only* parties the Named Plaintiffs sued as a matter of actual reality. Using reality to align the parties to the *complaint* is the very work the realignment doctrine performs, and nothing in *Home Depot* overruled that doctrine *sub silentio. See, e.g.*, *Shalala v. Ill. Council on Long Term Care, Inc.*, 529 U.S. 1, 18 (2000) ("This Court does not normally overturn, or so dramatically limit, earlier authority *sub silentio*."). In *every* realignment case, the court does not merely accept the party designations on the pleadings; it looks to reality. Named Plaintiffs have nothing to say on the reality: they and Monsanto seek exactly the same relief, which only Objector Defendants oppose.

The other cases Named Plaintiffs rely on similarly do not undermine Objector Defendants' alignment as defendants or ability to remove. In *Sheehy v. Intermountain Health Care, Inc.*, 2025 WL 4084903, at *3 (D. Colo. Dec. 29, 2025), *R. & R. adopted*, 2026 WL 951697 (D. Colo. Feb. 4, 2026), the (diverse) parent company of the (non-diverse) defendant sought to intervene and remove

---

[3] A concrete example illustrates the point. If a plaintiff filed an initial complaint naming only citizens of his state (and raising no federal claims), that case would not be removable. But if the plaintiff then filed an *amended* complaint creating diversity, that case *would be* properly removable. That is true even though "originally" the complaint did not make the case removable.

on the grounds that it would bear financial responsibility for any judgment against its subsidiary. True enough, the *magistrate* in her report and recommendation misconstrued *Home Depot* (as Named Plaintiffs do) as holding that "only a *named* defendant" can remove under § 1453. *Id.* at *5 (emphasis in original).[4]  The district court, however, correctly read *Home Depot* as holding only that "the third-party counterclaim defendant could not remove the class-action claim filed against it." *Jones v. Sisters of Charity Leavenworth Health Sys., Inc.*, 2026 WL 951697, at *1 (D. Colo. Feb. 4, 2026).  And it remanded not because the intervenor's party status turned on the case caption, but because the company did not even move to intervene until "nearly a month after removal," meaning it "was not a party in this case when the Notice of Removal was filed." *Id.*[5]  Here, by contrast, Objector Defendants *were* parties in the state court at the time of removal; they timely objected and *then* removed.

Named Plaintiffs' remaining cases are even less relevant.  One stands for the uncontroversial point that plaintiffs who do not even request realignment are not "defendants" for removal purposes. *Twardowski v. Haskins*, 2020 WL 735758, at *1 (E.D. Mo. Feb. 13, 2020). Another involved a failed realignment-and-removal attempt by an intervening insurer "against whom no real relief [was] sought." *Rothrock v. Cap. Logistics*, 2020 WL 5536485, at *3 (W.D. Mo. Sep. 15, 2020).[6]  And the third applied the established rule that an original plaintiff cannot

---

[4] The magistrate also mistook the claims processing rules in § 1453 as a means for federal courts to "acquire[] subject-matter jurisdiction over [a] removed case." *Id.* at *4.

[5] *Sheehy* did not involve realignment, done *before* the remand analysis. *See Telekenex*, 2012 WL 13028156, at *3; *Heniford v. Am. Motors Sales Corp.*, 471 F. Spp. 328, 334 (D.S.C. 1979).

[6] Named Plaintiffs suggest *Rothrock's* holding is somehow dispositive because the intervening insurer had "direct financial exposure to [the] judgment" but was not a defendant with removal rights. Mot. 7–8.  But unnamed class members—including objectors—do not merely have "financial exposure" here. The settlement seeks to extinguish their *claims* and their very *right* to present those claims to a jury.  Class Counsel seeks nearly *$700,000,000* in exchange for making that happen.  Class Counsel's attempt to write off Objector Defendants' interests as a mere "economic stake in the litigation's outcome"—though a refreshing and fleeting moment of

remove based on a *counterclaim* asserted against it.  *Chicago, R.I. & P.R. Co. v. Stude*, 204 F.2d 116, 120 (8th Cir. 1953) (relying on *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100 (1941)).

That *Shamrock Oil* rule makes perfect sense.  The plaintiff *chooses* the initial forum.  Even if a *defendant* levies counterclaims *in the answer* (a distinct pleading) against the original *plaintiff*, that does not convert the plaintiff into "the defendant."  That is the same line *Home Depot* drew. A *counterclaim*-defendant is not "the defendant" to the complaint under §§ 1446 and 1453.  A contrary rule would give the plaintiff the right to take a mulligan on its initial forum selection. Both doctrinally and as a matter of first principles, the *Shamrock Oil* rule has nothing to do with this case.  Objector Defendants did not file this lawsuit, select the forum, or remove on the basis of a counterclaim, cross claim, or third-party pleading practice.  They are defendants to the complaint, which entitles them to remove the case to its proper venue in federal court.

Finally, Named Plaintiffs argue that *Home Depot*'s reasoning "applies with even greater force here."  Mot. 8–9.  But that argument only underscores just how badly they misread the case. Again, the rule from *Home Depot* is that the original "action" as defined by the complaint—not a later-filed counter-claim or cross-claim—determines the identity of the "defendants."  587 at 441– 42.  Named Plaintiffs take that to mean that a counterclaim defendant is not a "defendant" merely because he was not so identified in the caption.  Mot. 8–9.  In reality, it is because a counterclaim defendant is sued via a *different pleading*, not the one lodged "by the plaintiff's complaint."  *Id.* And it is black-letter law that answers with counterclaims or third-party complaints cannot supply jurisdiction, which is why *Home Depot* refused to treat third-party defendants as the sort of defendants with removal rights.  587 U.S. at 442 ("Section 1441(a) . . . does not permit removal

---

transparency—is an admission that unless Objector Defendants are properly realigned, the proposed class's interests are not even an afterthought here.

based on counterclaims at all, as a counterclaim is irrelevant to whether the district court had 'original jurisdiction' over the civil action.").  Here, Objector Defendants are the *only* defendants to the "action as defined by" the initial pleading.  If not, then "this case is the Named Plaintiffs and Monsanto versus nobody."  Dkt. No. 1 (Notice of Removal) ¶ 7.

### III.    Objector Defendants Are Parties To This Case.

Following Monsanto's lead, Named Plaintiffs argue that the Objector Defendants are not only not *defendants*, but not even *parties*.  But Supreme Court precedent—which Named Plaintiffs essentially ignore—makes clear that there are *absolutely* "purposes" for which "non-named class members" are considered "parties."  *Devlin*, 536 U.S. at 9–10 (2002).  They are parties "in the sense that the filing of an action on behalf of the class tolls a statute of limitations against them."  *Id.* at 10 (citation omitted).  They are parties "in the sense of being bound by" any class settlement.  *Id.*  And the precise *holding* of *Devlin* is that an *objecting* class member is "considered a 'party' for the purpose[s] of appealing the approval of" a settlement.  *Id.* at 7, 10–11.

Whether an absent class member is a party depends on "the applicability of various procedural rules that may differ based on context."  *Id.* at 10.  The context here establishes Objector Defendants are parties.  If objecting class members are parties to litigate an objection in the *appellate* court, *Devlin*, 536 U.S. at 7, they must be parties in the trial court as well.  They are not mere *amici curiae*, providing the trial court with their academic views on the law, only to become parties in the appellate tribunal if those views do not prevail below.  They have a discrete injury, namely being *bound by* a settlement that they have objected to.  That interest obviously "cannot be effectively [advanced] through the named class representative."  *Id.* at 9–10.  It is an interest "sufficient to trigger [the] right to appeal."  *Id.*  And it is an interest triggered by "the District Court's decision to disregard [the] objections."  *Id.*  If an objecting class member is entitled to

12

litigate that decision on appeal (as a party), then he is of course entitled to litigate as a party to persuade the trial court not to issue that decision in the first instance.[7]

Aside from a "quoting" parenthetical, Named Plaintiffs ignore *Devlin* entirely.  Instead, they argue that the Court in *Bayer* "held that a nonnamed member of a proposed class is not a party to the litigation."  Mot. 9.  But that is not *Bayer*'s holding.  The question was whether someone who *would have* been a member of a class that a federal court *declined to certify* was precluded from seeking certification of a similar class in state court.  *Bayer*, 564 U.S. at 312–17.  The Court held no, because "a person like" the potential member of the class a district court declined to certify was not a "party" to that litigation.  *Id.* at 313.  But that potential class member did not object, intervene, or otherwise show up to court.  He was a truly absent (potential) class member.  And *Bayer* clarified that *truly absent* class members—unnamed members who never show up to court to advance their interests—are bound as parties only after the class is certified.  *Id.* at 313–15.

But nothing in *Bayer* suggests, as both Named Plaintiffs and Monsanto contend, that no unnamed class member is ever a "party" for any purpose before certification.  Such a ruling would have effectively overruled *Devlin*'s holding that an objector is a "party" on appeal, which *Bayer* specifically left intact.  *Id.*  How does one become a party-appellant in an appellate court?  By asking for or opposing relief in the trial court.  And how does a class member oppose a settlement in the trial court?  By filing objections, as Objector Defendants have.  They will *argue* those objections *as parties,* not strangers or *amici.*  If their objections are sustained and are appealed

---

[7] This is correct both under *Devlin* and under first principles. Assume that a named plaintiff from Missouri sues a named Defendant from Missouri, bringing a nationwide class action valued at more than $5 million.  That case is undoubtedly removable.  But the only way for that removal to be constitutional is by viewing the (unnamed, out of state) class members as *parties to the case.*  Otherwise, the federal courts would lack the minimal diversity required by Article III.  *See, e.g.*, *State Farm Fire & Cas. Co. v. Tashire*, 386 U.S. 523, 530 (1967) (Article III requires "two adverse parties" that "are not co-citizens").  Objecting class members are properly viewed as parties.

after final judgment, Objector Defendants will be party-appellees in the appellate court.  And if their objections are overruled, Objector Defendants will file notices of appeal as parties in the trial court, converting them into party-appellants in the appellate court.  *Devlin* confirms as much: "Just as class action procedure allows nonnamed class members to object to a settlement at the fairness hearing without first intervening, it should similarly allow them to appeal the District Court's decision to disregard their objections."  536 U.S. at 14 (citation omitted).

That rule has more than just analytical appeal.  It is supported by *Devlin*'s proclamation that whether an unnamed class member is a "party" (which they are "for some purposes") turns on "the applicability of various procedural rules that may differ based on context."  *Id.* at 9.  And the procedural rules governing objections do, in fact, determine objectors' party status.  *See, e.g.*, *Farber v. Crestwood Midstream Partners L.P.*, 863 F.3d 410, 417 (5th Cir. 2017) (unnamed class member "waived his right to appeal by filing an untimely, procedurally deficient objection").  The objection rules here should remove any doubt that Objector Defendants are parties.  Under the Preliminary Approval Order, any objecting class member is *required* to "file <u>with the Court</u> a written statement of the objections."  Dkt. No. 1-8 (Preliminary Approval Order) ¶ 34 (emphasis added).  And any attorney representing an objector must "file an appearance with the Court," along with a "sworn declaration attesting to his or her representation of" the objector.  *Id.* ¶ 36.  The procedures here *required* Object Defendants to become parties or else waive their objections.  Perhaps there are some "context[s]" where the "various procedural rules" suggest a class member does not become a party by objecting.  *Devlin*, 536 U.S. at 9.  But that is certainly not this case.

Named Plaintiffs ignore the substance of the Preliminary Approval order.  And they insist the fact that preliminary approval is non-appealable shows objectors are not parties until after certification. Mot. 10 n.8 (quoting Fed. R. Civ. P. 23(f)).  What it actually shows is that preliminary

approval orders are interlocutory decisions that *no party* can appeal. *Nobody*—not Named Plaintiffs, not Monsanto—could have appealed a Rule 23(e)(1) decision. Does that mean they are not parties to this action? Hardly. The appealability of an interlocutory order does not determine who qualifies as a party. To prove the point, Rule 23(f) needs to carve out "an order under Rule 23(e)(1)" from its grant of permissive appeals *precisely because* objectors are parties. Rule 23(e)(1) governs the procedures for court-directed notice concerning proposed *settlements.* The settling plaintiff and defendants will obviously not seek an interlocutory appeal of the court's notice of the settlement *they proposed.* Rule 23(f)'s carveout is clearly directed at objectors, and it would be mere surplusage if those objectors were not *parties before* certification.[8]

## IV.    Even without realignment, intervention would cure any removal defect.

Objector Defendants acknowledge that *Devlin* did not *specifically* address whether objecting class members are parties in the trial court. That is the correct rule from the case law and first principles. But if the Court wishes to avoid wading into that issue, it can simply allow for intervention. *See* Objector Defendants' Motion to Intervene. That approach would make Objector Defendants parties to this case, is authorized by the rules, and would foreclose remand.[9]

### CONCLUSION

The Court should deny Named Plaintiffs' Motion to Remand.

---

[8] The Rule could also block the parties seeking settlement from appealing the district court's decision *not* to direct notice. But that similarly does not undermine Objector Defendants' status as parties. The rule prevents *any party* from appealing the class notice decision. That means the named plaintiffs and the defendants, too. Objectors would, of course, not need to appeal a court's decision *not to* approve a proposed settlement.

[9] Once Objector Defendants are deemed Defendants—either by realignment or intervention—any remand would be futile. By granting the intervention motion, Objecting Defendants would inarguably be Defendants. And after a remand, they would be entitled to—and would—simply remove the case once more.

Dated: June 9, 2026

Respectfully submitted,

/s/ Ashley Keller
Ashley Keller #6300171(IL) *pro hac vice*
**KELLER POSTMAN LLC**
150 N. Riverside Plaza, Suite 4100
Chicago, Illinois 60606
Ph: 312-741-5220
ack@kellerpostman.com

R. Prescott Sifton, Jr., #50550(MO)
**FRAZER PLC**
30 Burton Hills Blvd., Ste. 450
Nashville, TN 37215
Ph: (615)647-6464
scott@frazer.law

*Counsel for Objector Defendants*

16

**CERTIFICATE OF SERVICE**

I hereby certify that on this 9th day of June 2026, the above and foregoing was filed electronically with the Clerk of the Court, to be served by operation of the Court's electronic filing system upon all counsel of record.

/s/ Ashley Keller
Ashley Keller #6300171(IL) *pro hac vice*
**KELLER POSTMAN LLC**
150 N. Riverside Plaza, Suite 4100
Chicago, Illinois 60606
Ph: 312-741-5220
ack@kellerpostman.com

17