**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| RANDALL KING, SCOTT BUTTERFIELD, ROBERT KOEHLER, MICHAEL MERX, AND BRUCE WALDMAN, *on behalf of themselves and others similarly situated*, <br><br> Plaintiffs, <br> v. <br><br> MONSANTO COMPANY, <br><br> Defendant. | Case No. 4:26-cv-813-HEA |

**PLAINTIFFS' MEMORANDUM IN FURTHER SUPPORT OF MOTION TO REMAND**

**INTRODUCTION**

Objectors concede, as they must, that the Class Action Fairness Act ("CAFA") allows *only* a "defendant" to remove a case to federal court. *See* 28 U.S.C. § 1453(b); *Home Depot U.S.A., Inc. v. Jackson*, 587 U.S. 435, 446 (2019) ("defendant" "refers only to the party sued by the original plaintiff"). Objectors are not parties, were not sued, and face no claims against them in this case. They are not defendants; rather, they are absent members of a nationwide class of individuals *seeking damages from the Defendant*—Monsanto. Objectors nevertheless attempt to circumvent this clear-cut statutory requirement—arguing that unnamed, absent class members in a putative class are actually "defendants" entitled to remove. But as this Court has correctly recognized, "*Home Depot's ruling is inescapable . . . .* Only an original defendant or defendants to a complaint can remove a civil action to federal court." *Perkins v. Life of the S. Ins. Co.*, 4:23-CV-1592-HEA, 2024 WL 3201803, at *1 (E.D. Mo. June 25, 2024) (emphasis added).

Across 25 pages of briefing in their Notice of Removal ("NOR") and Opposition ("Opp."), the Objectors have failed to come forward with a single case demonstrating—or even suggesting—

that absent class members are entitled to remove a case to federal court. Instead, Objectors offer four flawed arguments.

*First*, the Objectors recast the defendant-only rule as a nonjurisdictional "claims-processing" rule. But that manufactured label changes nothing. Section 1447(c) requires remand of any case removed by a non-defendant with no statutory right to remove—regardless of whether that defect is jurisdictional or procedural.

*Second*, the Objectors ask this Court to "realign" the parties and designate them the "true defendants." But realignment operates only on *actual named parties*; it serves defined purposes—testing diversity of citizenship, unanimity, and the forum-defendant rule—that do not include creating removal rights.

*Third*, the Objectors claim that the act of filing objections made them "parties" under *Devlin v. Scardelletti*, 536 U.S. 1 (2002). But *Devlin* held only that an unnamed member of a *certified* class is a "party" for the limited purpose of appealing approval of a settlement. Under *Smith v. Bayer Corp.*, 564 U.S. 299 (2011), putative class members like the Objectors are not parties to the litigation—*for any purpose*—before certification.

*Finally*, the Objectors offer intervention as a fallback. But an intervenor is not "the party sued by the original plaintiff," and a post-removal request to become a party cannot retroactively validate a removal that was unauthorized when filed.

Objectors' arguments for removal are meritless. Only a defendant may remove, and the Objectors are not defendants. Because no class has been certified, they are not even parties. Neither realignment nor intervention can change those facts or supply the statutory removal right the Objectors lack. The Court should promptly remand this action to the Circuit Court of the City of St. Louis, Missouri.

2

**ARGUMENT**

Each of the Objectors' arguments fails for the same fundamental reason: no statute gives them the removal right they claim. It is well established that "[t]he right of removal is entirely a creature of statute and 'a suit commenced in a state court must remain there until cause is shown for its transfer under some act of Congress.'" *Syngenta Crop Prot., Inc. v. Henson*, 537 U.S. 28, 32 (2002) (quoting *Great N. Ry. Co. v. Alexander*, 246 U.S. 276, 280 (1918)). These statutory procedures for removal are "strictly construed." *Id.* (citing *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108–09 (1941) (noting that policy underlying removal statutes "is one calling for the strict construction of such legislation")).

Even if "no antiremoval presumption attends cases invoking CAFA," Objectors "still ha[ve] the burden to establish federal jurisdiction," as they are the ones "seeking removal." *Doe v. SSM Health Care Corp.*, 126 F.4th 1329, 1333 (8th Cir. 2025) (citing *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 89 (2014)).[1] *See also Goodwin v. Rollin' R Trucking, LLC*, 4:25-CV-67-ZMB, 2026 WL 113588, at *1 (E.D. Mo. Jan. 15, 2026) ("The burden o[f] establishing compliance with the removal requirements lies with the [removing party] defendants."). Objectors cannot come close to satisfying that burden. No statute authorizes an absent class member to remove, and none of the doctrines the Objectors invoke—realignment,

---

[1] The Objectors lean heavily on *Dart Cherokee* for the proposition that "no antiremoval presumption attends cases invoking CAFA." Opp. at 1, 5 (quoting *Dart Cherokee*, 574 U.S. at 89). That holding is beside the point. *Dart Cherokee* addressed how a court evaluates a removing party's factual jurisdictional allegations—specifically, the amount in controversy—and held that such allegations need only be plausibly alleged, not proven, in the notice of removal. It says nothing about the distinct, purely legal question presented here: whether an absent class member who was never sued qualifies as a "defendant" entitled to remove. There is no factual jurisdictional dispute in this case: Objectors are not "defendants" who may invoke Section 1453(b) at all. Moreover, the removing party bears the burden of establishing a statutory right to remove, and "a district court may not exercise jurisdiction absent a statutory basis." *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005); *see In re Prempro Prods. Liab. Litig.*, 591 F.3d 613, 620 (8th Cir. 2010). Objectors have not met—and cannot meet—that burden.

*Devlin* party status, or intervenor status—can supply what Congress withheld. A removal like Objectors' that "does not comply with the express statutory requirements is defective" and "must be remanded to state court." *Mayhew v. Sadovyh*, No. 2:26-CV-04029-WJE, 2026 WL 926958, at *2 (W.D. Mo. Apr. 6, 2026).

**I.**     **As Non-Defendants, Objectors Cannot Invoke Federal Jurisdiction.**

**A.**     **Only the Party Sued by the Original Plaintiff May Remove a Case to Federal Court, and Objectors Were Not Sued by the Plaintiffs.**

On the controlling legal rule, there is no dispute. Objectors "agree" that "[s]ections 1446 and 1453 grant removal rights to defendants and defendants only." Opp. at 5. And the Supreme Court has definitively held that the statutory term "defendant" "refers only to the party sued by the original plaintiff." *Home Depot*, 587 U.S. at 437, 446.[2] Nor is there any dispute about the only fact that matters under that rule: Plaintiffs did not sue the Objectors. On the contrary, Plaintiffs filed their Class Action Petition on behalf of themselves and similarly situated persons exposed to Roundup, including Objectors. The Class Action Petition named five Plaintiffs and a single Defendant—Monsanto. NOR ¶ 23. Objectors concede they were never named in the Petition, were never served, and face no claim for relief; they are absent members of a putative settlement class *seeking damages from Monsanto*. NOR ¶¶ 17–19, 23; *see also* Opp. at 8 (admitting that "Named Plaintiffs and Monsanto did not identify Objector[s] as defendants in the original pleading[.]"). That ends the inquiry. The rule is conceded, and the dispositive fact is undisputed: the only "party sued by the original plaintiff[s]" is Monsanto, and Monsanto has not removed.

Everything else in the Opposition—the detour into "claims-processing" labels, the demand for "realignment," the theory that filing an objection transforms an absent class member into a

---

[2] "[T]he word 'defendant' has an established meaning in legal practice"; CAFA "employs time-tested legal language" and "chose the unadorned word 'defendant,' a word with a settled meaning." *First Bank v. DJL Props., LLC*, 598 F.3d 915, 917 (7th Cir. 2010) (Easterbrook, C.J.).

party for purposes of removal—is an attempt to escape CAFA's statutory requirements and *Home Depot*'s ruling. But as this Court has already recognized, "*Home Depot's* ruling is inescapable . . . . Only an original defendant or defendants to a complaint can remove a civil action to federal court." *Perkins*, No. 4:23-CV-1592-HEA, 2024 WL 3201803, at *1. Objectors' efforts fail for the reasons that follow, and none changes the answer to the only question *Home Depot* makes dispositive: the Objectors were not sued, and so they could not remove.

> **B.**      **Plaintiffs Are Entitled to Remand Regardless of Whether the Objectors' Defective Removal Is "Jurisdictional."**

The Opposition devotes its opening pages to whether the removal rules in §§ 1446 and 1453(b) are "claims-processing" rules or jurisdictional rules. Opp. at 1, 3–5. The label has no bearing on the outcome. Section 1447(c) requires remand on two independent grounds: (1) a case must be remanded "if at any time before final judgment it appears that the district court lacks subject matter jurisdiction," *and* (2) it must be remanded "on the basis of any defect other than lack of subject matter jurisdiction" upon a timely motion. 28 U.S.C. § 1447(c). So even under Objectors' own "claims-processing" theory, removal by a non-defendant is, at the very least, a "nonjurisdictional defect" that "provides an independent basis for remand." *Piccirilli v. Safeco Ins. Co. of Ill.*, No. 4:24-CV-1530-MTS, 2025 WL 1694523, at *2 n.* (E.D. Mo. June 17, 2025); *accord Wilson v. Hearos, LLC*, 128 F.4th 1254, 1261 (11th Cir. 2025) (a non-party "has no authority to remove a case," and such a removal is "a defect in the removal proceedings"). Objectors' effort to relocate the dispute from one prong of § 1447(c) to the other is purely academic. As this Court has specifically held, *under either prong*, the remedy is remand. *Baitinger v. Chippewa Props., LLC*, 4:24-CV-4 HEA, 2024 WL 3566161, at *2 (E.D. Mo. July 29, 2024) ("Where complete subject matter jurisdiction is lacking or the removal was defective, the Court must remand the case to the state court from which it was removed. 28 U.S.C. § 1447(c).").

Objectors' lead authority confirms the point. In *Enbridge Energy, LP v. Nessel*, a unanimous Supreme Court held that § 1446(b)(1)'s removal deadline—though nonjurisdictional—is nonetheless "strict" and "mandatory," and is not subject to atextual expansion, precisely because strict enforcement ensures that "threshold removal questions [are resolved] early and conclusively." 606 U.S. ___, 146 S. Ct. 1074, 1081–82, 1084 (2026). The same is true of the defendant-only limitation in §§ 1446 and 1453(b): that a removal requirement is "nonjurisdictional" does not make it optional or flexible. The removal statutes mean what they say: only a defendant may remove. They contain "no language allowing mistakenly omitted parties, wrongly excluded parties, *or any other type of non-defendant* to remove an action to federal court." *Medcalf v. Manley*, No. 4:23-CV-01181-MTS, 2023 WL 7553832, at *1 (E.D. Mo. Nov. 14, 2023) (emphasis added).

## II.     Realignment Cannot Transform a Non-Party into a Removing Defendant.

The centerpiece of the Opposition is the contention that this Court must "realign" the parties before assessing removal, and that once realigned, the Objectors become "defendants" who may remove. Opp. at 2–9. The argument fails at each step.

*First*, realignment is limited to the realignment of *actual parties*. The doctrine "generally examines whether "*parties* with the same ultimate interests in the outcome of the action are on the same side." *Gen. Credit Acceptance, Co., LLC v. Deaver*, 4:13-CV-00524-ERW, 2013 WL 2420392, at *5 (E.D. Mo. June 3, 2013). *See also City of Benton Harbor v. Travelers Indem. Co. of Connecticut*, 1:25-CV-861, 2026 WL 73787, at *4 (W.D. Mich. Jan. 9, 2026) (realignment looks to "the interests of the plaintiff and the interests of the [defendant] as originally aligned.") (quoting *U.S. Fidelity & Guar. Co. v. Thomas Solvent Co.*, 955 F.2d 1085, 1089 (6th Cir. 1992)); *Adams Bank & Tr. v. FirsTier Bank*, 4:11-CV-3027, 2011 WL 13192706, at *1 (D. Neb. June 3, 2011) (realignment "analyzes whether realignment of the named parties is appropriate.").

6

Every authority the Objectors cite confirms as much. In each, the court realigned *parties already before it*. *See, e.g.*, *City of Indianapolis v. Chase Nat'l Bank*, 314 U.S. 63 (1941) (realigning named parties); *Universal Underwriters Ins. Co. v. Wagner*, 367 F.2d 866 (8th Cir. 1966) (realigning named defendant as party plaintiff); *Gurney's Inn Resort & Spa Ltd. v. Benjamin*, 743 F. Supp. 2d 117, 122-23 (E.D.N.Y. 2010) (same); *McKeen v. Cont'l Cas. Co.*, 2010 WL 3325200, at *2 (E.D. Mich. Aug. 19, 2010) (same); *Shouman v. Schouman*, 1996 WL 721195, at *4–5 (D. Mass. Dec. 10, 1995) (same); *Telekenex, Inc. v. Axis Reinsurance Co.*, 2012 WL 13028156, at *2–3 (W.D. Wash. Nov. 27, 2012) (same); *Universal Concrete Prods. Corp. v. Peerless Ins.*, 2008 WL 4104171, at *5 (D. Md. Aug. 21, 2008) (same). In every case, the realigned entity was already a party defending claims; the court merely determined which side it belonged on. Not one of those cases used realignment to conjure a party out of a non-party. Here, the Objectors were never named, never served, and never sued. They are not parties and thus cannot be realigned at all.

*Second*, even as applied to actual parties, realignment serves a defined set of purposes— and creating a right of removal is not among them. As Objectors' cited authority makes clear, the "duty" on which the Objectors rely—to "look beyond the pleadings" and "arrange the parties according to their sides in the dispute," *City of Indianapolis*, 314 U.S. at 69—is a duty exercised "in the context of a motion to dismiss for lack of subject matter jurisdiction," or "in the removal context to determine either whether complete diversity exists or whether the failure to join all defendants in the removal should be excused." *Gurney's Inn*, 743 F. Supp. 2d at 122; *accord Zimmerman v. Russ Steamer Serv., LLC*, 2:22-CV-40, 2022 WL 4357489, at *4 (S.D. Ohio Sept. 20, 2022) ("As far as this Court can tell, 'realignment' is typically considered by courts in this circuit in the context of consolidation or to preserve diversity jurisdiction."); *Oro Capital Advisors, LLC v. Borror Constr. Co., LLC*, 2:19-CV-5087, 2021 WL 5376650, at *6 (S.D. Ohio July 6, 2021)

7

("[M]ost available realignment precedent centers on realigning the parties for diversity jurisdiction purposes."); *In re Bridgestone Firestone Inc. Tires Prods. Liab. Litig.*, 1:08-CV-5849-SEB-JMS, 2009 WL 3617736, at *1 (S.D. Ind. Oct. 28, 2009) ("Typically, realignment is requested when a party contends that diversity jurisdiction does not exist; however, realignment issues have been raised as well to establish diversity jurisdiction.").

What the Objectors seek here fits none of those categories. They do not invoke realignment to test diversity, to excuse a co-defendant's failure to join in removal, or to apply the forum-defendant rule. They invoke it to do something no court has ever done: to deem an absent class member a "defendant" so that the absent class member may remove. The Objectors' own authorities confirm the doctrine's limits: every case they cite applied realignment to parties already before the court, and only to resolve questions of citizenship, unanimity, or the forum-defendant rule. *See* Opp. at 7 (collecting cases). No case realigned a non-party, and no case used realignment to confer a right of removal on anyone.

*Third*, under settled law in this Circuit, for purposes of removal, "the parties' alignment is determined as of the time the original complaint is filed, not at the time of removal." *Steeby v. Discover Bank*, 980 F. Supp. 2d 1131, 1135 (W.D. Mo. 2011) (citing *Universal Underwriters Ins. Co. v. Wagner*, 367 F.2d 866, 871 (8th Cir. 1966)); *accord Williamson v. Commerce Bank*, No. 4:18-CV-00513-DGK, 2018 WL 4725217, at *2 (W.D. Mo. Oct. 2, 2018) ("What matters for the removal analysis is whether [the removing party] was a defendant at the time the complaint was filed."). Applying that rule, courts in this Circuit have held that not even a state court's own *recaptioning* of a litigant as a "defendant" can confer a removal right that did not exist when the complaint was filed. *Steeby*, 980 F. Supp. 2d at 1135–37. Here, when the Class Action Petition was filed on February 17, 2026, the Objectors were not parties of any kind—they did not object or appear until May 21, 2026, three months later. If a formal state-court order redesignating an

8

existing litigant cannot create removal rights after the fact, the Objectors' self-designation as realigned "defendants" certainly cannot.

*Finally*, the Opposition's refrain that Plaintiffs "do not dispute" the Objectors' realignment showing, Opp. at 1, confuses fact with law. Plaintiffs need not dispute that they and Monsanto both favor approval of the class settlement; that fact is irrelevant to who may remove. The only fact that matters under *Home Depot*—did the original plaintiffs sue the Objectors?—is undisputed that the answer is no. What Plaintiffs dispute is the legal conclusion the Objectors draw from the settling parties' shared position: that absent class members objecting to a class settlement may be deemed "defendants" with removal rights. They cannot.

## III.    Pre-Class Certification Objectors Are Not Parties to This Case.

Objectors attempt to recast themselves as parties under *Devlin v. Scardelletti*, 536 U.S. 1 (2002), which held that an objecting class member is a "party" for the limited purpose of appealing approval of a class settlement. Contrary to Objectors' contention, the Supreme Court explained in *Devlin* that "the label 'party' *does not indicate an absolute characteristic*," but only a conclusion about the applicability of various procedural rules that may differ based on context." *Id.* at 10 (emphasis added). Thus, in *certified* class actions, "[n]onnamed class members . . . may be parties for some purposes and not for others." *Id.* at 9–10. Unnamed members of a certified class are parties for purposes of appealing approval of a settlement, *id.* at 7, and for purposes of claim preclusion, *Cooper v. Fed. Reserve Bank of Richmond*, 467 U.S. 867, 874 (1984), but they are nonparties for other purposes—including the complete-diversity requirement, *Devlin*, 536 U.S. at 10, and consent to magistrate-judge jurisdiction under 28 U.S.C. § 636(c), *Koby v. ARS Nat'l Servs., Inc.*, 846 F.3d 1071, 1076 (9th Cir. 2017) (collecting cases).

By contrast, putative class members—like Objectors here—"are *always* treated as nonparties." *Molock v. Whole Foods Mkt. Grp., Inc.*, 952 F.3d 293, 297 (D.C. Cir. 2020) (emphasis

in original). The Supreme Court "made this clear" in *Smith v. Bayer Corp.*, 564 U.S. 299 (2011), where it held that "the mere proposal of a class . . . could not bind persons who were not parties," *id.* at 318, and observed that "no one" would "advance the novel and surely erroneous argument that a nonnamed class member is a party to the class-action litigation *before the class is certified*," *id.* at 313 (quoting *Devlin*, 536 U.S. at 16 n.1 (Scalia, J., dissenting)) (emphasis added); *see also Standard Fire Ins. Co. v. Knowles*, 568 U.S. 588, 593 (2013) ("A plaintiff who files a proposed class action cannot legally bind members of the proposed class before the class is certified."); *Iappini v. Silverleaf Resorts, Inc.*, 116 F. Supp. 3d 932, 943 (E.D. Mo. 2015) ("Because I have not certified a class, the only parties are the named plaintiffs and defendant[.]").

*Devlin*'s "some-purposes" party analysis therefore operates entirely within the universe of *certified classes*; it has no application to members of a class that exists only in proposal. This case is at preliminary approval. No class has been certified, no settlement has been approved, and there is no judgment to appeal. The Objectors are putative class members, and putative class members are nonparties—for every purpose. They cannot claim even *Devlin*'s limited, appeal-only party status, much less the full litigant status, with removal rights, that they assert.

The Objectors' remaining arguments fare no better. The Preliminary Approval Order's requirements that objectors file written objections and that their counsel enter appearances, PAO ¶¶ 34, 36, are procedural prerequisites to *being heard as objectors*; they do not transform absent class members into parties, let alone defendants. And Rule 23(f)'s carve-out for orders under Rule 23(e)(1) concerns the appealability of preliminary-approval orders—it says nothing about who may remove. None of these provisions makes any Objector "the party sued by the original plaintiff." *Home Depot*, 587 U.S. at 437.

**IV.    Intervention Cannot "Make" the Objectors "Defendants" With a Right to Remove.**

As a final fallback position, the Objectors contend that even without realignment, intervention would "make Objector Defendants parties" and "foreclose remand." Opp. at 15. Again, however, Objectors are incorrect. *Home Depot* defines who may remove: only a "defendant" under Sections 1441(a) and 1453(b) is "the party *sued* by the original plaintiff." 587 U.S. at 437 (emphasis added). An intervenor is the opposite of a party sued—it is a volunteer. The Supreme Court's own definition of "party" distinguishes between one "against whom a lawsuit is brought" and one who "become[s] a party by intervention, substitution, or third-party practice." *Smith*, 564 U.S. at 313. Intervention therefore offers the Objectors, at most, the second category of party status; *Home Depot* reserves removal for the first.

Courts in this Circuit have applied that rule to intervenors specifically. In *Rothrock v. Capital Logistics, LLC*, an insurer intervened in a state-court action in which it was actually defending and indemnifying the named defendant, with direct financial exposure to any judgment—and then removed. No. 6:20-CV-03225-MDH, 2020 WL 5536485, at *3 (W.D. Mo. Sept. 15, 2020). The court remanded the case, rejecting the insurer's "contention that it had become a defendant for removal purposes by virtue of intervening" and holding that a party is not a "defendant" for removal purposes "unless [it has] had a claim brought against [it] by the original plaintiffs." *Id.* For this reason, the Objectors' warning that remand would be "futile" because they would "simply remove the case once more," Opp. at 15 n.9, is meritless. Under *Home Depot* and *Rothrock*, the Objectors could not remove this case as intervenors any more than they could as objectors; their threat to remove again is a promise to repeat the same defect.

The intervention gambit also comes too late. By arguing that intervention is needed to "make" them parties, the Objectors concede they were not parties—much less defendants—when they filed the Notice of Removal. *See Jones v. Sisters of Charity Leavenworth Health System, Inc.*,

11

2026 WL 951697, at *1 (D. Colo. Feb. 4, 2026) (remanding because the would-be intervenor "was not a party in this case when the Notice of Removal was filed.").

## CONCLUSION

Only a defendant may remove a case to federal court, and the Objectors are not defendants—they are not even parties. Neither realignment, nor *Devlin*, nor intervention can supply the removal right that Congress did not grant to absent class members. For the foregoing reasons and those stated in Plaintiffs' Motion, the Court should remand this action to the Circuit Court of the City of St. Louis, Missouri.

Dated: June 15, 2026

Respectfully submitted,

*/s/ Eric D. Holland*
Eric D. Holland #39935MO
Patrick R. Dowd #64820MO
**HOLLAND LAW FIRM**
211 North Broadway
Suite 2625
St. Louis, MO 63102
eholland@hollandtriallawyers.com
pdowd@hollandtriallawyers.com

*Attorneys for Plaintiffs Robert Koehler,*
*Michael Merx, and Lead Counsel for the*
*Putative Missouri Class*

Michael Ketchmark #41018 (*PHV pending*)
**KETCHMARK & McCREIGHT, P.C.**
11161 Overbrook Rd. #210
Leawood, KS 66211
mike@ketchmclaw.com

*Attorneys for Plaintiffs Robert Koehler,*
*Michael Merx, and Counsel for the Putative*
*Missouri Class*

Christopher A. Seeger*
David R. Buchanan*
Steven J. Daroci*
**SEEGER WEISS LLP**

12

55 Challenger Rd., 6th Floor
Ridgefield Park, NJ 07660
973-639-9100
cseeger@seegerweiss.com
dbuchanan@seegerweiss.com
sdaroci@seegerweiss.com

*Attorneys for Plaintiffs Randall King, Scott Butterfield, and Bruce Waldman and Lead Counsel for the Putative Missouri Class*

Joseph F. Rice*
**MOTLEY RICE LLC**
28 Bridgeside Blvd.
Mount Pleasant, SC 29464
843.216.9000
jrice@motleyrice.com

Peter A. Kraus #65668
Charles Siegel*
**WATERS KRAUS PAUL & SIEGEL**
3141 Hood Street
Suite 700
Dallas, TX 75219
(214) 357-6244
kraus@waterskraus.com
siegel@waterskraus.com

*Attorneys for Plaintiffs Randall King, Scott Butterfield, and Bruce Waldman and Counsel for the Putative Missouri Class*

Brian T. Fitzpatrick
131 21st Avenue South
Nashville, TN 37203
(615) 322-4032

*On the Brief*

Samuel Issacharoff
40 Washington Square South
Suite 411J
New York, NY 10012
Telephone: 212.998.6580

*On the Brief*

13

*Admitted pro hac vice

## CERTIFICATE OF SERVICE

I hereby certify that on this 15th day of June, 2026, I caused the foregoing to be filed with the Clerk of this Court via the CM/ECF system, which will send a Notice of Electronic Filing to all counsel of record.

/s/ Eric D. Holland
Eric D. Holland