**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| RANDALL KING, *et al.*, on behalf of themselves and others similarly situated, | ) ) ) | |
| Plaintiffs, | ) | Case No. 4:26-cv-813 |
| | ) | |
| vs. | ) | |
| | ) | |
| MONSANTO COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S REPLY BRIEF IN FURTHER SUPPORT OF MOTION TO REMAND**

**TABLE OF CONTENTS**

**Page**

INTRODUCTION ...........................................................................................................1

ARGUMENT.................................................................................................................2

I.  *HOME DEPOT* FORECLOSES OBJECTORS' REMOVAL ATTEMPT. .............................2

II.  OBJECTORS ARE NOT PARTIES TO THE SETTLEMENT PROCEEDING. ....................7

III. OBJECTORS CANNOT USE REALIGNMENT TO MANUFACTURE REMOVAL
     JURISDICTION. ................................................................................................11

IV. OBJECTORS' REMAINING ARGUMENTS ARE UNAVAILING.................................14

A.      Removal is untimely. ................................................................................14

B.      Objectors have waived removal.................................................................15

CONCLUSION.............................................................................................................15

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Am. Home Assur. Co.* v. *RJR Nabisco Holdings Corp.*,
  70 F. Supp. 2d 296 (S.D.N.Y. 1999)..................................................................................9

*Am. Motorists Ins.* v. *Trane Co.*,
  657 F.2d 146 (7th Cir. 1981) ...................................................................................12 n.4

*Anaya* v. *QuickTrim, LLC*,
  No. CV 12-1967-CAS DTBX, 2012 WL 6590825 (C.D. Cal. Dec. 17, 2012) ........................3

*Bank of New York Mellon as Trustee for First Horizon Alternative [Mortgage]*
  *Sec. Tr. 2004-AA7* v. *FNU LNU*,
  No. CV 25-286 KK/GBW, 2025 WL 2976642 (D.N.M. Oct. 22, 2025)...................................4

*Brito* v. *Am. Nat'l Prop. & Cas. Co.*,
  No. 24-cv-00754-JB-JMR, 2024 WL 5263699 (D.N.M. Dec. 31, 2024)................................3

*Broad Coverage Serv.* v. *Oriska Ins. Co.*,
  No. 20-CV-11108 (PMH), 2021 WL 930458 (S.D.N.Y. Mar. 11, 2021)................................4

*Brown* v. *United Fin. Cas. Co.*,
  No. CV 25-4793, 2025 WL 2963442 (E.D. Pa. Oct. 17, 2025)...................................8

*Brown* v. *United Rentals (N. Am.), Inc.*,
  No. 21-2244-EFM, 2021 WL 4523439 (D. Kan. Oct. 4, 2021) .............................................14

*City of Indianapolis* v. *Chase Nat'l Bank of City of N.Y.*,
  314 U.S. 63 (1941).........................................................................................11, 12, 13

*Cleveland Hous. Renewal Project* v. *Deutsche Bank Tr. Co.*,
  621 F.3d 554 (6th Cir. 2010) .....................................................................9 n.3, 10

*Coloscapes Concrete, Inc.* v. *Jaco Gen. Contractor, Inc.*,
  No. 24-CV-03338-NYW-TPO, 2025 WL 1927633 (D. Colo. May 23, 2025).........................3

*Devlin* v. *Scardelletti*,
  536 U.S. 1 (2002).........................................................................................7, 8

*Doe* v. *Peoples*,
  394 F. Supp. 3d 655 (S.D. Miss. 2019).........................................................9 n.3, 10

*Enbridge Energy, LP* v. *Nessel on behalf of Michigan*,
  146 S. Ct. 1074 (2026)..................................................................................6 n.2

*G.S. by & through Seidel* v. *Ch Allied Servs., Inc.*,
No. 2:23-CV-04155-MDH, 2023 WL 6845828 (W.D. Mo. Oct. 17, 2023)..............................3

*Gay* v. *United Servs. Auto. Ass'n*,
No. CIV-19-00755-PRW, 2021 WL 2392425 (W.D. Okla. June 11, 2021) ...........................9

*Grand China Buffett & Grill, Inc.* v. *State Auto Prop. & Cas. Co.*,
2016 WL 6078343 (N.D. W.Va. Oct. 17, 2016)...................................................................12 n.4

*Grupo Dataflux* v. *Atlas Glob. Grp., L.P.*,
541 U.S. 567 (2004)..............................................................................................................6

*Habelt* v. *iRhythm Techs., Inc.*,
83 F.4th 1162 (9th Cir. 2023) ..............................................................................................8

*Hall* v. *Crane*,
No. A-23-CV-01477-RP-SH, 2024 WL 21604 (W.D. Tex. Jan. 2, 2024) ..............................12

*Henderson ex rel. Henderson* v. *Shinseki*,
562 U.S. 428 (2011)............................................................................................... 6 & n.2

*Heniford* v. *Am. Motors Sales Corp.*,
471 F. Supp. 328 (D.S.C. 1979)..........................................................................................9 n.3

*Holbein* v. *TAW Enters., Inc.*,
983 F.3d 1049 (8th Cir. 2020) ..............................................................................................6

*Home Depot U.S.A., Inc.* v. *Jackson*,
587 U.S. 435 (2019).............................................................................................. *passim*

*Huyer* v. *Van de Voorde*,
847 F.3d 983 (8th Cir. 2017) ..............................................................................................8

*In re Deepwater Horizon*,
819 F.3d 190 (5th Cir. 2016) ..............................................................................................13, 14

*In re Prudential Secs. Inc. Ltd. P'ships Litig.*,
164 F.R.D. 362 (S.D.N.Y.) ..................................................................................................13, 14

*In re UnitedHealth Grp. Inc. S'holder Derivative Litig.*,
631 F.3d 913 (8th Cir. 2011) ..............................................................................................8

*Jenkins* v. *Missouri*,
No. 77-0420-CV-W-DW, 2002 WL 35650253 (W.D. Mo. July 24, 2002).............................8

*Jones* v. *Sisters of Charity Leavenworth Health Sys., Inc.*,
No. 1:25-CV-02301-RMR-SBP, 2026 WL 951697 (D. Colo. Feb. 4, 2026) ..........................10

*Juliano* v. *Citigroup*,
    626 F. Supp. 2d 317 (E.D.N.Y. 2009) ...............................................................................9

*Karcher* v. *May*,
    484 U.S. 72 (1987)............................................................................................................7

*Lott* v. *Scottsdale Ins. Co.*,
    811 F. Supp. 2d 1220 (E.D. Va. 2011) ...........................................................9 n.3, 10, 12 n.4

*McKeen* v. *Cont'l Cas. Co.*,
    No. 10-10624, 2010 WL 3325200 (E.D. Mich. Aug. 19, 2010)....................................11, 12 n.4

*Molock* v. *Whole Foods Mkt. Grp., Inc.*,
    952 F.3d 293 (D.C. Cir. 2020)...........................................................................................7

*New Mexico ex rel. Balderas* v. *Valley Meat Co., LLC*,
    No. CIV 14-1100 JB/KBM, 2015 WL 3544288 (D.N.M. May 20, 2015) ................................5

*Perkins* v. *Life of the S. Ins. Co.*,
    No. 4:23CV1592 HEA, 2024 WL 3201803 (E.D. Mo. June 25, 2024).....................................3

*Renegade Swish, LLC* v. *Wright*,
    No. 4:15-CV-677-Y, 2016 WL 9450079 (N.D. Tex. Feb. 22, 2016) ......................................13

*Salge* v. *Buchanan*,
    No. C.A. C-07-212, 2007 WL 1521738 (S.D. Tex. May 24, 2007) ........................................11

*Sanford* v. *Emps. Mut. Cas. Co.*,
    No. 22-cv-01419-PAB, 2022 WL 2513325 (D. Colo. June 14, 2022) .....................................9

*Schouman* v. *Schouman*,
    No. CIV. A. 96-11588-REK, 1996 WL 721195 (D. Mass. Dec. 10, 1996)..............................11

*Schwartz* v. *Liberty Mut. Ins. Co.*,
    No. 01-2049, 2001 WL 1622209 (E.D. Pa. Dec. 18, 2001)...................................................13

*Sharma* v. *HSI Asset Loan Obligation Tr. 2007-1 by Deutsche Bank Nat'l Tr. Co.*,
    23 F.4th 1167 (9th Cir. 2022) ............................................................................................4

*Sheehy* v. *Intermountain Health Care, Inc.*,
    No. 1:25-CV-00914-RMR-SBP, 2025 WL 4084903 (D. Colo. Dec. 29, 2025)..........5, 6, 6 n.1

*Smith* v. *Bayer Corp.*,
    564 U.S. 299 (2011)........................................................................................................7, 8

*Smith* v. *SEECO, Inc.*,
    922 F.3d 398 (8th Cir. 2019) ..............................................................................................8

iv

*Smith* v. *We'll Clean, Inc.*,
No. 19-cv-4098, 2020 WL 1077693 (N.D. Ill. Mar. 6, 2020) ....................................4

*Spain* v. *Bice*,
No. 7:23-CV-1681-RDP, 2024 WL 3106898 (N.D. Ala. June 24, 2024) ................................3

*Telekenex, Inc.* v. *Axis Reinsurance Co.*,
No. C12-1617-JCC, 2012 WL 13028156 (W.D. Wash. Nov. 27, 2012) ..........9 n.3, 11, 12 n.4

*United States ex rel. Eisenstein* v. *City of New York*,
556 U.S. 928 (2009)..........................................................................7

*Universal Concrete Prods. Corp.* v. *Peerless Ins.*,
No. CIV. A. CCB-08-00317, 2008 WL 4104171 (D. Md. Aug. 21, 2008).................11, 12 n.4

*Washington* v. *Ernster*,
551 F. Supp. 2d 568 (E.D. Tex. 2007).......................................................11

**Statutes and Rules**

28 U.S.C. § 1441(a) ..........................................................................2, 6

28 U.S.C. § 1453(b) .........................................................................2, 5, 6

Class Action Fairness Act, 28 U.S.C. §§ 1332(d), 1453, 1711-15 ...................................1

**Other Authorities**

17A Wright & Miller, *Federal Prac. & Proc. Juris.* § 3607 (3d ed. 2026) .................................12

Black's Law Dictionary 1154 (8th ed. 2004)...............................................................7

J. Moore, B. Ward, & J. Lucas, Moore's Federal Practice (1987) ...................................7

**INTRODUCTION**

The law is clear that Objectors who are not "original defendants" in this state court class action settlement proceeding (the "Settlement Proceeding") cannot remove under the Class Action Fairness Act ("CAFA"), 28 U.S.C. §§ 1332(d), 1453, 1711–15.[1]  Nothing in the Objectors' Opposition to Defendant Monsanto Company's Motion to Remand (the "Opposition," or "Opp."), ECF No. 81, changes that result, which is mandated by both statute and binding Supreme Court precedent.  Objectors continue to urge their flawed theory of realignment, which they admit is entirely novel, but no amount of rhetoric can convert Objectors into defendants in, or even parties to, this proceeding—a fact effectively conceded by Objectors' belated Motion to Intervene, ECF No. 84, which was filed *two weeks after* their improper Notice of Removal (the "Notice'), ECF No. 1.  That alone requires remand here because, as "Objectors . . . agree:  only a defendant may remove a case under CAFA."  Opp. at 7.  Objectors' removal is also untimely and, because Objectors first filed substantive objections to the proposed class action settlement (the "Settlement") in the Circuit Court of the City of St. Louis in the state of Missouri (the "State Court"), they have waived any ability to remove that they might have had (and they had none).  *Id.* at 14–15.

Objectors ask this Court to take two unprecedented steps:  *first*, to ignore the Supreme Court's decision in *Home Depot U.S.A., Inc.* v. *Jackson*, 587 U.S. 435 (2019), and *second*, to manufacture both party status and removal authority for Objectors through realignment.  Neither is permissible.  *Home Depot* forecloses the possibility of removal by anyone other than the original defendant to a proceeding, and Objectors—who are unnamed members of a putative class—are

---

[1] The objectors are Craig Boylan, David Childress, Xavier Estrada, Lori Ann Fain, Donna Mason, Frederick O'Neill, Edward Rankin, William Robbins, William Szabo, and Patricia Veal (the "Objectors").

not the original defendant or even parties to the Settlement Proceeding.  Moreover, the realignment doctrine applies only to existing *parties*.

Objectors cite *no case* holding that an objector to a class action settlement may use the doctrine of realignment to become a defendant in that proceeding.  Nor do they cite *any case* holding that an objector may remove such a proceeding under CAFA.  Objectors' argument also flies in the face of any commonsense understanding of the word "defendant."  Disagreement with a settlement does not convert an objector into a defendant, as no claim is brought against Objectors and no relief is sought from them.  Objectors may not like the Settlement, but they were free to opt out.  That they chose not to does not render them "defendants," let alone original defendants, entitled to remove.  The Court should immediately remand the Settlement Proceeding to the State Court so that it can continue with the settlement review and approval process.

**ARGUMENT**

As shown below, Objectors' arguments are wholly unavailing:  they are neither original defendants nor parties to the Settlement Proceeding; they cannot manufacture removal jurisdiction through realignment; removal was untimely; and even if they had a right to remove, which they did not, it has been waived.

I.      ***Home Depot* forecloses Objectors' removal attempt.**

The Supreme Court held in *Home Depot* that the term "defendant" in both the CAFA removal provisions (28 U.S.C. § 1453(b)) and the general removal statute (28 U.S.C. § 1441(a)) "refers *only* to the party sued by the original plaintiff."  587 U.S. at 437 (emphasis added).  As shown in Monsanto's Memorandum in Support of its Motion to Remand ("Opening Brief," or "Br."), ECF No. 17, that alone dooms Objectors' removal attempt.  Br. at 7–9.  Objectors are not the party originally sued by the plaintiffs; they have been sued by *no one*.

2

Objectors do not, and cannot, cite a single case permitting an objector to a class action settlement proceeding to remove under CAFA.  Given that Objectors' theory would effectively permit any objector to remove a state court class action settlement proceeding, one would expect that, in the twenty-plus years since CAFA's enactment, there would be a case endorsing their theory if it had any validity.  But there is none.  Indeed, the only case involving CAFA removal by a settlement objector that Monsanto has found was promptly remanded by the federal court.  *See Anaya* v. *QuickTrim*, LLC, No. CV 12-1967-CAS DTBX, 2012 WL 6590825 (C.D. Cal. Dec. 17, 2012).  In *Anaya*, putative class members in a California state court class action settlement proceeding argued, like Objectors here, that they were "functional defendant[s]" and filed a notice of removal.  *Id.* at *3.  The federal court observed that the putative class members "cite[d] to no authority supporting the proposition that putative class members should be considered 'parties' to the action for purposes of removal jurisdiction, as *none appears to exist*" and that "[t]he case law is uniformly to the contrary."  *Id.* at *3–4 (emphasis added).  The court therefore concluded that the putative class members' argument was "without merit," and remanded.  *Id.* at *4.

Having no precedent to rely on, Objectors instead urge a reading of *Home Depot* that has already been rejected by this Court and many others.  Objectors claim that *Home Depot* stands only for the narrow proposition that a counterclaim defendant cannot remove, and does not apply to them as they are not counterclaim defendants.  Opp. at 8.  But Objectors disregard the Supreme Court's explicit reasoning and conclusion, which sweeps beyond the specific context of counterclaims:  the Court held that, "because the 'civil action . . . of which the district cour[t]' must have 'original jurisdiction' is the action as defined by the plaintiff's complaint, 'the defendant' to that action is the defendant to that complaint."  587 U.S. at 442 (internal citation omitted).  Thus, as this Court and others have recognized, *Home Depot*'s holding is not narrow,

3

but broad and "inescapable: . . .Only an original defendant or defendants to a complaint can remove a civil action to federal court." *Perkins* v. *Life of the S. Ins. Co.,* No. 4:23CV1592 HEA, 2024 WL 3201803, at *1 (E.D. Mo. June 25, 2024) (Autrey, J.) (granting motion to remand); *see also G.S. by & through Seidel* v. *Ch Allied Servs.*, *Inc.,* No. 2:23-CV-04155-MDH, 2023 WL 6845828, at *2 (W.D. Mo. Oct. 17, 2023) ("The Supreme Court's interpretation of the general removal statute in *Home Depot* is broad and unequivocal.").

Accordingly, courts routinely reject the claim that *Home Depot*'s ruling is limited to counterclaim defendants and hold instead that it applies to anyone who is not an original defendant, including, among others, third-party defendants and crossclaim defendants. *See, e.g.*, *Coloscapes Concrete, Inc.* v. *Jaco Gen. Contractor, Inc.*, No. 24-CV-03338-NYW-TPO, 2025 WL 1927633, at *4 (D. Colo. May 23, 2025) (third-party defendants); *Brito* v. *Am. Nat'l Prop. & Cas. Co.*, No. 24-cv-00754-JB-JMR, 2024 WL 5263699, at *2–3 (D.N.M. Dec. 31, 2024) (same); *Spain* v. *Bice*, No. 7:23-CV-1681-RDP, 2024 WL 3106898, at *3-4 (N.D. Ala. June 24, 2024) (explaining that *Home Depot*'s reasoning as to "why a counterclaim defendant cannot remove an action . . . appl[ies] with equal force to a party's attempt to remove a crossclaim"); *Smith* v. *We'll Clean, Inc.*, No. 19-cv-4098, 2020 WL 1077693, at *3 (N.D. Ill. Mar. 6, 2020) (same).

That Objectors purport to be the "real" defendants because they claim interests in collision with the parties to the Settlement does not change the *Home Depot* analysis. *See Sharma* v. *HSI Asset Loan Obligation Tr. 2007-1 by Deutsche Bank Nat'l Tr. Co.*, 23 F.4th 1167, 1170–71 (9th Cir. 2022) (rejecting attempt by party "purporting to be the 'real party in interest'" to remove because "[i]f Congress meant to allow a 'real party defendant in interest' to remove an action on behalf of a named defendant, it could have written the statute that way"); *Bank of New York Mellon as Trustee for First Horizon Alternative [Mortgage] Sec. Tr. 2004-AA7* v. *FNU LNU*, No. CV 25-

4

286 KK/GBW, 2025 WL 2976642, at *4 (D.N.M. Oct. 22, 2025) ("A non-party, even one claiming to be a real party in interest, lacks the authority to institute removal proceedings."); *Broad Coverage Serv.* v. *Oriska Ins. Co.*, No. 20-CV-11108 (PMH), 2021 WL 930458, at *2 (S.D.N.Y. Mar. 11, 2021) (rejecting argument that *Home Depot* was inapposite where "Third-Party Defendants" who claimed to be "the real party-in-interest to the operative pleading" had removed the case); *see also New Mexico ex rel. Balderas* v. *Valley Meat Co., LLC*, No. CIV 14-1100 JB/KBM, 2015 WL 3544288, at *23 (D.N.M. May 20, 2015) ("It is unlikely that Congress accidentally used the term 'defendant' seventeen times [in § 1446(a), statute setting out procedure for removal] if it really meant 'person with an interest in the litigation.'  Indeed, 'the Supreme Court has rejected the theory that the federal courts, when assessing their jurisdiction, should look beyond the pleadings to discover unnamed real parties in interest.'"), *on reconsideration in part sub nom. New Mexico* v. *Valley Meat Co., LLC*, 2015 WL 9703255 (D.N.M. Dec. 14, 2015).[2]

In *Sheehy* v. *Intermountain Health Care, Inc.*, an intervenor in a class action lawsuit purported to be the "Real Party Defendant in Interest," and removed under CAFA arguing that "irrespective of how [plaintiff] captioned his case, he in fact 'seeks to bring this lawsuit against'" the intervenor.  No. 1:25-CV-00914-RMR-SBP, 2025 WL 4084903, at *3 (D. Colo. Dec. 29, 2025), *report and recommendation adopted sub nom. Jones* v. *Sisters of Charity Leavenworth Health Sys., Inc.*, No. 1:25-CV-02301-RMR-SBP, 2026 WL 951697 (D. Colo. Feb. 4, 2026)  The court was "compelled by the decision in *Home Depot*" to reject intervenor's argument and held

---

[2] As explained in the Opening Brief, Br. at 8, the *Home Depot* Court found it significant that in "other removal provisions," such as those in the bankruptcy or patent related contexts, "Congress has clearly extended the reach of the statute to include parties other than the original defendant." *Id.* at 442–43.  But under both CAFA and the general removal statute, Congress did not alter the meaning of "defendant" beyond its original context, nor "expand the class of parties who can remove a class action." *Id.* at 444–45.  Objectors fail to address this analysis.

that the removal suffered from a threshold defect: "a state court case may be removed to federal court only by a 'defendant,'" which plainly "does not encompass an entity—like [intervenor]— that was not a named defendant in the state action, even one who claims to be a 'real party defendant in interest.'" *Id.* at *4. The court was also "unpersuaded" by intervenor's lengthy justification as to why it was the real defendant in interest because "[t]he Supreme Court's construction of the removal statutes in *Home Depot*, including § 1453(b) [CAFA's removal provision], cannot reasonably be read to countenance the idea that an unnamed party—even one claiming to be the 'real' defendant—may employ the removal procedure set forth in § 1453(b),"— "[t]hat, only a *named* defendant in the state action may do, and [intervenor] lacks that status." *Id.* at *5. That was the beginning and end of the matter—"post-*Home Depot*" there is "no legal support . . . to interpret 'defendants' under § 1453(b) as encompassing an unnamed party, even one who considers itself to be the 'real party defendant' in the matter."[3] *Id.* at *7.

Finally, the statutory removal language and the holding of *Home Depot* are not merely "claims-processing rules," as Objectors would have it, but, rather, binding law that prevent Objectors from invoking federal jurisdiction here. Claims-processing rules are those rules "that seek to promote the orderly progress of litigation by requiring that the parties take certain procedural steps at certain specified times," such as filing deadlines. *Henderson ex rel. Henderson*

---

[3] Objectors argue that "[i]n cases removed under CAFA, the ordinary presumption against removal does not apply" and thus the "Court must determine the propriety of removal with no procedural thumb on the scale." Opp. at 5. But as the court in *Sheehy* explained, by applying *Home Depot* and remanding, "the [C]ourt simply fulfill[s] its obligation to apply to the case at hand *binding* precedent concerning a threshold requirement for removal. The absence of a presumption against removal in the CAFA context does not absolve parties of their duty to comply with the statutory prerequisites to removal, including the rule that only a named defendant may remove." 2025 WL 4084903, at *7 (emphasis added).

v. *Shinseki*, 562 U.S. 428, 435 (2011).[4]  By contrast, in the Eighth Circuit, "unauthorized removal under § 1441(a) results in a '*statutory* defect.'"  *Holbein* v. *TAW Enters., Inc.*, 983 F.3d 1049, 1054–55 (8th Cir. 2020) (quoting *Grupo Dataflux* v. *Atlas Glob. Grp., L.P.*, 541 U.S. 567, 574 (2004)).  The same logic applies to removal under CAFA.

The Court should reject Objectors' effort to limit *Home Depot* and to create new law: Objectors are not the original defendants to the Petition, regardless of any purported interest they claim to have.  A nonparty who objects to a proposed settlement—whom the complaint did not name (and could not have named) as a defendant or seek to hold liable for the plaintiffs' asserted injuries—plainly does not qualify as an "original defendant".  Because Objectors are not the original defendants, their attempted removal fails as a matter of law.

## II.     Objectors are not parties to the Settlement Proceeding.

Objectors once again try to overrule the Supreme Court by claiming they are parties to the Settlement Proceeding.  Opp. at 13.  But *Smith* v. *Bayer Corp.* squarely holds that non-named class members are not parties to a class action for any purpose prior to class certification.  564 U.S. 299, 313 (2011).  As with *Home Depot*, Objectors offer no sound reason for this Court to deviate from binding Supreme Court precedent.

In general, a "party" to litigation is "[o]ne by or against whom a lawsuit is brought," *United States ex rel. Eisenstein* v. *City of New York*, 556 U.S. 928, 933 (2009) (quoting Black's Law Dictionary 1154 (8th ed. 2004)), or one who "become[s] a party by intervention, substitution, or third-party practice," *Karcher* v. *May*, 484 U.S. 72, 77 (1987) (citing J. Moore, B. Ward, & J.

---

[4] Objectors cite *Enbridge Energy, LP* v. *Nessel on behalf of Michigan*, 146 S. Ct. 1074 (2026), to support their position that the right to remove merely "implicates claims-processing rules," Opp. at 4, but that is not what *Enbridge* held.  *Enbridge* instead found only that the *30-day removal deadline* under the general removal statute was not jurisdictional, but was nevertheless mandatory. *Enbridge*, 146 S. Ct. at 1081.

7

Lucas, Moore's Federal Practice ¶ 203.06, pp. 3–20 (1987)).  An unnamed member of a *certified* class who "objected during the fairness hearing" may be "considered a 'party' for the [particular] purpose[] of appealing . . . 'an adverse judgment.'"  *Devlin* v. *Scardelletti*, 536 U.S. 1, 7, 12 (2002) (quoting *Marino v. Ortiz,* 484 U.S. 301, 304 (1988)).  But as the dissent in *Devlin* noted, no one in that case was "willing to advance the novel and surely erroneous argument that a nonnamed class member is a party to the class-action litigation *before the class is certified.*"  *Id.* at 16 n.1 (Scalia, J., dissenting).  Subsequent to *Devlin*, *Smith* made crystal clear that, prior to certification, non-named class members are not parties.  564 U.S. at 313.

*Devlin* did not remotely suggest that unnamed class members, prior to class certification, are "parties" for purposes of removal, and Objectors have cited no case that so holds.  Rather, "putative class members—at issue in this case—are *always* treated as nonparties.  The Supreme Court made this clear in *Smith*."  *Molock* v. *Whole Foods Mkt. Grp.*, *Inc.,* 952 F.3d 293, 297 (D.C. Cir. 2020).  "[T]he definition of the term 'party' does not cover an unnamed class member 'before the class is certified.'"  *Habelt* v. *iRhythm Techs., Inc.*, 83 F.4th 1162, 1166 (9th Cir. 2023) (emphasis omitted) (quoting *Smith*, 564 U.S. at 313 (2011)).

Moreover, the Eighth Circuit has interpreted *Devlin* narrowly to find that its "rule" concerning non-named class members being parties for purposes of appeal is "limited to the circumstances at issue in that case"—i.e., an appeal after both class certification and a final judgment.  *See Smith* v. *SEECO, Inc.*, 922 F.3d 398, 404–05 (8th Cir. 2019); *see also Huyer* v. *Van de Voorde*, 847 F.3d 983, 986 (8th Cir. 2017) ("*Devlin* addressed *only* the issue of whether an unnamed class member who did not formally intervene in the action 'should be considered a "party" for the purposes of appealing the approval of the settlement'") (emphasis added) (internal citation omitted); *In re UnitedHealth Grp. Inc. S'holder Derivative Litig.*, 631 F.3d 913, 916 (8th

8

Cir. 2011) (recognizing *Devlin* as a "narrow exception[]" to the more "general rule" that "only parties to a lawsuit have the right to appeal an adverse judgment"); *Jenkins* v. *Missouri*, No. 77-0420-CV-W-DW, 2002 WL 35650253, at *3 (W.D. Mo. July 24, 2002) (declining "to extend *Devlin*" "to grant unnamed class members party status to seek decertification of a class, certification of a subclass and/or dismissal of class counsel without first intervening in the action" because "[t]he Supreme Court's holding in *Devlin* in and of itself only establishes the right of an unnamed class member to appeal a settlement after the class member objected to the settlement at a fairness hearing").  Here, there is neither a certified class nor a final judgment.

Accordingly, in addition to lacking removal authority because they are not defendants, Point I, *supra*, Objectors also lack the ability to remove because they are not even parties to the Settlement Proceeding.  The law is clear that because "[t]he right of removal is limited exclusively to defendants . . . [a] non-party entity lacks the authority to institute removal proceedings.  This is true regardless of whether the non-party removing entity," like Objectors, "claims to be a real party in interest."  *See Brown* v. *United Fin. Cas. Co.*, No. CV 25-4793, 2025 WL 2963442, at *3 (E.D. Pa. Oct. 17, 2025); *see also Sanford* v. *Emps. Mut. Cas. Co.*, No. 22-cv-01419-PAB, 2022 WL 2513325, at *1 (D. Colo. June 14, 2022) (rejecting removing non-party's argument that the plaintiff had "incorrectly named the defendant" and that the removing non-party was the "correct entity," and finding "no basis for a non-party to file such a [removal] motion"); *Gay* v. *United Servs. Auto. Ass'n*, No. CIV-19-00755-PRW, 2021 WL 2392425, at *3 nn.15 & 17 (W.D. Okla. June 11, 2021) (collecting cases in which non-parties were held to not have the ability to remove a case); *Juliano v. Citigroup*, 626 F. Supp. 2d 317, 319 (E.D.N.Y. 2009) (holding that a non-party lacks standing to invoke removal jurisdiction and purported removal by a non-party is "improvident and without jurisdiction."); *Am. Home Assur. Co.* v. *RJR Nabisco Holdings Corp.*,

70 F. Supp. 2d 296, 298 (S.D.N.Y. 1999) ("a non-party—even one that . . . claims to be a real party in interest—has no authority to notice removal").  It this therefore unsurprising that all of Objectors' realignment cases concern the realignment of actual *parties* to a proceeding—not non-parties such as Objectors.[5]

Next, contrary to Objectors' contentions, intervention would not cure the defects in removal, Opp. at 15, because even if Objectors become parties, they would still not be defendants who can remove under CAFA.  *See Home Depot*, 587 U.S. at 445-46; s*ee also* Point I, *supra*.  In addition, if Objectors were not parties—let alone defendants—at the time of removal, that removal is invalid, and Objectors cannot retroactively be made parties by intervention so as to support removal.  *See Jones*, 2026 WL 951697, at *1 (granting remand where intervenor "was not a party in this case when the Notice of Removal was filed" and therefore "could not have filed the notice of removal, because the statute requires a defendant to file such a notice.").

At the time of removal, under *Smith* v. *Bayer*, Objectors were *not* parties to the Settlement Proceeding.  Even if they could somehow now intervene and become parties, this would not change the result.  Intervention does nothing to solve the dispositive problem:  Objectors were not—and cannot become—original defendants with removal authority.

---

[5] *See Cleveland Hous. Renewal Project* v. *Deutsche Bank Tr. Co.*, 621 F.3d 554, 559 (6th Cir. 2010) ("The district court properly recognized that it is the court's responsibility to ensure that the *parties* are properly aligned according to their interests in the litigation") (emphasis added); *Doe* v. *Peoples*, 394 F. Supp. 3d 655, 659 (S.D. Miss. 2019) (discussing the "realignment of parties"); *Lott* v. *Scottsdale Ins. Co.*, 811 F. Supp. 2d 1220, 1223 (E.D. Va. 2011) ("[W]here, as here, there is no diversity of citizenship based on the initial alignment of the *parties* in an action commenced in state court, a *defendant* may nonetheless remove the case to federal court and request realignment of the *parties* to produce the requisite diversity.") (emphases added); *Telekenex, Inc.* v. *Axis Reinsurance Co.*, No. C12-1617-JCC, 2012 WL 13028156, at *2 (W.D. Wash. Nov. 27, 2012) (same); *Heniford* v. *Am. Motors Sales Corp.*, 471 F. Supp. 328, 334 (D.S.C. 1979) ("Before determining removability under Section 1441(b) on the basis of diversity of citizenship, the court will realign the *parties* according to their true interest, as it would were the case brought in the federal court originally") (emphasis added), *dismissed*, 622 F.2d 584 (4th Cir. 1980).

10

**III.    Objectors cannot use realignment to manufacture removal jurisdiction.**

Objectors concede that "only a defendant may remove a case under CAFA," and, consequently, have no choice but to resort to rhetorical contortions to realign themselves as defendants. *See* Opp. at 7.  As shown in the Opening Brief, that strategy finds no support in the case law or common sense.  Br. at 11–12.

Once again, *none* of Objectors' cases support their theory.  They cite no case permitting non-parties (or even parties) to remove and then be realigned as defendants so as to provide a basis for removal.  Instead, *all* of their removal-related realignment cases involve the original, named defendant to a proceeding removing and then seeking realignment of the parties to the action to produce the diversity required for diversity jurisdiction.  *See Lott,* 811 F. Supp. 2d at 1223 ("[I]t is settled that where, as here, there is no diversity of citizenship based on the initial alignment of the parties in an action commenced in state court, a defendant may nonetheless remove the case to federal court and request realignment of the parties to produce the requisite diversity"); *Cleveland Hous. Renewal Project*, 621 F.3d at 557 (named defendant removed and requested realignment to create diversity jurisdiction); *Doe*, 394 F. Supp. 3d at 657–58 (same); *McKeen* v. *Cont'l Cas. Co*., No. 10-10624, 2010 WL 3325200, at *1 (E.D. Mich. Aug. 19, 2010) (same); *Schouman* v. *Schouman*, No. CIV. A. 96-11588-REK, 1996 WL 721195, at *4–5 (D. Mass. Dec. 10, 1996) (same); *Telekenex*, 2012 WL 13028156, at *1–2 (same); *Universal Concrete Prods. Corp.* v. *Peerless Ins*., No. CIV. A. CCB-08-00317, 2008 WL 4104171, at *1–2 (D. Md. Aug. 21, 2008) (same).  In other words, all of Objectors' cases are about original named defendants who actually have the statutory right to remove seeking realignment of parties to prevent gamesmanship concerning diversity.  They are unable to cite any other fact pattern.

*City of Indianapolis* v. *Chase Nat'l Bank of City of N.Y.*, 314 U.S. 63 (1941), Objectors' principal support for their theory of realignment, does not stand for the proposition that

11

realignment can be used to allow someone other than the original named defendant to remove a case. *City of Indianapolis* does not involve removal at all—the case was originally filed in federal court. 314 U.S. at 69. There, plaintiff was alleged to have filed suit against an extraneous friendly party in order to achieve diversity and thereby manufacture federal jurisdiction. *Id.* at 71. The Supreme Court held that this contrived attempt at obtaining federal jurisdiction was improper because "[t]he fact that [plaintiff] prefers the adjudication of its claims by the federal court is certainly no reason why [the Court] should deny the plain facts of the controversy and yield to illusive artifices." *Id.* at 76. *City of Indianapolis* thus discussed realignment in the limited context of whether "suits *originally filed* in federal court (rather than removed) could proceed under diversity jurisdiction." *Salge* v. *Buchanan*, No. C.A. C-07-212, 2007 WL 1521738, at *4 n.5 (S.D. Tex. May 24, 2007) ("[c]ourts have seriously questioned whether the procedural mechanism of 'realignment' can be used to support removal at all"); *see also Washington* v. *Ernster*, 551 F. Supp. 2d 568, 573–74 (E.D. Tex. 2007) (denying motion to realign where "defendant relied upon *City of Indianapolis*" to argue that it should be realigned so as to permit removal, noting that that case "did not address removal"). In fact, as commentators have observed, *City of Indianapolis*, despite being an eighty-five-year-old case, has not spawned a broader doctrine of realignment. *See* 17A Wright & Miller, *Federal Prac. & Proc. Juris.* § 3607 (3d ed. 2026) ("Despite the passage of . . . years, the implications of the *City of Indianapolis* case on party alignment remain unclear . . . the decision may reflect nothing more than a difference of view among the justices as to the application of the law of alignment to a rather unique factual situation.").

Furthermore, realigning Objectors as defendants would defy common sense because Objectors lack interests akin to that of a true defendant—a fact their own authorities underscore. The majority of Objectors' realignment cases involve situations where an insured defendant is

12

properly realigned as a plaintiff, because the insured party, like named plaintiffs, seeks to compel the insurer defendant to provide coverage.[6]  Here, by contrast, Objectors seek to be realigned as a *defendant*, despite the fact that they face no liability and, in fact, have Roundup claims against *Monsanto*, the party that would have to pay billions of dollars if the Settlement is approved.  *See Hall* v. *Crane*, No. A-23-CV-01477-RP-SH, 2024 WL 21604, at *3 (W.D. Tex. Jan. 2, 2024) (holding that party's removal attempts were defective "because he cannot be considered the defendant in these actions as he is the party seeking affirmative relief against the estates and is seeking review of the [state court]'s rulings."), *report and recommendation adopted,* No. 1:23-CV-1477-RP, 2024 WL 348529 (W.D. Tex. Jan. 29, 2024).  Unlike Monsanto, Objectors do not face any claims and even had the option to opt out of the Settlement but chose not to.  Their decision to remain in the Settlement and litigate their objections does not convert them into defendants.

Finally, permitting "realignment under these circumstances would promote forum shopping." *See Renegade Swish, LLC* v. *Wright*, No. 4:15-CV-677-Y, 2016 WL 9450079, at *2–3 (N.D. Tex. Feb. 22, 2016) (denying realignment, remanding and granting costs), *on reconsideration*, No. 4:15-CV-677-Y, 2016 WL 11295443 (N.D. Tex. June 23, 2016) (vacating award of costs), *vacated and remanded on other grounds sub nom. Renegade Swish, L.L.C.* v. *Wright*, 857 F.3d 692, 693 (5th Cir. 2017) (reversing as to award of costs because the removing

---

[6] *See, e.g.*, *Lott*, 811 F. Supp. 2d at 1224 (granting realignment in a declaratory judgment action where insurer had a duty to defend and indemnify a pool operator and therefore pool operator's interests were more closely aligned with that of named plaintiffs than with the insurer); *McKeen*, 2010 WL 3325200, at *2-3 (same where primary dispute was whether the insurer was contractually obligated to indemnify plaintiffs); *Telekenex*, 2012 WL 13028156, at *3 (similar); *Universal Concrete Prods.*, 2008 WL 4104171, at *4-5 (similar); *Grand China Buffett & Grill, Inc.* v. *State Auto Prop. & Cas. Co.*, 2016 WL 6078343, at *6 (N.D. W. Va. Oct. 17, 2016) (similar); *Am. Motorists Ins.* v. *Trane Co.*, 657 F.2d 146, 149 (7th Cir. 1981) (similar).

13

party did not "ha[ve] an objectively reasonable basis to remove to federal court"). Objectors have made clear that they do not like the State Court and wish to challenge the Settlement in a federal forum they perceive to be more receptive to their arguments. *See* Opp. at 6, 11; *see also* Notice ¶ 3. Their attempted removal is transparently part of a tactical effort to disrupt the settlement process. But "the Supreme Court in *City of Indianapolis* was guided by the policy of preventing parties from manipulating federal jurisdiction. That concern weighs against realignment here." *Schwartz* v. *Liberty Mut. Ins. Co.*, No. 01-2049, 2001 WL 1622209, at *6 (E.D. Pa. Dec. 18, 2001) (denying motion for realignment and remanding).

## IV.    Objectors' remaining arguments are unavailing.

### A.    Removal is untimely.

As demonstrated in the Opening Brief, Objectors' Notice is also untimely because Objectors waited more than three *months* after the filing of the Motion for Preliminary Approval and Petition to seek removal. Br. at 12–13. Objectors cannot deny that their counsel was apprised of the Settlement immediately when this case was filed back in February, and, in the class action context, notice to counsel is imputed to that counsel's clients. *See, e.g.*, *In re Deepwater Horizon*, 819 F.3d 190, 199 (5th Cir. 2016) ("It is well established that notice to Mason's attorney is imputed to Mason."); *In re Prudential Secs. Inc. Ltd. P'ships Litig.*, 164 F.R.D. 362, 370 n.7 (S.D.N.Y.) ("Notice conferred upon a class member's counsel may be imputed to the class member herself."), *aff'd sub nom. In re Prudential Secs. Inc. Ltd. P'ships Litig.*, 107 F.3d 3 (2d Cir. 1996). Objectors claim that notice is only imputed to class counsel, not individual plaintiffs' counsel in the class action context, Opp. at 6 n.2, but both *Deepwater Horizon* and *In re Prudential* concern notice being imputed to *non*-class counsel. *See In re Deepwater Horizon*, 819 F.3d at 199; *In re Prudential Secs. Inc. Ltd. P'ships Litig.*, 164 F.R.D. at 370 n.7. Objectors also now conveniently assert, without any factual support, that they only retained their counsel "around May 12 or 13"

14

and therefore did not know of the Settlement prior to this date.  Opp. at 6.  This purported fact is not in their declarations, and strains credulity.

### B.    Objectors have waived removal.

As set out in the Opening Brief, Objectors have waived any right they may have had to removal (and they had none).  *See* Br. at 15.  Objectors filed substantive, detailed, merits-based objections to the Settlement in State Court before removing, which they now claim were merely a protest against the State Court's authority.  Opp. at 6.  This is simply not true—Objectors advanced substantive merits-based critiques of the Settlement in their objections, including asking the State Court to review the allegedly defective notice program and compensation structure and challenging the adequacy of the named plaintiffs' representation of the class and the scope of the Settlement's releases.  *See* Motion to Remand, Ex. 1 (Golin Decl.) at Ex. E (Objection, *King* v. *Monsanto* (May 21, 2026)) ¶¶ 5, 7, 9, 11.  By placing the merits of the Settlement at issue before the State Court, Objectors waived any ability to remove, even if they also opined, as part of their objections, as to the State Court's authority.  *Cf. Brown v. United Rentals (N. Am.), Inc.*, No. 21-2244-EFM, 2021 WL 4523439, at *1 (D. Kan. Oct. 4, 2021) ("The motion to dismiss or transfer filed by URNA and Hann was grounded on their claims of improper venue; they made no arguments seeking a dismissal on the merits.  Accordingly, their motion was not a waiver of their right to consent to removal of the action").

### CONCLUSION

Objectors are neither original defendants nor parties to the Settlement Proceeding and thus have no authority to remove under CAFA.  Their removal theory is foreclosed by binding Supreme Court precedent, and they cannot manufacture jurisdiction through realignment.  Their remaining arguments—including timeliness and waiver—fail as a matter of law.  The Court should therefore immediately remand this action to the State Court.

Dated:  June 15, 2026                                    Respectfully submitted,


                                                    */s/ James F. Bennett*
                                                    James F. Bennett #46826(MO)
                                                    **DOWD BENNETT LLP**
                                                    7676 Forsyth Blvd., Ste. 1900
                                                    St. Louis, Missouri 63105
                                                    314-880-7300
                                                    jbennett@dowdbennett.com


                                                    Elaine P. Golin (admitted *pro hac vice*)
                                                    Carrie M. Reilly (admitted *pro hac vice*)
                                                    **WACHTELL, LIPTON, ROSEN & KATZ**
                                                    51 West 52nd Street
                                                    New York, New York 10019
                                                    212-403-1000
                                                    epgolin@wlrk.com
                                                    cmreilly@wlrk.com


                                                    Daniel W. Nelson (admitted *pro hac vice*)
                                                    **GIBSON, DUNN & CRUTCHER LLP**
                                                    1700 M Street N.W.
                                                    Washington, D.C. 20036
                                                    202-887-3687
                                                    dnelson@gibsondunn.com


                                                    *Attorneys for Defendant Monsanto Company*


                                                    16

## CERTIFICATE OF SERVICE

I hereby certify that on this 15th day of June 2026, the above and foregoing was filed electronically with the Clerk of the Court, to be served by operation of the Court's electronic filing system upon all counsel of record.

/s/ James F. Bennett
James F. Bennett #46826(MO)
**DOWD BENNETT LLP**
7676 Forsyth Blvd., Ste. 1900
St. Louis, Missouri 63105
314-880-7300
jbennett@dowdbennett.com