## UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF MISSOURI
### EASTERN DIVISION

| | | |
|---|---|---|
| RANDALL KING, et al., on behalf of themselves and others similarly situated | ) ) ) | |
| Plaintiffs, | ) ) | No. 4:26-CV-813 HEA |
| v. | ) ) ) | |
| MONSANTO COMPANY | ) ) | |
| Defendants. | ) | |

## <u>OPINION, MEMORANDUM AND ORDER</u>

This matter is before the Court on Defendant's Motion to Remand, [Doc. No, 12] and Plaintiff's Motion to Remand, [Doc. No. 25]. For the reasons set forth below, the Motions will be granted.

This matter was removed from the Circuit Court for the City of St. Louis by Craig Boylan, David Childress, Zavier Estrada, Lori Ann Fain, Donna Mason, Frederick O'Neill, Edward Rankin, William Robbins, William Szabo, and Patricia Veal, who are self-styled "Objector Defendants." These "Objectors" claim this Court's jurisdiction is based on 28 U.S.C. § 1332(d). Both Plaintiff and Defendant have moved to remand the action.

On February 17, 2026, Plaintiffs filed a putative class action against Monsanto in the Circuit Court of the City of St. Louis, Missouri, *King v. Monsanto*

*Co.*, No. 2622-CC00325, seeking approval of a proposed nationwide class settlement of Roundup-related claims. The Class Action Petition names five individual Plaintiffs and a single Defendant, Monsanto.

On March 4, 2026, the Missouri court entered a Preliminary Approval Order, directed a nationwide notice program, and set deadlines for opt-outs and objections, with a final approval hearing scheduled for July 9, 2026. The Missouri court expressly stated that it had made no final decision on approval and that objectors could raise their arguments through the objection and final-approval process. See Exhibit 2 to Objectors' Notice of Removal ("NOR") at 3–4.

On May 21, 2026, Objectors filed objections in the Missouri court and, the next day, filed the Notice of Removal in this Court. Objectors have also filed a motion to stay proceedings in this Court pending a ruling on transfer to the MDL.

The Objectors attempt to "realign" themselves as defendants in this case classify themselves as "the true defendants" because according to them, they are the only ones who oppose the relief that the named parties want, that being a settlement of class action Round Up claims.

Removal of an action by people who are not defendants in the action is not authorized. Section 1441(a) of Title 28 states that an action "may be removed by *the defendant or the defendants*." 28 U.S.C. § 1441(a).(emphasis added). The text "specifically limits the ability to remove to the 'defendant or the defendants,' and

2

contains no language allowing mistakenly omitted parties, wrongly excluded parties, or any other type of non-defendant to remove an action to federal court." *Sharma v. HSI Asset Loan Obligation Tr. 2007-1 by Deutsche Bank Nat'l Tr. Co.*, 23 F.4th 1167, 1170 (9th Cir. 2022). Objectors are not defendants in the action and have no basis upon which to remove it. The Corut, therefore lacks jurisdiction and the case must be remanded

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion to Remand, [Doc. No, 12] and Plaintiff's Motion to Remand, [Doc. No. 25] are granted.

**IT IS FURHTER ORDERED** that this matter is remanded to the Circuit Court for the City of St. Louis, Missouri.

An appropriate Order of Remand will accompany this Opinion, Memorandum and Order.

Dated this 17th day of June, 2026.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE

3