## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | |
|---|---|
| RANDALL KING, SCOTT BUTTERFIELD, ROBERT KOEHLER, MICHAEL MERX, AND BRUCE WALDMAN, *on behalf of themselves and others similarly situated*,<br><br>　　　　　Plaintiffs,<br><br>　v.<br><br>MONSANTO COMPANY,<br><br>　　　　　Defendant. | Case No. 4:26-cv-813-HEA |

### PLAINTIFFS' RESPONSE TO OBJECTORS' CONDITIONAL MOTION FOR BRIEFING SCHEDULE

### INTRODUCTION

Objectors' "Conditional Motion" asked this Court to refrain from transmitting a copy of its remand order to the Missouri state court. But the Court already has, and Objectors' Motion is now moot. The docket entries for both the Opinion, Memorandum and Order (Dkt. No. 93) and the Order of Remand (Dkt. No. 94) reflect that the Clerk transmitted copies to the Circuit Court for the City of St. Louis, Missouri on June 17, 2026, upon their entry on the docket and before Objectors filed their defective "Notice of Appeal." *See* Dkt. No. 93 (cc: St. Louis City Circuit Court); Dkt. No. 94 (cc: St. Louis City Circuit Court).

But even setting mootness aside, Objectors' theory was groundless. Objectors contended that their "Notice of Appeal" automatically stripped this Court of authority to mail the remand order. It did not, for two independent reasons. First, review of a CAFA remand order under 28 U.S.C. § 1453(c) is not available as of right; rather, "an appeal under CAFA is discretionary," and a party seeking to appeal must petition the court of appeals for permission under Federal Rule of

Appellate Procedure 5. *Froud v. Anadarko E&P Co.*, 607 F.3d 520, 522 (8th Cir. 2010). Objectors have not filed the petition required under CAFA and Fed. R. App. P. 5. Their Notice of Appeal is no substitute, and no appeal is pending that could have precluded this Court from transmitting its remand order. Second, even if Objectors had filed a petition seeking permission to appeal the remand order, that still would not have operated to automatically stay the remand.

Objectors' motive here was transparent. The Court determined that their removal was improper and ordered this case remanded to Missouri state court. Dkt. Nos. 93–94. Rather than accept that ruling, Objectors formulated yet another sham theory to try to keep this case in federal court long enough for the JPML to sweep it into the Roundup MDL.[1] That theory was meritless, but it is also now moot in light of the Court's transmittal of its remand order.

## BACKGROUND

On June 17, 2026, the Court granted the motions of Plaintiffs and Monsanto to remand this action to the Circuit Court for the City of St. Louis, Missouri. Dkt. No. 93 (Mem. Op. & Order); Dkt. No. 94 (Order of Remand). Both orders reflect that the Clerk transmitted a copy to the St. Louis City Circuit Court that same day. Dkt. No. 93 (cc: St. Louis City Circuit Court); Dkt. No. 94 (cc: St. Louis City Circuit Court). Hours later, Objectors filed a "Notice of Appeal" of the Order of Remand. Dkt. No. 95. They did not file—and have not filed—a petition for permission to appeal under § 1453(c)(1) and Rule 5 of the Federal Rules of Appellate Procedure. Objectors then filed their "Conditional Motion," erroneously arguing that their Notice of Appeal automatically stayed the remand order and directing the Court, without authority, to refrain from mailing the remand order to the Missouri state court or to set a briefing schedule. Dkt. No. 97.

---

[1] Earlier today, in light of this Court's remand, the JPML vacated the Conditional Transfer Order Objectors were counting on.

**ARGUMENT**

**I.      Objectors' Motion Is Moot.**

The only relief the Motion seeks is an order preventing the Court from mailing the certified copy of its remand order, or in the alternative a briefing schedule on that question. Dkt. No. 97 at 2. But the Clerk transmitted certified copies of both the Opinion, Memorandum and Order and the Order of Remand to the Circuit Court for the City of St. Louis, Missouri on June 17, 2026, simultaneously with their entry on the docket—before Objectors filed their "Notice of Appeal" or this Motion. *See* Dkt. No. 93 (cc: St. Louis City Circuit Court); Dkt. No. 94 (cc: St. Louis City Circuit Court). There is nothing left for the Court to withhold and no live dispute for briefing to resolve. The Motion should be denied as moot.

**II.     In Any Event, Objectors' Defective "Notice of Appeal" Never Precluded the Mailing.**

Even if the Motion were not moot, it would still fail, for two independent reasons.

First, no appeal was properly before the Eighth Circuit. Review of a CAFA remand order is not available as of right; it is discretionary, and a party seeking it must petition the court of appeals for permission under Federal Rule of Appellate Procedure 5. *Froud*, 607 F.3d at 522. Objectors filed only a "Notice of Appeal." Dkt. No. 95. That filing is a nullity: it satisfies neither § 1453(c)(1) nor Rule 5, and a notice of appeal that does not comply with Rule 5 has no legal effect. *See Leonard v. Boeing Co.*, No. C25-1551JLR, 2026 WL 733795, at *1 (W.D. Wash. Mar. 16, 2026) (party that "failed to comply with the 'particularized requirements' of 28 U.S.C. § 1453(c)(1)" could not obtain review of a remand order).

Second, even if Objectors had petitioned the Eighth Circuit for permission to appeal the Court's remand order, that petition would not have operated to automatically stay the Court's Order of Remand. As this Court has recognized, an appeal of a CAFA remand order does not stay the remand automatically; the appellant must move for and obtain a discretionary stay. *See Coburn*

3

*v. Kroger Co.*, No. 4:23-CV-1399 HEA, 2024 WL 4564215, at *1–*2 (E.D. Mo. Oct. 24, 2024) (Autrey, J.) (applying the discretionary four-factor standard to a request to stay a CAFA remand order pending appeal). The automatic-stay rule Objectors invoke comes from *Coinbase, Inc. v. Bielski*, 599 U.S. 736 (2023), which is confined to arbitration. 599 U.S. at 740; *California ex rel. Harrison v. Express Scripts, Inc.*, 139 F.4th 763, 768 (9th Cir. 2025). The lone decision extending *Coinbase* to remand orders, *City of Martinsville v. Express Scripts, Inc.*, 128 F.4th 265 (4th Cir. 2025), is, as the Ninth Circuit put it, "the first and only circuit in the country" to do so; the First, Second, Fifth, and Eleventh Circuits have all rejected an automatic stay of remand orders and applied the discretionary standard instead. *Harrison*, 139 F.4th at 766 & n.2 (collecting cases); *see also Horton v. Gen. Elec. Co.*, 817 F. Supp. 3d 455, 460–62 (W.D. Ky. 2025).

Notably, each of these cases involved an appeal from an order remanding a case removed under the *federal-officer statute*, which is taken as of right under § 1447(d). Even then, aside from the outlier in *City of Martinsville*, the courts assessed likelihood of success, irreparable harm, injury to other parties, and the public interest before deciding whether a stay was warranted; they did not impose one automatically. If an as-of-right federal-officer appeal does not stay a remand order automatically, Objectors' defective "Notice of Appeal" in a discretionary CAFA appeal certainly does not.

Objectors did not move for a stay; nor could they have demonstrated any likelihood of success on the merits, irreparable harm, injury to others, or public interest justifying a stay. Rather, they relied on their defective "Notice of Appeal," asserting that it automatically prevented this Court from mailing its Order of Remand to the Missouri state court. But a party seeking to halt a CAFA remand must petition the Eighth Circuit and obtain a discretionary stay under the four-factor standard. Objectors did neither.

4

**CONCLUSION**

Objectors' Motion is moot: the Clerk transmitted certified copies of the remand order to the St. Louis City Circuit Court upon entry on the docket and before this Motion was even filed. Objectors' argument that the Court must defer transmittal of its remand order also plainly incorrect: no appeal was ever properly before the Eighth Circuit, and even a proper petition seeking permission to appeal would not have automatically stayed the remand.


Dated: June 18, 2026                                                  Respectfully submitted,


                                                                      */s/ Eric D. Holland*
                                                                      Eric D. Holland #39935MO
                                                                      Patrick R. Dowd #64820MO
                                                                      **HOLLAND LAW FIRM**
                                                                      211 North Broadway
                                                                      Suite 2625
                                                                      St. Louis, MO 63102
                                                                      eholland@hollandtriallawyers.com
                                                                      pdowd@hollandtriallawyers.com

                                                                      *Attorneys for Plaintiffs Robert Koehler, Michael Merx, and Lead Counsel for the Putative Missouri Class*

                                                                      Michael Ketchmark #41018*
                                                                      **KETCHMARK & McCREIGHT, P.C.**
                                                                      11161 Overbrook Rd. #210
                                                                      Leawood, KS 66211
                                                                      mike@ketchmclaw.com

                                                                      *Attorneys for Plaintiffs Robert Koehler, Michael Merx, and Counsel for the Putative Missouri Class*

                                                                      Christopher A. Seeger*
                                                                      David R. Buchanan*
                                                                      Steven J. Daroci*
                                                                      **SEEGER WEISS LLP**
                                                                      55 Challenger Rd., 6th Floor
                                                                      Ridgefield Park, NJ 07660

973-639-9100
cseeger@seegerweiss.com
dbuchanan@seegerweiss.com
sdaroci@seegerweiss.com

*Attorneys for Plaintiffs Randall King, Scott Butterfield, and Bruce Waldman and Lead Counsel for the Putative Missouri Class*

Joseph F. Rice*
**MOTLEY RICE LLC**
28 Bridgeside Blvd.
Mount Pleasant, SC 29464
843.216.9000
jrice@motleyrice.com

Peter A. Kraus #65668
Charles Siegel*
**WATERS KRAUS PAUL & SIEGEL**
3141 Hood Street
Suite 700
Dallas, TX 75219
(214) 357-6244
kraus@waterskraus.com
siegel@waterskraus.com

*Attorneys for Plaintiffs Randall King, Scott Butterfield, and Bruce Waldman and Counsel for the Putative Missouri Class*

*\*Admitted pro hac vice*

## CERTIFICATE OF SERVICE

I hereby certify that on this 18th day of June, 2026, I caused the foregoing to be filed with the Clerk of this Court via the CM/ECF system, which will send a Notice of Electronic Filing to all counsel of record.

*/s/ Eric D. Holland*
Eric D. Holland #39935MO

6