**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| RANDALL KING, *et al.*, on behalf of themselves and others similarly situated, | ) ) ) | |
| Plaintiffs, | ) ) | Case No. 4:26-cv-813 |
| vs. | ) ) | |
| MONSANTO COMPANY, | ) ) | |
| Defendant. | ) | |

**<u>DEFENDANT'S OPPOSITION TO CONDITIONAL MOTION FOR BRIEFING SCHEDULE</u>**

i

There is no need or basis to "halt" further proceedings in this Court (Mot. 1) because there is no live proceeding left to pause:  The Court remanded the case to the State Court, and that remand has already taken effect.  Objectors ask the Court to refrain from transmitting its remand order to the State Court pursuant to 28 U.S.C. Section 1447(c), but the docket shows that occurred—before Objectors filed the purported Notice of Appeal that they claim divested the Court of jurisdiction.[1]  There is nothing to suspend, and no further briefing is warranted.

But even if the Court had not already transmitted the Order at the time the purported Notice of Appeal was filed, Objectors' assertion that Notice would have prevented the Court from acting in accordance with its own Order is baseless.  Once again, Objectors misstate the law and the facts in a meritless attempt to further delay and disrupt this Settlement Proceeding.

As this Court well knows, on June 17, 2026, the Court rejected Objectors' frivolous removal attempt under the Class Action Fairness Act ("CAFA"), 28 U.S.C. §§ 1332(d), 1453, 1711–15, finding that "Objectors are not defendants in the action and have no basis upon which to remove it" and ordering the matter returned to State Court.  Opinion, Memorandum, and Order (the "Opinion" or "Op.," ECF No. 93) at 3.  The Court simultaneously mailed its remand order to State Court, as reflected by the "cc" notation on the docket.  *See* ECF Nos. 93–94.  That remand order is, by statute, subject only to discretionary appellate review with the court of appeals' permission, CAFA § 1453(c)(1); *see also* 28 U.S.C. § 1447(d) ("An order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise" unless a statutory exception applies).  In order to appeal the remand order, Objectors would have to seek and obtain leave from the Eighth Circuit to proceed with their appeal, something they have not done.  *See*

---

[1] All capitalized terms used herein, but not defined have the same meaning as in Defendant's Memorandum in Support of its Motion to Remand, ECF No. 17, and Defendant's Reply in Support of Motion to Remand, ECF No. 88.

*Froud* v. *Anadarko E & P Co. P'ship*, 607 F.3d 520, 522–23 (8th Cir. 2010). Under the plain text of CAFA and Eighth Circuit precedent, unless and until Objectors seek and obtain permission to appeal, no appeal of the remand order exists. "[A]n appeal would exist only after the appellate court accepts the appeal." *Hart* v. *FedEx Ground Package Sys. Inc.*, 457 F.3d 675, 678 (7th Cir. 2006).

Accordingly, all of Objectors' cited cases are inapposite as they all concern appeals as of right, not discretionary appeals under CAFA. *See Griggs* v. *Provident Consumer Disc. Co.*, 459 U.S. 56, 56 (1982) (appeal as of right of grant of summary judgment); *City of Martinsville* v. *Express Scripts, Inc.*, 128 F.4th 265, 268 (4th Cir. 2025) (appeal as of right of order remanding a case removed under Section 1442, the federal officer removal statute); *Coinbase, Inc.* v. *Bielski*, 599 U.S. 736, 741 (2023) (interlocutory appeal as of right of an order denying motion to compel arbitration); *Ahlberg* v. *Chrysler Corp.*, 481 F.3d 630, 632 (8th Cir. 2007) (appeal as of right after a jury trial and final judgment); *State ex rel. Nixon* v. *Coeur D'Alene Tribe*, 164 F.3d 1102, 1105-07 (8th Cir. 1999) (appeal as of right after dismissing all parties from the case under Rules 12(b)(6) and 41(a)(1)(i)); *McCauley* v. *Halliburton Energy Servs., Inc.*, 413 F.3d 1158, 1160 (10th Cir. 2005) (appeal of a partial denial of motion to compel arbitration, as permitted by the Federal Arbitration Act, 9 U.S.C. § 16(a)(1)(C), which provides an appeal as of right); *S.E.C.* v. *Shanahan*, No. 4:06-MC-546 CAS, 2007 WL 1084205, at *1 (E.D. Mo. Apr. 11, 2007) (appeal as of right of final order). Objectors' assertion that the purported appeal they noticed is likewise "an appeal as of right" (Mot. 2) is flatly mistaken as explained above.

Unlike notices of appeals as of right in those cases, Objectors' purported Notice—appealing an intervention motion the Court did not decide and failing to comply with the requirements for appeal of a CAFA remand order—did not operate to divest the Court of its ability

2

to return the case to the State Court, nor did it stay its grant of remand.  *See Hendrich* v. *Medtronic, Inc.*, No. 4:14CV01635 AGF, 2014 WL 6607265, at *2 (E.D. Mo. Nov. 19, 2014) (denying stay of CAFA remand pending appeal); *Cap. One Bank (USA) N.A.* v. *Jones*, 710 F. Supp. 2d 634, 636 (N.D. Ohio 2010) (denying stay of remand pending CAFA appeal where the removing appellants were counterclaim defendants—who "may not remove" under CAFA—and noting that CAFA's "plain language and statutory structure . . . compel the conclusion that counterclaim defendants may not remove").  Indeed, that purported notice of appeal has no effect on the litigation.

Despite expressly appealing "from the Order of Remand," NOA, ECF No. 95 at 1; see Mot. 2 ("Objector Defendants filed a notice of appeal as to the remand order itself." (emphasis omitted)), Objectors appear to pretend that they somehow also could and did appeal from a denial of their intervention motion.  That is incorrect and irrelevant for at least three reasons.

First, the Notice of Appeal expressly challenges the remand ruling and no other order. NOA 1 ("Notice is hereby given that Objector Defendants appeal to the United States Court of Appeals for the Eighth Circuit from the Order of Remand entered in this action on June 17, 2026." (footnote omitted)); *cf.* Fed. R. App. P. 3(c)(1)(B) (notice of appeal must "designate the judgment—or the appealable order—from which the appeal is taken").  The Notice of Appeal merely observed that in granting the motion to remand the Court held that "Objector Defendants 'have no basis upon which to remove [the case]' because they 'are not defendants in the action.'" NOA 2 (quoting Op. at 3).  The reality that Objectors had not already successfully intervened is thus at most a reason why the remand motion was well-taken.  But federal law does not allow parties to appeal *reasons*; they can appeal only final judgments or otherwise-appealable judicial orders.

Second, Objectors could not appeal any order on Objectors' intervention because the Court did not rule on that intervention motion at all. The *only* ruling the Court issued in its Opinion—and thus the only order from which Objectors could even conceivably appeal—was the grant of remand. *See* Op. at 3. Despite this, Objectors' Notice conspicuously omits any reference to appealing a CAFA remand order and does not cite Section 1453(c)(1) even once. But the Court did not, and indeed could not, decide Objectors' intervention motion given that, under governing case law, it had to resolve remand first. *See Steel Co.* v. *Citizens for a Better Env't*, 523 U.S. 83, 94-95 (1998) (holding that "the first and fundamental question" a court must consider is whether the case falls within "the bounds of authorized judicial action"). Because a case that was improperly removed is not properly before the federal court, the Court "simply ha[d] no power to decide [the] motion to intervene" and instead first had to address remand. *Vill. of Oakwood* v. *State Bank & Tr. Co.*, 481 F.3d 364, 367 (6th Cir. 2007).

Objectors' motion to intervene has thus not been denied, but returned to the state court with the rest of the matter. *See Norwood* v. *Grocers Supply Co. Inc.,* No. 12-CV-751, 2013 WL 686410, at *1 (W.D. La. Feb. 25, 2013) ("Considering our granting of the Motion to Remand we have no jurisdiction to rule on the Motion to Intervene and therefore leave that for disposition by the state court if any further disposition is warranted under the circumstances."); *Carolina Care Plan, Inc.* v. *Auddie Brown Auto Sales of Florence, Inc.*, No. CIV.A.4:06 00792 RBH, 2007 WL 1034989, at *5 (D.S.C. Mar. 31, 2007) (granting motion to remand and holding that "the state court may rule upon . . . Intervenor's . . . motion to intervene"). There is simply no denial of intervention to be appealed.

Third, even if the Court had ruled on and denied Objectors' intervention motion and if their appeal had encompassed that hypothetical order, that would not have divested this Court of

4

jurisdiction over the entire case but only over the intervention issue itself.  As Objectors' own authority establishes, an appeal "confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Griggs*, 459 U.S. at 58. *Some* appeals divest the district court of jurisdiction altogether because the appeal encompasses the entire case.  That is true, for example, of the denial of a motion to compel arbitration: "Because the question on appeal is whether the case belongs in arbitration or instead in the district court, the entire case is essentially 'involved in the appeal.'"  *Coinbase, Inc.*, 599 U.S. at 741 (quoting *Griggs*, 459 U.S. at 58).  But it is *not* true of an appeal of the denial of intervention, which resolves only the question whether the would-be intervenor can join the case as a party.  *See, e.g.*, *Mausolf* v. *Babbit*, 125 F.3d 661, 665-66 (8th Cir. 1997) (noting that litigation on merits proceeded in district court while appeal of denial of intervention was ongoing); *City of Houston* v. *American Traffic Solutions, Inc.*, 668 F.3d 291, 293 (5th Cir. 2012) (similar); *Swoboda* v. *Manders*, No. CV 14-19-EWD, 2016 WL 2930962, at *2 n.27 (M.D. La. May 19, 2016) ("The Court recognizes that H&K's appeal divests it of jurisdiction over the issue of H&K's right to intervene under Fed. R. Civ. P. 24(a)(2); however, this Court retains jurisdiction over 'those aspects of the case' not involved in H&K's appeal, including Plaintiff's pending Second Motion to Compel.").  Such an appeal thus did not divest the district court of jurisdiction over any other aspect of the case (which was in any event already remanded to state court at the time the Notice was filed).

Objectors' abusive tactics have disrupted this proceeding enough.  The case is now back in State Court where it belongs.  To order further briefing here would "encourage gamesmanship by [Objectors] that would frustrate principles of judicial economy."  *See California by & through Harrison* v. *Express Scripts, Inc.*, 139 F.4th 763, 765–66 (9th Cir. 2025) (affirming denial of stay

5

of remand order pending appeal in federal officer removal statute context).  Objectors' request for further briefing should be denied.

Dated:  June 18, 2026                                      Respectfully submitted,


                                                           *s/ James F. Bennett*
                                                           James F. Bennett #46826(MO)
                                                           **DOWD BENNETT LLP**
                                                           7676 Forsyth Blvd., Ste. 1900
                                                           St. Louis, Missouri 63105
                                                           314-880-7300
                                                           jbennett@dowdbennett.com

                                                           Elaine P. Golin (admitted *pro hac vice*)
                                                           Carrie M. Reilly (admitted *pro hac vice*)
                                                           **WACHTELL, LIPTON, ROSEN & KATZ**
                                                           51 West 52nd Street
                                                           New York, New York 10019
                                                           212-403-1000
                                                           epgolin@wlrk.com
                                                           cmreilly@wlrk.com

                                                           Daniel W. Nelson (admitted *pro hac vice*)
                                                           **GIBSON, DUNN & CRUTCHER LLP**
                                                           1700 M Street N.W.
                                                           Washington, D.C. 20036
                                                           202-887-3687
                                                           dnelson@gibsondunn.com

                                                           *Attorneys for Defendant Monsanto Company*


7

## CERTIFICATE OF SERVICE

I hereby certify that on this 18th day of June 2026, the above and foregoing was filed electronically with the Clerk of the Court, to be served by operation of the Court's electronic filing system upon all counsel of record.

 s/ James F. Bennett
James F. Bennett #46826(MO)
**DOWD BENNETT LLP**
7676 Forsyth Blvd., Ste. 1900
St. Louis, Missouri 63105
314-880-7300
jbennett@dowdbennett.com

8