# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MISSOURI
### EASTERN DIVISION

RANDALL KING, SCOTT BUTTERFIELD
ROBERT KOEHLER, MICHAEL MERX,
AND BRUCE WALDMAN, *on behalf of
themselves and others similarly situated*,

          Plaintiffs,

v.

MONSANTO COMPANY,

          Defendant.

Case No. 4:26-CV-813-HEA

## REPLY TO CONDITIONAL MOTION FOR BRIEFING SCHEDULE

When a federal court issues an order remanding a case to state court, the clerk must mail "a certified copy of the order of remand" "to the clerk of the state court." 28 U.S.C. § 1447(c). That is typically accompanied by a docket entry noting that this statutorily required act has, in fact, occurred. *See, e.g., Degenhardt v. City of St. Louis, et al.*, Case No. 26-cv-00155 (E.D. Mo. Apr. 30, 2026) (docket entry showing "Certified copies of Orders 20 & 21 and a copy of the docket sheet were mailed to the Circuit Court of the Twenty-Second Judicial Circuit, St. Louis, Missouri"); *Estate of Lamberson v. Lamberson,* Case No. 2:25-cv-00076-HEA (E.D. Mo. Dec. 30, 2025) (docket entry showing "Certified Copy of docket sheet and entries 14 and 15 mailed to Judicial Circuit Court of Pike County, Missouri Probate Division 115 W Main St. Bowling Green MO 63334 as of this date."); *McKuin Property v. Dye,* Case No. 1:26-cv-00099-SNLJ (E.D. Mo. May 13, 2026) (docket entry showing "Certified copy of Memorandum and Order of Remand and Docket Sheet Mailed to Ripley County Circuit Clerk, 36th Judicial Circuit, 100 Courthouse Square, Suite #4, Doniphan, MO 63935.").

1

Via this motion, Objector Defendants are making one and only one point: that mailing has *not* occurred, at least if the docket is up to date. And that mailing now *must not* occur because Objector Defendants' notice of appeal, an event of jurisdictional significance, divests this Court of the power to act.  *State ex rel. Nixon v. Coeur D'Alene Tribe*, 164 F.3d 1102, 1106 (8th Cir.); *City of Martinsville, Virginia v. Express Scripts, Inc.*, 128 F.4th 265 (4th Cir. 2025) (holding that the filing of a notice of appeal prevents the district court from mailing the remand order to the state court).  If the Court is unsure of its power to mail a certified copy of the remand order, it should set a briefing schedule.

The Named Plaintiffs' opposition is non-responsive.  Their first argument (one also pressed by Monsanto[1]) is that mailing a certified copy of the remand order is unnecessary because the order already stated: "cc: St. Louis City Circuit Court" on the docket entry.  Dkt. No. 98 at 2. Objector Defendants are not asking this Court to undo an electronic "cc" to the state court.  They are advising the Court that it lacks jurisdiction to *mail* a *certified* copy.  If Named Plaintiffs' counsel, over-eager to collect their proposed $675 million in fees, wish to argue that an electronic "cc" is sufficient to return jurisdiction to the state court—the statutory text of §1447(c) notwithstanding—they are free to pursue that baseless position in St. Louis.  Objector Defendants will respond both in state court as well as the Eighth Circuit.[2]

---

[1] Dkt. No. 99 at 1 ("The Court simultaneously mailed its remand order to State Court, as reflected by the 'cc' notation on the docket.").

[2] It appears the docket entries may have been edited to include the "cc: St. Louis City Circuit Court" sometime after Objector Defendants filed their Notice of Appeal. When Objector Defendants received the initial notifications of the Courts' orders, neither Docket Texts included that reference. If this Court *mailed* the certified copy of the remand order *after* the notice of appeal was filed, it *must* recall that action to restore compliance with *Griggs*. *City of Martinsville,* 128 F.4th at 268.

Named Plaintiffs' and Monsanto's oppositions also pretend that they are the masters of Objector Defendants' appeal.  They claim the appeal was "discretionary" rather than "as of right," and thus requires a "petition to the court of appeals for permission."  Dkt No. 98 at 3; Dkt. No. 99 at 2 ("unless and until Objectors seek and obtain permission to appeal, no appeal of the remand order exists").  They make that argument ostensibly because discretionary appeals *do not* divest district courts of jurisdiction because the appeal has not been accepted at the time the notice is filed. Dkt. No. 98 at 3-4; Dkt. No. 99 at 1-2.

But a discretionary appeal is simply not the kind of appeal Objector Defendants filed. The notice of appeal makes crystal clear it is taken under 28 U.S.C. § 1291, not 28 U.S.C. § 1292 or 28 U.S.C. § 1453(c)(1).  Dkt. No. 95 at 2.  Hence there is no requirement to "petition the court of appeals for permission."  Dkt. No. 98 at 3; Dkt. No. 99 at 1-2 ("Objectors would have to seek and obtain leave from the Eighth Circuit to proceed with their appeal").  Once more, Named Plaintiffs are free to tell the Eighth Circuit that Objector Defendants *should have* filed for discretionary review, or *cannot* appeal this Court's decision to deny their motion to intervene. What Named Plaintiffs cannot do is ask this Court to play the role of the Eighth Circuit, resolve those appellate issues, return jurisdiction to itself, and use that self-arrogated judicial power to mail the certified copy of the remand order to the state court. *See Nixon*, 164 F.3d at 1106-07 ("[I]f an appeal is taken . . . and the issue or appealability is in doubt, the district court should stay its hand until we resolve the issue of our jurisdiction, or remand for further clarification of that issue."). Objector Defendants filed a notice of appeal *as of right*, whether the Named Plaintiffs and Monsanto approve of it or not.  The stay of further proceedings in this Court is automatic, requiring no further motion or showing.  *Id.* at 1106  ("Once a notice of appeal is filed, the district court is divested of jurisdiction over matters on appeal.").

Monsanto, for its part, at least acknowledges that Objector Defendants' notice of appeal was premised on their *right* to appeal the Court's denial of their motion to intervene. *See* Dkt. 99 at 2-3. But Monsanto argues the Court nonetheless retains jurisdiction to mail the remand order because Objector Defendants' notice of appeal "challenges the remand ruling and no other order." *Id.* at 3.  But that is just wrong: The appeal challenges both the remand order and the refusal to grant intervention. *See* Dkt. No. 95 at 2 (premising the appeal on the Court's "failure to grant a motion to intervene as of right").  Monsanto next contends that Objector Defendants "could not appeal" anything related to intervention because "the Court did not rule on that intervention motion at all."  Dkt. No. 99 at 4.  Monsanto is free to press that argument with the Eighth Circuit, as well as its contention that this Court was right to deny intervention because it lacked jurisdiction. All that matters for this Court is that the Notice of Appeal says in unambiguous terms that the Court's remand order necessarily denied Objector Defendants' alternative motion to intervene. *See* Dkt. 95 at 1-2.  That means Monsanto's arguments belong to the appellate court, not this one.

Monsanto's final argument—that Objector Defendants' appeal of the intervention denial did not divest the Court of jurisdiction over remand issues, Dkt. 99 at 4-5—is defied by Monsanto's earlier insistence that "the Notice of Appeal expressly challenges the remand ruling." *Id.* at 3. Here, denial of intervention was effectuated *by the order of remand,* which is the final order that disassociated the intervention motion from the district court. Monsanto cannot ask this Court to play the role of the Eighth Circuit to retain jurisdiction it plainly lacks. *Cf. Vasseur v. Sowell,* 930 F.3d 994, 996 (8th Cir. 2019) (when assessing appellate jurisdiction over a remand order, the Court of Appeals is "required to determine by independent review the actual grounds for the district court's remand order" (citation omitted)).

Again, if this Court is in any way unsure and is contemplating whether to mail the remand order in the face of a prior-in-time notice of appeal, Objector Defendants respectfully request a briefing schedule so that the parties may more fully explain the controlling case law.  To the extent that the Court is inclined to follow the *Griggs* rule, and take no further action pending appeal, this motion may be denied as moot.

Dated: June 19, 2026                                    Respectfully submitted,

/s/ Ashley Keller
Ashley Keller #6300171(IL) *pro hac vice*
**KELLER POSTMAN LLC**
150 N. Riverside Plaza, Suite 4100
Chicago, Illinois 60606
Ph: 312-741-5220
ack@kellerpostman.com

R. Prescott Sifton, Jr., #50550(MO)
**FRAZER PLC**
30 Burton Hills Blvd., Ste. 450
Nashville, TN 37215
Ph: (615)647-6464
scott@frazer.law

*Counsel for Objector Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 19th day of June 2026, the above and foregoing was filed electronically with the Clerk of the Court, to be served by operation of the Court's electronic filing system upon all counsel of record.

/s/ Ashley Keller
Ashley Keller #6300171(IL) *pro hac vice*
**KELLER POSTMAN LLC**
150 N. Riverside Plaza, Suite 4100
Chicago, Illinois 60606
Ph: 312-741-5220
ack@kellerpostman.com

6